## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAWN PIERCE,** | * | **CIVIL ACTION NO. 2:25-cv-02178** |
| | * | |
| | * | |
| **VERSUS** | * | **SECTION: L** |
| | * | |
| | * | |
| **TOWN OF GOLDEN MEADOW,** | * | **MAGISTRATE: 2** |
| **MAYOR JOEY BOUZIGA, POLICE** | * | |
| **CHIEF MICHELLE LAFONT, and** | * | |
| **OFFICER TRISTIN GASPARD,** | * | |
| | * | |

**************************************

### ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

NOW INTO COURT come Defendants, The Town of Golden Meadow ("Golden Meadow"), Mayor Joey Bouziga ("Mayor Bouziga"), Police Chief Michelle Lafont ("Chief Lafont") and Officer Tristin Gaspard (Officer Gaspard"), for the purpose of answering the Plaintiff's Complaint and asserting affirmative defenses, to-wit:

### I.    INTRODCUTION

1.    The allegations contained in paragraph 1 of Plaintiff's Complaint are denied.

2.    The allegations contained in paragraph 2 of Plaintiff's Complaint are denied for lack of information.

3.    The allegations contained in paragraph 3 of Plaintiff's Complaint are denied for lack of information.

4.    The allegations contained in paragraph 4 of Plaintiff's Complaint admitted in part and denied in part. It is admitted that Plaintiff posted and made public without the consent of Amber Sibley, photos of Amber Sibley obtained by Plaintiff without the consent of Amber Sibley. Any

1

remaining allegations not specifically admitted are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

5.      The allegations contained in paragraph 5 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

6.      The allegations contained in paragraph 6 of Plaintiff's Complaint are denied.

7.      The allegations contained in paragraph 7 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

8.      The allegations contained in paragraph 8 of Plaintiff's Complaint are denied.

9.      The allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10.     The allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

11.     The allegations contained in paragraph 11 of Plaintiff's Complaint are denied.

12.     The allegations contained in paragraph 12 of Plaintiff's Complaint are denied. Answering further, the Defendants specifically deny that they are liable for any of the alleged causes of action in this matter.

13.     The allegations contained in paragraph 13 of Plaintiff's Complaint are denied. Answering further, the Defendants specifically deny that they are liable for any of the alleged causes of action in this matter.

## II.      JURISDICTION

14.     The allegations contained in paragraph 14 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that this Court is the proper jurisdiction and venue for Plaintiff's lawsuit. Answering further, the Defendants deny any remaining allegations and specifically deny that they are liable for any of the alleged causes of action in this matter.

15.    The allegations contained in paragraph 15 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that this Court is the proper jurisdiction and venue for Plaintiff's lawsuit. Answering further, the Defendants deny any remaining allegations and specifically deny that they are liable for any of the alleged causes of action in this matter.

### III.    THE PARTIES

16.    The allegations contained in paragraph 16 of Plaintiff's Complaint are admitted upon information and belief.

17.    The allegations contained in paragraph 17 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Golden Meadow is a political subdivision of the State of Louisiana and the Golden Meadow Police Department is a law enforcement agency operating in the Eastern District of Louisiana. Any remaining allegations not specifically admitted are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

18.    The allegations contained in paragraph 18 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Mayor Joey Bouziga acted at all times pertinent herein in his official capacity as an employee for Golden Meadow. Any remaining allegations not specifically admitted are denied. Answering further, the Defendant specifically denies that he is liable for any of the alleged causes of action in this matter in any capacity.

19.    The allegations contained in paragraph 19 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Police Chief Michelle Lafont acted at all times pertinent herein in her official capacity as an employee for Golden Meadow. Any remaining allegations not specifically admitted are denied. Answering further, the Defendant specifically denies that she is liable for any of the alleged causes of action in this matter in any capacity.

