UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAWN PIERCE,<br><br>        Plaintiff<br>v.<br><br>TOWN OF GOLDEN MEADOW, et al.<br><br>        Defendants. | Case No. 25-cv-02178-EEF-DPC |

**Memorandum in Support of Motion to Compel Compliance with Subpoena**

In this false arrest case, Plaintiff served subpoenas for records on two third-party witnesses: Dylan Rousse and Amber Sibley. Those two witnesses are central to Plaintiff's claims, as they were the people who contacted the Golden Meadow police and mayor to precipitate Plaintiff's arrest.

In meeting and conferring, both Mr. Rousse and Ms. Sibley agreed to provide all but one category of documents requested by the subpoenas. But despite receiving two extensions of time, neither Mr. Rousse nor Ms. Sibley has provided any responsive documents at all.

Accordingly, Plaintiff moves to compel.

**A.     Factual and Procedural Background**

This case is about the false arrest and imprisonment Plaintiff Dawn Pierce. The background is that she has long had a rocky relationship with her nephew Dylan Rousse and his fiancée Amber Sibley. R. Doc. 1 at ¶ 2. After an argument, Ms. Pierce shared on Facebook a set of publicly-available lingerie photos of Ms. Sibley, which Ms. Sibley herself had posted online in an effort to advertise her OnlyFans business. *Id.* at ¶ 4. Ms. Pierce shared the publicly-available photos to show the discrepancy between the way Ms. Sibley described herself and the reality.

Mr. Rousse and Ms. Sibley responded by asking the Mayor and Police Chief of Golden

1

Meadow to arrest Ms. Pierce. *Id.* at ¶¶ 6-8. Initially, the police chief was reluctant to execute the arrest, texting that she did not "know if there was anything I could charge [Ms. Pierce] with." *Id.* at ¶ 7. After pressure from the mayor, however, the chief relented. The chief then provided false information to a judge to obtain a warrant for Ms. Pierce's arrest for "nonconsensual disclosure of a private image," even though (1) the images were public, not private; (2) the images would not meet the statutory criteria even if they were private, and (3) Ms. Pierce did not live in Golden Meadow. *Id.* at ¶¶ 72-101. Ms. Pierce was arrested and imprisoned shortly thereafter. The District Attorney refused all charges.

On October 22, 2025, Ms. Pierce filed suit against the Town of Golden Meadow and its officials. R. Doc. 1. On November 21, 2025, the parties held a Fed. R. Civ. Proc. 26(f) conference, opening discovery.

**B.**     **Plaintiff's Subpoenas and Efforts to Meet-and-Confer**

On November 24, 2025, Plaintiff propounded subpoenas on Mr. Rousse and Ms. Sibley. Ex. A, B. A process server personally served the subpoenas on November 30, 2025. Ex. C. December 23, 2025 was the return date for the subpoenas. Ex. A, B. The subpoenas requested:

- All emails, text messages, Facebook messages, Twitter DMs, or other forms of social media communication or other forms of written communication with Michelle Lafont, Joey Bouziga, Michael Kreamer, and/or Tristin Gaspard from December 1, 2024 to the present.

- All documents reflecting income or payments from OnlyFans.

- All emails, text messages, Facebook messages, Twitter DMs, or other forms of social media communication or other written communication containing any of the following non-case sensitive search terms: "got something cooking", "onlyfans", "dawn", "pierce", "friel", "arrest", "images", "bond", "joey", "bouziga", "mayor", "lafont", "private image". For any responsive text messages, provide the entire text thread that day: *i.e.*, all text messages in that chain from that day.

- All cellphone or other call history from January 7 to 10, 2025.

Ex. A, B.

On December 8, 2025, Mr. Rousse responded by email. He provided only a single screenshot of text messages that were not responsive to the subpoena, claimed to not possess other documents that "relate to the case" because they had changed their phone numbers, and refused to provide the requested OnlyFans documents. Ex. D at 5-6.[1] Ms. Sibley did not respond at all.

Plaintiff's counsel responded with a meet-and-confer email, explaining the requirements of the subpoena and that Mr. Rousse and Ms. Sibley might have to contact their phone providers if they changed phone numbers. *Id.* at 4-5.

When Mr. Rousse did not respond, Plaintiff's counsel sent another email on December 23, 2025, expressing the intent to file a motion to compel. *Id.* at 4. Shortly thereafter, Mr. Rousse provided his phone number. Plaintiff's counsel met and conferred with both Mr. Rousse and Ms. Sibley by telephone. Ex. F at ¶ 4. They agreed to provide all the subpoenaed documents, other than the OnlyFans documents, and agreed to obtain the documents from their phone provider if necessary. Ex F. at ¶ 4, Ex. E at 1. Plaintiff's counsel agreed to a one-week extension of the deadline. *Id.* Mr. Rousse responded with one image – a screenshot of Ms. Sibley's Twitter bio, with red scribbling on it. Ex. E at 1. This screenshot was not responsive to the subpoena.

