UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAWN PIERCE | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2178 |
| TOWN OF GOLDEN MEADOW, ET AL. | * | SECTION "C" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff Dawn Pierce's Motion to Compel Compliance with Subpoenas directed to non-parties Dylan Rousse and Amber Sibley.  ECF No. 7.  As of this date, no one has filed an Opposition Memorandum, and the deadline for same expired on Tuesday, January 13, 2026.  *See* E.D. La. L.R. 7.5.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel Compliance with Subpoenas is DENIED for the reasons stated herein.

### I.     BACKGROUND

Plaintiff filed this suit alleging false arrest and imprisonment after she was arrested for sharing publicly available lingerie photographs of her nephew's fiancée.  ECF No. 1.  After Plaintiff failed to receive all documents responsive to subpoenas duces tecum issued to the nephew and his fiancée, she filed this motion.  ECF Nos. 7-1, 7-2, 7-3.  Plaintiff's return of service reflects personal delivery of the subpoenas.  ECF No. 7-4.

### II.    APPLICABLE LAW AND ANALYSIS

Although the Court has the authority to grant a motion as unopposed, it is not required to

1

do so[1] and may properly consider the merits of even an unopposed motion.[2]

Rule 45 of the Federal Rules of Civil Procedure, which governs here, provides:

> **(c) Place of Compliance.**
> (1) **For a Trial, Hearing, or Deposition**. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> > (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> > (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> > > (i) is a party or a party's officer; or
> > > (ii) is commanded to attend a trial and would not incur substantial expense.
> 
> (2) **For Other Discovery**. A subpoena may command:
> > (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
> > (B) inspection of premises at the premises to be inspected.

Applying this rule, numerous courts have recognized that a subpoena that fails to identify a physical place for compliance is facially invalid:

> Several courts have held that a Rule 45 subpoena which fails to list a physical place of compliance—including those that list videoconferencing technology as the place of compliance for a deposition or that list an email address as the place of compliance for a document production —fail to comply with Federal Rule of Civil Procedure 45(a)(1)(A)(iii) and are facially void.[3]

Likewise, judges in this district have quashed subpoenas duces tecum that demand documents be produced to only an email address with no specified location for compliance.[4]

The subpoenas duces tecum issued in this case specify the place of compliance as: "Via

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).
[2] *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions).
[3] *Devine v. Judson*, No. 24-2911, 2025 WL 1908565, at *1 (S.D. Tex. July 10, 2025) (collecting cases); *accord. Capana Swiss Advisors, AG v. Rymark Inc.*, Misc. No. 25-153, 2025 WL 549357, at *6 (E.D. La. Feb. 19, 2025) ("The place of compliance must be a physical 'place,' with geographical limits and capable of being measured according to mileage." (citing *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 711 (N.D. Tex. 2017))).
[4] *Morris Bart, LLC v. MMA Law Firm*, Misc. No. 25-2301, 2025 WL 3649523, *5 (E.D. La. Dec. 17, 2025) (North, M.J.) (holding that document subpoena listing only an email address for compliance was facially invalid).

email to williammost@gmail.com". ECF Nos. 7-2, 7-3. The law is clear that a subpoena duces tecum that lists the place of compliance only as an email address, with no physical address or location included, is facially invalid. As such, the subpoenas duces tecum cannot be enforced. Plaintiff may, of course, re-issue valid subpoenas to obtain relevant information and seek enforcement of the valid subpoenas should the recipients fail to comply.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Dawn Pierce's Motion to Compel Compliance with Subpoenas (ECF No. 7) is DENIED.

New Orleans, Louisiana, this ___21st___ day of January, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE