

William Most <williammost@gmail.com>

# Pierce v. Town of Golden Meadow; Discovery Meet and Confer

**William Most** <williammost@gmail.com>　　　　　　　　　　　　　　　　　Thu, Feb 12, 2026 at 11:33 AM
To: Keith Detweiler <kdetweiler@nt-lawfirm.com>
Cc: Sarah Groves <sgroves@nt-lawfirm.com>, Laurie Reyes <LReyes@nt-lawfirm.com>, Veronica Barnes <veronicasuzannebarnes@gmail.com>, Hope Phelps <hopeaphelps@outlook.com>

Keith,

Thanks for conferring with me about discovery this morning. Here's a summary of what we discussed; please let me know if any of it does not capture our conversation.

- You are going to send me the attachment to "Email from Ray Triagle to Chief Lafont_Redacted.pdf"

- Bouziga is working on getting the call logs from his phone. You will follow up with the others (Lafont, Gaspard, Kreamer) about getting the call logs from their phones. They may need to contact the phone provider if the call logs are not on their phones.

- You'll provide a verification page for the Town.

- You'll ask if the Town has a policy about indemnifying employees.

- You have confirmed that GMPD has no policy manual; nothing that gives guidance to officers about what to do and how to do policing, regardless of whether it is called a "policy manual" or not.

- In our prior call, we discussed the absence of nearly any emails from the discovery production, even though it appears that the Amber images were transmitted by email. You said that defendants have confirmed that the photos were sent to them by email, but they can't find the emails, and think that possibly they may have been deleted. You have now double checked, and your clients confirm that the photos were transmitted electronically, but they cannot find the electronic communication. I mentioned that this raises spoliation concerns for me, particularly given the prior chief's indictment for desctruction of records. You said you'd have them keep looking.

- You are going to send me updated RFA responses regarding the ones that previously denied because they called "for a legal conclusion." (Rule 36 explicitly allows for RFAs regarding the "the application of law to fact.")

- We discussed resolving the issue of conflict-free counsel. Defendants' refusal to answer the indemnification question raises a necessary conflict. *See Nagle v. Gusman, et al.*, No. CIV.A. 12-1910, 2015 WL 1525827, at *1 (E.D. La. Apr. 2, 2015) ("First, in section 1983 cases, the interests of a municipality and the interests of its employees are adverse to one another.") Previously, I suggest we follow the procedure laid out in *Lou v. Lopinto*. You said you're conferring with your clients about this.

You indicated that you should have the above within two weeks, or at least we can circle back then.

Thank you!

--
William Most
Most & Associates
mostandassociates.com
(504) 509-5023