UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| DAWN PIERCE | * | | CIVIL ACTION |
| VERSUS | * | | NO. 25-2178 |
| TOWN OF GOLDEN MEADOW, ET AL. | * | | SECTION "C" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Dawn Pierce's Motion to Compel Compliance with Re-Issued Third Party Subpoenas directed to Dylan Rousse and Amber Sibley. ECF No. 12. As of this date, no one has filed an Opposition Memorandum, and the deadline for same expired on Tuesday, March 17, 2026. *See* ECF No. 13; E.D. La. L.R. 7.5.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel Compliance with Subpoenas is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    BACKGROUND

Plaintiff filed this suit alleging false arrest and imprisonment after she was arrested for sharing publicly available lingerie photographs of her nephew's fiancée. ECF No. 1. Plaintiff issued subpoenas but failed to receive any responsive documents. ECF Nos. 7-2, 7-3. The Court denied Plaintiff's first motion to compel compliance because the subpoenas were facially invalid. ECF No. 11.

Plaintiff re-issued the subpoenas duces tecum. ECF No. 12-1 at 4; No. 12-4; No. 12-5. Plaintiff's return of service reflects personal delivery of the subpoena to Ms. Sibley with domiciliary service as to Mr. Rousse. ECF No. 12-1 at 4; No. 12-10 at 1-2.

1

## II.    APPLICABLE LAW AND ANALYSIS

Although the Court has the authority to grant a motion as unopposed, it is not required to do so[1] and may properly consider the merits of even an unopposed motion.[2]

### A. The Subpoenas Duces Tecum

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure.  A party may command a non-party to produce materials, specifically "documents, electronically stored information, or tangible things" in the non-party's possession, custody, or control.  FED. R. CIV. P. 45(a)(1)(A)(iii).  Rule 45(b)(1) specifies the proper procedure to serve a subpoena:  "Serving a subpoena requires delivering a copy to the named person . . . ." In the Fifth Circuit, proper delivery requires personal delivery of the subpoena (not domiciliary service on anyone at the person's home).[3]  Even service on counsel is insufficient.[4]

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[2] *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions).

[3] *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires . . . personal delivery of the subpoena . . . ."); *Bradley v. Keymarket of New Orleans, Inc.*, 26 F.3d 1119, 1994 WL 286191, at *1 (5th Cir. 1994) (affirming district court's quashing the subpoenas not personally served (citing FED. R. CIV. P. 45(b)(1) ("Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law."))); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) ("[S]ervice is improper if the person himself is not served with a copy of the subpoena"); *Scottsdale Ins. Co. v. Educ. Mgmt., Inc.*, No. 04-1053, 2007 WL 2127798, at *3 (E.D. La. July 25, 2007) ("A majority of courts in various jurisdictions require personal service of a subpoena and will not allow the alternate forms of service." (citing WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE CIVIL § 2454 (2d ed. 1995) and cases cited therein)); *Omikoshi Japanese Rest. v. Scottsdale Ins. Co.*, No. 08–3657, 2008 WL 4829583, at *1 (E.D. La. Nov. 5, 2008) (applying personal service requirement to subpoena for records propounded upon a non-party); 9A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2454 (3d ed.) ("Contrary to the practice with regard to a service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness."); *see also Accurso v. Cooper Power Sys., Inc.*, No. 06-848S, 2008 WL 2510140, at *4–5 (W.D.N.Y. June 19, 2008) (holding that Rule 45's requirement of "delivering" means personal service because "the subpoena extends the Court's jurisdiction over an unwilling non-party and there must be assurance that this nonparty actual[ly] receives this Court process"); *F.T.C. v. Compagnie de Saint-Gobian-Pont-a-Mousson*, 636 F.2d 1300, 1312–13 (D.C. Cir. 1980) (distinguishing Rule 4 service by mail as effectuating notice from Rule 45 service as compulsion and noting that "compulsory process may be served upon an unwilling witness only in person").

[4] *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (per curiam).

A subpoena is a court order, and courts have inherent power to enforce compliance with their orders through civil contempt.[5] Rule 45(g) provides the remedy for noncompliance of a third party, but a contempt order is normally preceded by an order directing compliance or a showing of an excuse for noncompliance.[6] Thus, courts typically do not impose contempt sanctions without first ordering compliance with a subpoena.[7]

- In this case, the subpoenas duces tecum requested: All emails, text messages, Facebook messages, Twitter DMs, or other forms of social media communication or other forms of written communication with Michelle Lafont, Joey Bouziga, Michael Kreamer, and/or Tristin Gaspard from December 1, 2024 to the present.

- All documents reflecting income or payments from OnlyFans.

- All emails, text messages, Facebook messages, Twitter DMs, or other forms of social media communication or other written communication containing any of the following non-case sensitive search terms: "got something cooking", "onlyfans", "dawn", "pierce", "friel", "arrest", "images", "bond", "joey", "bouziga", "mayor", "lafont", "private image". For any responsive text messages, provide the entire text thread that day: i.e., all text messages in that chain from that day.

- All cellphone or other call history from January 7 to 10, 2025.

ECF No. 12-4 at 4; No. 12-5 at 4.  Plaintiff personally served Sibley but served Rousse via domiciliary service.  ECF No. 12-10 at 1-2.