20.     The allegations contained in paragraph 20 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

21.     The allegations contained in paragraph 21 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Officer Tristin Gaspard acted at all times pertinent herein in his official capacity as an employee for Golden Meadow. Any remaining allegations not specifically admitted are denied. Answering further, the Defendant specifically denies that he is liable for any of the alleged causes of action in this matter in any capacity.

22.     The allegations contained in paragraph 22 of Plaintiffs' Complaint are denied.

### IV.     FACTS

23.     The allegations contained in paragraph 23 of Plaintiff's Complaint are admitted upon information and belief.

24.     The allegations contained in paragraph 24 of Plaintiff's Complaint are admitted upon information and belief.

25.     The allegations contained in paragraph 25 of Plaintiff's Complaint are denied for lack of information.

26.     The allegations contained in paragraph 26 of Plaintiff's Complaint are admitted upon information and belief.

27.     The allegations contained in paragraph 27 of Plaintiff's Complaint are admitted upon information and belief.

28.     The allegations contained in paragraph 28 of Plaintiff's Complaint are denied for lack of information.

29.     The allegations contained in paragraph 29 of Plaintiff's Complaint are denied for lack of information.

30.     The allegations contained in paragraph 30 of Plaintiff's Complaint are denied for lack of information.

31.     The allegations contained in paragraph 31 of Plaintiff's Complaint are denied for lack of information.

32.     The allegations contained in paragraph 32 of Plaintiff's Complaint are denied for lack of information.

33.     The allegations contained in paragraph 33 of Plaintiff's Complaint are denied.

34.     The allegations contained in paragraph 34 of Plaintiff's Complaint are denied.

35.     The allegations contained in paragraph 35 of Plaintiff's Complaint are denied.

36.     The allegations contained in paragraph 36 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Plaintiff posted and made public without the consent of Amber Sibley photos of Amber Sibley obtained by Plaintiff without the consent of Amber Sibley, and included the cited caption. Any remaining allegations not specifically admitted are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

37.     The allegations contained in paragraph 37 of Plaintiff's Complaint are denied for lack of information.

38.     The allegations contained in paragraph 38 of Plaintiff's Complaint are denied for lack of information.

39.     The allegations contained in paragraph 39 of Plaintiff's Complaint are denied for lack of information.

40.     The allegations contained in paragraph 40 of Plaintiff's Complaint are denied for lack of information.

41.     The allegations contained in paragraph 41 of Plaintiff's Complaint are denied for lack of information.

42.     The allegations contained in paragraph 42 of Plaintiff's Complaint are denied for lack of information.

43.     The allegations contained in paragraph 43 of Plaintiff's Complaint are denied for lack of information.

44.     The allegations contained in paragraph 44 of Plaintiff's Complaint are denied for lack of information.

45.     The allegations contained in paragraph 45 of Plaintiff's Complaint are admitted to the extent that the Golden Meadow Police received a call from Mr. Rousse on July 8, 2025, otherwise denied.

46.     The allegations contained in paragraph 46 of Plaintiff's Complaint are denied as written as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

47.     The allegations contained in paragraph 47 of Plaintiff's Complaint are denied as written as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

48.     The allegations contained in paragraph 48 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

49.     The allegations contained in paragraph 49 of Plaintiff's Complaint are admitted to the extent that Chief Lafont reviewed a Facebook post made by the Plaintiff. Any remaining allegations not specifically admitted are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

50.     The allegations contained in paragraph 50 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

51.     The allegations contained in paragraph 51 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

52.     The allegations contained in paragraph 52 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

53.     The allegations contained in paragraph 53 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

54.     The allegations contained in paragraph 54 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

55.     The allegations contained in paragraph 55 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

56.     The allegations contained in paragraph 56 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

57.     The allegations contained in paragraph 57 of Plaintiff's Complaint are denied.

58.     The allegations contained in paragraph 58 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that an arrest warrant for the arrest of Dawn Pierce was obtained by Chief Lafont. Any remaining allegations are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

59.     The allegations contained in paragraph 59 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

60.     The allegations contained in paragraph 60 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

61.     The allegations contained in paragraph 61 of Plaintiff's Complaint are denied as written as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