Plaintiff's counsel has not heard from either Mr. Rousse or Ms. Sibley since. Ex. F at ¶ 7. On December 31, 2025, Plaintiff's counsel wrote: "You told me that you would provide any requested documents you have access to, other than the OnlyFans documents, by yesterday. You did not send me any of them. We consider all objections to be waived. Please provide all the documents by Monday to avoid court intervention." Ex. D at 1. Neither Mr. Rousse nor Ms. Sibley

---

[1] In the email, Mr. Rousse referred to having "spoken to our lawyer." But he never provided any information about that lawyer, and in a subsequent phone call he confirmed that they are not represented by counsel in this matter. Ex. F at ¶ 4.

3

responded.

To date, neither Mr. Rousse nor Ms. Sibley have provided any responsive documents. Ex. F at ¶ 5. Mr. Rousse has provided two screenshots, but neither is responsive to the subpoena. *Id.* Ms. Sibley has provided nothing at all. *Id.*

**C.    This Court should order Mr. Rousse and Ms. Sibley to produce the subpoenaed Records.**

Regarding a non-party witness, Federal Rule of Civil Procedure 45(g) provides that a noticing party "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." And although "the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions." Notes of Advisory Committee on Rule 45, *citing Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc.*, 893 F.2d 605 (3d Cir. 1990); *Fisher v. Marubent Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975); *Young v. United States ex rel Vuitton et Fils S.A.*, 481 U.S. 787, 821 (1987) (Scalia, J., concurring).

So powerful is the subpoena, that a "non-party might be guilty of contempt for refusing to obey a subpoena even though the subpoena manifestly overreaches the appropriate limits of the subpoena power." *Id.*, *citing Walker v. City of Birmingham*, 388 U.S. 307 (1967). A party may seek to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. Proc. 45(g). Before seeking a motion to compel, the movant must confer in good faith. Fed. R. Civ. Proc. 37(a)(1).

Here, Mr. Rousse and Ms. Sibley were properly served with subpoenas for documents. The requested documents are crucial to this case. The evidence already in Plaintiff's possession indicates that Mr. Rousse conspired with Defendant Bouziga false charges to bring against Ms.

Pierce regarding Ms. Sibley's photos. *See* R. Doc. 1 at ¶ 43 (Mr. Rousse boasting that "been talking to joey we got something cooking"). Accordingly, the requests for communications between Mr. Rousse, Ms. Sibley, and the Defendants are vital. And the requests for documents reflecting income or payments from OnlyFans – the only documents that Mr. Rousse and Ms. Sibley objected to providing – are important to show the jury the true nature of the photos: that they were not intimate, private photographs to be shared between spouses, but rather advertisements for Ms. Sibley's online erotic content business. *See* R. Doc. 1 at ¶ 4. If Ms. Sibley wishes, Plaintiff is willing to hold the income documents confidential pursuant to a standard confidentiality protective order.

In meeting-and-conferring, Mr. Rousse and Ms. Sibley oscillated between agreeable (agreeing to provide most of the requested documents) and taunting (writing "maybe I'd take y'all serious if you didn't have a client who is suing the city because she had to face the consequences of her own actions." Ex. E at 1.) They have not, however, provided <u>a single page of responsive documents</u>, despite agreeing to do so and being granted an extension.

Plaintiff is not seeking sanctions or a finding of contempt of subpoena at this time – only a court order to produce the subpoenaed documents. That is because Mr. Rousse and Ms. Sibley are unrepresented third-party witnesses, and also members of Plaintiff's family (however hostile). Accordingly, Plaintiff is only asking at this juncture that the Court order Mr. Rousse and Ms. Sibley to produce the subpoenaed documents. Only if they fail to do so after a direct court order will Plaintiff resort to a request for contempt and/or sanctions.

D.   **Conclusion**

Plaintiff respectfully asks the Court to issue an order directing Mr. Rousse and Ms. Sibley to provide the subpoenaed documents.

          Respectfully submitted,

          */s/ William Most*
          **HOPE PHELPS (La. Bar No. 37259)**
          **WILLIAM MOST (La. Bar No. 36914)**
          Most & Associates
          201 St. Charles Ave., Ste. 2500, #9685
          New Orleans, LA 70170
          Tel: (504) 500-7974
          Email: hopeaphelps@outlook.com
          ***Counsel for Plaintiff, Dawn Pierce***

<u>Certificate of Service</u>

I certify that on the date marked by EM/ECF above (January 6, 2026), I caused the above to be served on all parties by EM/ECF, and on Dylan Rousse and Amber Sibley by U.S. Mail and email.

          */s/ William Most*
          WILLIAM MOST (La. Bar No. 36914)