The subpoenaed party has three means to challenge a subpoena duces tecum: (1) written objections, (2) a motion to quash or modify the subpoena, or (3) a protective order.  FED. R. CIV. P. 26(c)(1); FED. R. CIV. P. 45(d)(2)(B), (d)(3).  In this case, Sibley contacted Plaintiff's counsel and advised that they had "nothing to be produced."  ECF No. 12-1 at 4.  In response, Plaintiff's counsel explained the available avenues to obtain and produce the requested materials.  *Id.* at 5.  However, no further documents were produced.  Plaintiff argues that, while the Court may hold

---

[5] *Spallone v. United States*, 493 U.S. 265, 276 (1990).
[6] FED. R. CIV. P. 45(g); *see EB Holdings II Inc. v. Ill. Nat'l Ins. Co.*, No. 21-2650, 2021 WL 6134783, at *1 (S.D. Tex. Dec. 29, 2021) (quoting 9A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE CIVIL § 2465 (3d ed.)).
[7] FED. R. CIV. P. 45(g) advisory committee's notes to 2013 amendment.

Sibley and Rousse in contempt, she seeks only an order compelling the production of the responsive "crucial" documents at this time.  ECF No. 12-1 at 5.

### B. Domiciliary Service of a Rule 45 Subpoena is Improper

Plaintiff personally served the subpoena duces tecum on Amber Sibley.  ECF No. 12-10 at 2.  However, the subpoena duces tecum directed to Dylan Rousse was left with Sibley, apparently at their residence.  *Id.* at 1.  Because domiciliary service of a subpoena is not proper, the Court cannot enforce the subpoena as to Rousse.  The Court may, however, enforce the subpoena duces tecum served on Sibley.

### C. Subpoena Duces Tecum Requires Production of Responsive Documents Within the Person's Actual or Constructive Possession, Custody or Control

A party responding to a subpoena must produce responsive documents within that party's "possession, custody or control."  FED. R. CIV. P. 45(a)(1)(A)(iii).  This rule is broadly construed to encompass both actual and constructive possession.[8]  A person has "control" over documents or materials that she has the legal right to obtain even though she has no copy and even if the documents are owned or possessed by another.[9]  Thus, documents owned or possessed by agents, attorneys, hired consultants, and other third parties that the party can reasonably obtain the requested information from upon request fall within that person's custody or control.[10]  And when a person has access to emails or websites, with the ability to search and download from same, that

---

[8] *Cf. United States ex rel. Stewart v. La. Clinic*, No. 99-1767, 2003 WL 21283944 at *12 (E.D. La. June 4, 2003) (construing similar provision in Rule 34).

[9] *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[10] *Becnel*, 2018 WL 691649, at *3 (noting that control extends to materials over which the subject party has the legal right to obtain even though she has no copy (citing cases)); *Dillard Univ. v. Lexington Ins. Co.*, No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (finding materials provided to consultants within that party's possession, custody, or control (citing cases)).

legal right to possess those documents suffices to establish the requisite possession, custody or control to require production of same in response to a subpoena duces tecum.[11]

The burden is on the party seeking discovery to show that the other party has control over the material sought.[12] To establish control over documents in the possession of a non-party, the movant must typically show that there is "a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession."[13] Factors to consider in determining whether a party has "control" of materials include whether the party could secure the materials from the non-party to meet its own business needs or whether, by virtue of stock ownership or otherwise, the party effectively controls the other entity.[14] The key is whether the responding party could come into possession of the requested document upon reasonable inquiry.[15]

The subpoena duces tecum is neither overly broad nor does it seek information that has no relevance to any claim or defense or is disproportional to the needs of the case. Further, Sibley does not suggest that she has no legal right to obtain copies of her emails, website information, bank statements or other requested documents from the relevant vendors or for some reason is unable to download same. The Court will require that she do so.

## III.   CONCLUSION

Domiciliary service of the subpoena duces tecum on Rousse was improper; however,

---

[11] *See Torrey v. Infectious Diseases Soc'y of Am.*, 334 F.R.D. 79, 86 (E.D. Tex. 2019).

[12] *Washington-St. Tammany Elec. Coop., Inc. v. La. Generating, L.L.C.*, No. 17-405, 2019 WL 1804849, at *7 (M.D. La. Apr. 24, 2019) (citation omitted).

[13] *S. Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014) (citations omitted).

[14] *Benson v. Rosenthal*, No. 15-782, 2016 WL 1046126, at *4 (E.D. La. Mar. 16, 2016) (noting that, "[u]nder some circumstances courts interpret the control concept to go beyond whether the litigant has a legal right to obtain materials and focus on practical ability to obtain them." (citation omitted)).

[15] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *3–4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).

personal service of the subpoena duces tecum on Sibley is proper.  Although validly served, Sibley has not taken advantage of any of Rule 45's available options for responding to a subpoena duces tecum.  Further, Plaintiff has made a prima facie showing of noncompliance.  Because Sibley can access the sites or vendors to come into possession of the documents by downloading or requesting same, she is obligated to do so.  Thus, the Court will order Sibley to comply with the subpoena duces tecum and produce the requested documents within 30 days.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Dawn Pierce's Motion to Compel Compliance with Subpoenas (ECF No. 12) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Amber Sibley access the necessary sites and/or vendors to download and/or obtain the requested documents and produce same within 30 days.  FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS, INCLUDING BEING HELD IN CONTEMPT OF COURT.

New Orleans, Louisiana, this ___25th___ day of March, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

6