62.    The allegations contained in paragraph 62 of Plaintiff's Complaint are denied.

63.    The allegations contained in paragraph 63 of Plaintiff's Complaint are denied for lack of information.

64.    The allegations contained in paragraph 64 of Plaintiff's Complaint are admitted upon information and belief.

65.    The allegations contained in paragraph 65 of Plaintiff's Complaint are denied for lack of information.

66.    The allegations contained in paragraph 66 of Plaintiff's Complaint are denied for lack of information.

67.    The allegations contained in paragraph 67 of Plaintiff's Complaint are denied for lack of information.

68.    The allegations contained in paragraph 68 of Plaintiffs' Complaint are denied for lack of information.

69.    The allegations contained in paragraph 69 of Plaintiffs' Complaint are denied for lack of information.

70.    The allegations contained in paragraph 70 of Plaintiffs' Complaint are denied for lack of information.

71.    The allegations contained in paragraph 71 of Plaintiffs' Complaint are denied for lack of information.

72.    The allegations contained in paragraph 72 of Plaintiffs' Complaint are admitted in part and denied in part. It is admitted that Chief Lafont investigated a complaint lodged by Amber Sibley; that after an investigation of the complaint made by Amber Sibley against Dawn Pierce, Chief Lafont determined that, based upon the information known to and perceived by Chief Lafont as a

8

result of the investigation conducted, there was sufficient probable cause to believe that Dawn Pierce had violated La. R.S. 14:283.2; and therefore, Chief Lafont prepared an affidavit and application for an arrest warrant to arrest Dawn Pierce for violation of La. R.S. 14:283.2. Once the arrest warrant was approved, executed and issued by Judge Rebecca Robicheaux, the Lafourche Parish Sheriff's Office was notified that an arrest warrant had been issued for Dawn Pierce. Dawn Pierce was subsequently arrested pursuant to the arrest warrant by a member of the Lafourche Parish Sheriff's Office. Any remaining allegations not specifically admitted are denied.

73.     The allegations contained in paragraph 73 of Plaintiff's Complaint are denied for lack of information.

74.     The allegations contained in paragraph 74 of Plaintiff's Complaint appear to be a summary statement of existing Louisiana state law and to the extent that it is accurate is admitted, otherwise denied.

75.     The allegations contained in paragraph 75 of Plaintiff's Complaint appear to be a summary statement of existing Louisiana state law and to the extent that it is accurate is admitted, otherwise denied.

76.     The allegations contained in paragraph 76 of Plaintiff's Complaint appear to be a summary statement of existing Louisiana state law and to the extent that it is accurate is admitted, otherwise denied.

77.     The allegations contained in paragraph 77 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that it is accurate is admitted, otherwise denied.

78.     The allegations contained in paragraph 78 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that it is accurate is admitted, otherwise denied.

79.     The allegations contained in paragraph 79 of Plaintiff's Complaint are denied.

80.     The allegations contained in paragraph 80 of Plaintiff's Complaint are denied.

81.     The allegations contained in paragraph 81 of Plaintiff's Complaint are denied.

82.     The allegations contained in paragraph 82 of Plaintiffs' Complaint are denied.

83.     The allegations contained in paragraph 83 of Plaintiff's Complaint are denied.

84.     The allegations contained in paragraph 84 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Chief Lafont's report contains a citation to a portion of La. R.S. 14:283.2 (2) which will speak for itself. Any remaining allegations not specifically admitted are denied.

85.     The allegations contained in paragraph 85 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Chief Lafont's report contains the referenced quote. Any remaining allegations not specifically admitted are denied.

86.     The allegations contained in paragraph 86 of Plaintiff's Complaint are denied.

87.     The allegations contained in paragraph 87 of Plaintiff's Complaint are denied.

88.     The allegations contained in paragraph 88 of Plaintiff's Complaint are denied.

89.     The allegations contained in paragraph 89 of Plaintiff's Complaint are denied.

90.     The allegations contained in paragraph 90 of Plaintiff's Complaint are denied.

91.     The allegations contained in paragraph 91 of Plaintiff's Complaint are denied.

92.     The allegations contained in paragraph 92 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Chief Lafont's application for a search warrant will speak for itself. Any remaining allegations not specifically admitted are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

93.     The allegations contained in paragraph 93 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

94.     The allegations contained in paragraph 94 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Chief Lafont's application for a search warrant will speak for itself. Any remaining allegations not specifically admitted are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

95.     The allegations contained in paragraph 95 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

96.     The allegations contained in paragraph 96 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Chief Lafont's application for a search warrant will speak for itself. Any remaining allegations not specifically admitted are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

97.     The allegations contained in paragraph 97 of Plaintiff's Complaint are denied.

98.     The allegations contained in paragraph 98 of Plaintiff's Complaint are denied.

99.     The allegations contained in paragraph 99 of Plaintiff's Complaint are denied.

100.     The allegations contained in paragraph 100 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that former Chief Dufrene was arrested for injuring public records, malfeasance in office and computer tampering. Any remaining allegations not specifically admitted are denied.

101.     The allegations contained in paragraph 101 of Plaintiff's Complaint are denied.

## V. CLAIMS FOR RELIEF

### First Cause of Action- Violation of the First Amendment
### Against All Defendants

102.     The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-101 as if fully set forth herein.

103.    The allegations contained in paragraph 103 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

104.    The allegations contained in paragraph 104 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

105.    The allegations contained in paragraph 105 of Plaintiff's Complaint are denied.

106.    The allegations contained in paragraph 106 of Plaintiffs' Complaint are denied.

107.    The allegations contained in paragraph 107 of Plaintiffs' Complaint are denied.

108.    The allegations contained in paragraph 108 of Plaintiffs' Complaint are denied.

109.    The allegations contained in paragraph 109 of Plaintiffs' Complaint are denied.

### *Second Cause of Action-* **False Arrest and Imprisonment**
### *Against All Defendants*

110.    The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-109 as if fully set forth herein.

111.    The allegations contained in paragraph 111 of Plaintiff's Complaint are denied.

112.    The allegations contained in paragraph 112 of Plaintiff's Complaint are denied.

113.    The allegations contained in paragraph 113 of Plaintiff's Complaint are denied.

114.    The allegations contained in paragraph 114 of Plaintiff's Complaint are denied.

115.    The allegations contained in paragraph 115 of Plaintiff's Complaint are denied.

116.    The allegations contained in paragraph 116 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that a neutral magistrate signed the warrant for Dawn Pierce's

arrest. Any remaining allegations not specifically admitted are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

117.    The allegations contained in paragraph 117 of Plaintiff's Complaint are denied.

### Third Cause of Action- Violation of Fourth Amendment Rights
### to be Free From Unlawful Search and Seizure
### *Against All Defendants*

118.    The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-117 as if fully set forth herein.

119.    The allegations contained in paragraph 119 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

120.    The allegations contained in paragraph 120 of Plaintiff's Complaint are denied.

121.    The allegations contained in paragraph 121 of Plaintiff's Complaint are denied.

122.    The allegations contained in paragraph 122 of Plaintiff's Complaint are denied.

123.    The allegations contained in paragraph 123 of Plaintiff's Complaint are denied.

124.    The allegations contained in paragraph 124 of Plaintiff's Complaint are denied.

125.    The allegations contained in paragraph 125 of Plaintiff's Complaint are denied.

### Fourth Cause of Action- Civil Conspiracy to Violate Civil Rights
### *Against All Individual Defendants*

126.    The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-125 as if fully set forth herein.

127.    The allegations contained in paragraph 127 of Plaintiff's Complaint are denied.

128.    The allegations contained in paragraph 128 of Plaintiff's Complaint are denied.

129.    The allegations contained in paragraph 129 of Plaintiff's Complaint are denied.

130.    The allegations contained in paragraph 130 of Plaintiff's Complaint are denied.

13

131.    The allegations contained in paragraph 131 of Plaintiff's Complaint are denied.

132.    The allegations contained in paragraph 132 of Plaintiff's Complaint are denied.

### Fifth Cause of Action- Municipal Liability for Police Misconduct (*Monell* Claim) *Against Defendant Town of Golden Meadow*

133.    The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-132 as if fully set forth herein.

134.    The allegations contained in paragraph 134 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

135.    The allegations contained in paragraph 135 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

136.    The allegations contained in paragraph 136 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

137.    The allegations contained in paragraph 137 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

138.    The allegations contained in paragraph 138 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

139.    The allegations contained in paragraph 139 of Plaintiff's Complaint are denied.

140.    The allegations contained in paragraph 140 of Plaintiff's Complaint are denied.

141.    The allegations contained in paragraph 141 of Plaintiff's Complaint are denied.

142.    The allegations contained in paragraph 142 of Plaintiff's Complaint are denied.

143.    The allegations contained in paragraph 143 of Plaintiff's Complaint are denied.

144.    The allegations contained in paragraph 144 of Plaintiff's Complaint are denied.

145.    The allegations contained in paragraph 145 of Plaintiff's Complaint are denied.

146.    The allegations contained in paragraph 146 of Plaintiff's Complaint are denied.

147.    The allegations contained in paragraph 147 of Plaintiff's Complaint are denied.

### *Sixth Cause of Action-* Violation of the Louisiana Constitution
### *Against All Defendants*

148.    The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-147 as if fully set forth herein.

149.    The allegations contained in paragraph 149 of Plaintiff's Complaint are denied.

### *Seventh Cause of Action-* State Torts of Assault and Battery
### *Against All Defendants*

150.    The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-149 as if fully set forth herein.

151.    The allegations contained in paragraph 151 of Plaintiff's Complaint are denied.

152.    The allegations contained in paragraph 152 of Plaintiff's Complaint are denied.

153.    The allegations contained in paragraph 153 of Plaintiff's Complaint are denied.

154.    The allegations contained in paragraph 154 of Plaintiff's Complaint are denied.

155.    The allegations contained in paragraph 155 of Plaintiff's Complaint are denied.

156.    The allegations contained in paragraph 156 of Plaintiff's Complaint are denied.

### *Eighth Cause of Action-* State Torts of Negligence
### and Negligent Infliction of Emotional Distress
### *Against All Defendants*

157.    The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-156 as if fully set forth herein.

158.    The allegations contained in paragraph 158 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

159.    The allegations contained in paragraph 159 of Plaintiff's Complaint are denied.

160.    The allegations contained in paragraph 160 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

161.    The allegations contained in paragraph 161 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

162.    The allegations contained in paragraph 162 of Plaintiff's Complaint are denied.

163.    The allegations contained in paragraph 163 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

164.    The allegations contained in paragraph 164 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

165.    The allegations contained in paragraph 165 of Plaintiff's Complaint are denied.

166.    The allegations contained in paragraph 166 of Plaintiff's Complaint are denied.

167.    The allegations contained in paragraph 167 of Plaintiff's Complaint are denied.

### *Ninth Cause of Action-* **State Tort of Intentional Infliction of Emotional Distress** *Against All Defendants*

168.    The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-167 as if fully set forth herein.

169.    The allegations contained in paragraph 169 of Plaintiff's Complaint are denied.

170.    The allegations contained in paragraph 170 of Plaintiff's Complaint are denied.

171.    The allegations contained in paragraph 171 of Plaintiff's Complaint are denied.

172.    The allegations contained in paragraph 172 of Plaintiff's Complaint are denied.

173.    The allegations contained in paragraph 173 of Plaintiff's Complaint are denied.

174.    The allegations contained in paragraph 174 of Plaintiff's Complaint are denied.

*Tenth Cause of Action-* **State Tort of False Imprisonment**
*Against All Defendants*

175.    The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-174 as if fully set forth herein.

176.    The allegations contained in paragraph 176 of Plaintiff's Complaint are denied.

177.    The allegations contained in paragraph 177 of Plaintiff's Complaint are denied.

178.    The allegations contained in paragraph 178 of Plaintiff's Complaint are denied.

179.    The allegations contained in paragraph 179 of Plaintiff's Complaint are denied.

180.    The allegations contained in paragraph 180 of Plaintiff's Complaint are denied.

181.    The allegations contained in paragraph 181 of Plaintiff's Complaint are denied.

182.    The allegations contained in paragraph 182 of Plaintiff's Complaint are denied.

*Eleventh Cause of Action-* **State Tort of Abuse of Process**
*Against All Defendants*

183.    The allegations contained in paragraph 183 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

184.    The allegations contained in paragraph 184 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

185.    The allegations contained in paragraph 158 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

186.    The allegations contained in paragraph 186 of Plaintiff's Complaint are denied.

187.    The allegations contained in paragraph 187 of Plaintiff's Complaint are denied.

188.    The allegations contained in paragraph 188 of Plaintiff's Complaint are denied as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

### *Twelfth Cause of Action-* Vicarious Liability
### *Against All Defendants*

189.    The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-188 as if fully set forth herein.

190.    The allegations contained in paragraph 190 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

191.    The allegations contained in paragraph 191 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

192.    The allegations contained in paragraph 192 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Officer Gaspard acted at all times pertinent herein in his capacity as an employee of the Town of Golden Meadow. Any remaining allegations not specifically admitted are denied.

193.    The allegations contained in paragraph 193 of Plaintiff's Complaint are denied as written as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

194.    The allegations contained in paragraph 194 of Plaintiff's Complaint are denied.

### *Thirteenth Cause of Action-* **Indemnity** *Against All Defendants*

195.    The Defendants reallege and incorporate by reference all responses to all preceding paragraphs 1-194 as if fully set forth herein.

196.    The allegations contained in paragraph 196 of Plaintiff's Complaint appear to be a summary statement of existing law and to the extent that they are accurate are admitted, otherwise denied.

197.    The allegations contained in paragraph 197 of Plaintiff's Complaint are denied as written as they contain or call for a legal conclusion based upon a substantive issue of fact and/or law.

198.    The allegations contained in paragraph 198 of Plaintiff's Complaint are denied.

199.    The allegations contained in paragraph 199 of Plaintiff's Complaint are denied.

## VI.    RELIEF REQUESTED

200.    The allegations contained in the Relief Requested paragraph including subparagraphs a, b, c, d, e, f, and g of Plaintiff's Complaint are denied.

## AFFIRMATIVE DEFENSES

And now come Defendants, The Town of Golden Meadow, Mayor Joey Bouziga, Police Chief Michelle Lafont and Officer Tristin Gaspard, for the purpose of asserting the following affirmative defenses to Plaintiff's Complaint:

1.

Defendants affirmatively plead that any of Plaintiff's alleged damages under Louisiana state law were not caused by any negligence and/or fault on the part of the Defendants. Rather,

any purported damages were caused solely due to the negligence and/or fault of the Plaintiff and/or of third parties, thereby barring or reducing any recovery.

2.

The Defendants plead as an affirmative defense La. R.S. 9:2798.1 which states that liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

3.

The Defendants plead as an affirmative defense the defense of sovereign immunity from suit and liability pursuant to La. R.S. 13:5101, et seq and La. C.C.P. Art. 1031, et seq. relative to suits against the state or in this case against Golden Meadow, a municipal subdivision of the State of Louisiana and/or its officers or employees.

4.

The Town of Golden Meadow asserts the affirmative defenses of the limit of costs provided in La.R.S. 13:5112, which statute is incorporated into and made a part of this Answer by reference.

5.

Defendants plead the comparative fault of Plaintiff and/or that of other persons and entities. Accordingly, the injuries complained of are a result of the fault of the Plaintiff and/or other third persons or entities. In the alternative, in the event that this Court finds any negligence and/or fault on the part of the Defendants, which is specifically denied, then the Defendants respectfully aver as an affirmative defense, the limitations set forth in Article 2324 of the Louisiana Civil Code

under which the Defendants cannot be liable for more than any degree of fault assessed to the Defendants and that the Defendants cannot be solidarily liable with any other party or non-party.

6.

The Defendants specifically aver any and all affirmative defenses specifically enumerated in Louisiana Code of Civil Procedure Article 1005 which are applicable to this case and/or any and all affirmative defenses recognized by this jurisprudence, and these are pled as if copied here *in extenso* to the extent they apply; and specifically, La. R.S. 9:2792.4, La. R.S. 9:2798.1, La.R.S. 13:5105, La. R.S. 13:5106; and La. R.S. 13:5112; *et seq.* as to any specific state law claims, if applicable.

7.

The Defendants hereby assert that any and all harm allegedly suffered by Plaintiff was the result of the decisions and actions of Plaintiff only, and that the Defendants did nothing to cause or contribute to any harm allegedly suffered by Plaintiff.

8.

The Defendants assert that none of the acts and/or actions by the Defendants support any type of valid *Monell* claim in this matter. *Monell v. New York City Dept. Of Social Services*, for 36 U.S. 658 (1978).

9.

The Defendants assert that Plaintiff cannot meet her burden of showing that under 42 U.S.C. §1983 a "direct causal link" between the alleged municipal actions or omissions and the deprivation of the federal rights (which is specifically denied). *Board of County Commissioners v. Brown*, 520 U.S. 397, 404 (1993). Further, the Town of Golden Meadow was not the "moving force" behind the alleged deprivation. *Kentucky v. Graham*, 473 U.S. 159 (1985).

10.

The Defendants assert that even if there has been a violation of constitutional law by a subordinate, which is specifically denied, the Town of Golden Meadow cannot be held liable under 42 U.S.C. §1983 solely on a *respondeat superior* theory of liability. *Board of County Commissioners*, 520 U.S. at 403.

11.

None of the acts and/or actions by the Defendants warrant a finding of vicarious liability on the part of the Town of Golden Meadow and they do not support a claim under a theory of *respondeat superior* pursuant to state law.

12.

The Defendants hereby reject and deny and claim of violation of Plaintiff's First Amendment rights as any and all actions or inactions by the Defendants were taken or done for legitimate governmental reasons in furtherance of the enforcement of and compliance with federal, state and/or local law; any alleged actions taken would have been taken regardless of Plaintiff's alleged protected speech, and were not taken for any reasons to violate or chill Plaintiff's First Amendment rights.

13.

The Defendants hereby assert as an affirmative defense that Plaintiff was not engaged in constitutionally protected conduct and there is no causal connection between any alleged protected conduct of the Plaintiff and any actions by the Defendants.

14.

The Defendants hereby specifically deny Plaintiff's allegations regarding false imprisonment and actions without due process of law and assert that any and all actions of the

Defendants were taken under authority of law, with probable cause and any actions of the Defendants at issue were sufficient to meet the requirements of due process.

15.

The Defendants assert that none of the acts or actions of these Defendants would warrant an award of punitive damages.

16.

The Defendants specifically aver that Plaintiff failed to mitigate any damages that she may have allegedly suffered, despite a legal duty to do so.

17.

The answering Defendants specifically deny both the extent and measure of damages alleged by the Plaintiff in this proceeding and specifically deny that they are in any manner legally liable for any extent and measure of damages alleged by the Plaintiff.

18.

The Defendants answering herein submit that the Plaintiff's claims are frivolous, groundless, and unreasonable. As such they are entitled to an award against the Plaintiff for all attorney's fees and costs expended in this matter pursuant to 42 U.S.C. §1988.

19.

The Plaintiff's allegations, even if proven, do not adequately disclose the deprivation of a protected federal constitutional right.

20.

The Defendants specifically plead the affirmative defense of qualified immunity under state and federal law and show that they are entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course and scope of their official duties.

21.

The Defendants aver as an affirmative defense that an officer's duty does not extend to require the officer to choose the "best" or even a "better" method; instead, an officer's duty is to choose a course of action which is reasonable under the circumstances. Plaintiff will be unable to meet her burden of proof for the state law claims under Louisiana duty-risk analysis.

22.

The Defendants hereby affirmatively plead that their actions were at all times warranted and performed in good faith and pursuant to and in compliance with any and all applicable state and/or federal laws, including, but not limited to those established under the U.S. Constitution and the Louisiana State Constitution.

23.

The Defendants specifically aver that Plaintiff's Complaint fails to state a viable cause of action against these particular Defendants in any capacity.

24.

The Defendants specifically aver as an affirmative defense that the investigation, arrest and subsequent detention of Plaintiff was made with probable cause and that the actions of all of the Defendants and non-Defendants involved were objectively reasonable under the particular circumstances known to them at the time.

25.

The Defendants specifically aver any and all affirmative defenses specifically enumerated in Louisiana Revised Statute 9:2800.10 and aver that the Defendants are immune from liability for injuries sustained by the Plaintiff while Plaintiff was engaged in the perpetration of a felony, and these are pled as if copied herein *in extenso* to the extent they apply.

26.

The answering Defendants specifically deny that they could be liable to the Plaintiff in any way other than in their official capacity as an employee of the Town of Golden Meadow as opposed to their status as a private individual.

27.

The individual Defendants plead that Plaintiff's Complaint fails to state any claims against them in their individual capacity, as all allegations, absent speculation and conjecture, describe acts or actions by these Defendants in their official capacity and within the course and scope of their employment with the Town of Golden Meadow.

28.

If Plaintiff was damaged as alleged, which is strictly denied, then the damages resulted from independent, intervening and/or superseding cause(s) for which these Defendants may not be held liable.

29.

The actions, if any, of the answering defendants were within their legal authority as law enforcement officers and were taken in good faith, without malice, with reasonable and probable cause with a sincere belief that said actions were legal and under laws believed to be constitutional and legally compliant in nature, and without any intention whatsoever to harm Plaintiff.

30.

The defendants specifically aver that the Plaintiffs' claims for false arrest and false imprisonment fail as a matter of law, because at all times pertinent herein, the Defendants acted reasonably under the circumstances known to them at the time and with probable cause as determined by a neutral magistrate. In addition, the arrest of the Plaintiff was and is supported by

probable cause such that Plaintiff failed to state a viable cause of action against the Defendants under Louisiana state and/or federal law.

31.

The Defendants specifically deny that any force was used by any Defendant during the lawful arrest of Plaintiff that was supported by legal probable cause.

32.

The Defendants specifically deny that any conspiracy took place to do any harm to Plaintiff and/or to violate her rights under state or federal law in any way.

33.

The Defendants specifically deny that they engaged in any activity whatsoever that could be deemed under Louisiana law to be abuse of process.

To the extent permitted by law, the Defendants reserve their right to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

WHEREFORE, Defendants, The Town of Golden Meadow, Mayor Joey Bouziga, Police Chief Michelle Lafont and Officer Tristin Gaspard, pray that there be a judgment of no liability issued in favor of the Defendants, The Town of Golden Meadow, Mayor Joey Bouziga, Police Chief Michelle Lafont and Officer Tristin Gaspard, and that after due proceedings are had, that all of the Plaintiff's claims be dismissed at her cost and with prejudice.

Dated: December 29, 2025

Respectfully submitted,

**NIELSEN & TREAS, LLC**

*/s/ Keith M. Detweiler*
Keith M. Detweiler, LA S.B. #20784
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500
F: (504) 603-0730
Email: kdetweiler@nt-lawfirm.com
*Counsel for Defendants, Town of Golden Meadow,*
*Mayor Joey Bouziga, Chief Michelle Lafont and*
*Officer Tristin Gaspard*