**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| DAWN PIERCE, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 25-cv-02178-WJC-DPC |
| | ) | |
| TOWN OF GOLDEN MEADOW, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**Memorandum in Support of Motion to Compel**

This case is about the false arrest and imprisonment Plaintiff Dawn Pierce by the Town of Golden Meadow.

Defendants arrested Ms. Pierce for sharing photos online under R.S. 14:283.2, a statute criminalizing the sharing of private images that show intimate parts or sexual conduct. The problem was that the photos that Ms. Pierce shared were *neither* private images *nor* did they show intimate parts or sexual conduct. In no sense did they meet the very specific statutory criteria of R.S. 14:283.2. It appears that Defendants were aware that Ms. Pierce's conduct was not criminal: the Chief of Police initially texted that she did not "know if there was anything I could charge [Ms. Pierce] with." But after the mayor was involved, the Chief of Police changed her mind and had officers arrest Ms. Pierce at her home in front of her children.

Given this fact pattern, it is highly relevant who spoke to who, when, and about what. For that reason, Plaintiff propounded Requests for Production including requests for the telephone call logs of Mayor Bouziga, Police Chief Lafont, and Officer Tristan Gaspard, and specific social media communications.

Defendants did not object to these requests. Indeed, defense counsel committed to providing the responsive documents. But after five months of meeting and conferring, the

defendants have not provided any call logs for Lafont or Gaspard, nor have they provided the Facebook messages between Gaspard and the complaining witness. It appears that defense counsel's clients are simply not providing him with the requested documents. Accordingly, this Court should compel the production of the documents and award reasonable attorney's fees.

**A.      Factual and Procedural Background**

This case is about the false arrest and imprisonment Plaintiff Dawn Pierce. Ms. Pierce has a rocky relationship with her nephew Dylan Rousse and his fiancée Amber Sibley. R. Doc. 1 at ¶ 2. One of Ms. Sibley's sources of income was selling erotic material on the website OnlyFans. *Id.* at ¶ 4. To advertise that business and draw in customers, Ms. Sibley posted publicly-available (*i.e.*, not behind a paywall) lingerie photos of herself on Twitter and OnlyFans. These photos did not show intimate parts or sexual conduct. After an argument, Ms. Pierce reshared on Facebook some of the photos that Ms. Sibley had publicly posted. *Id.* at ¶ 4. Ms. Pierce shared the publicly-available photos to show the discrepancy between the way Ms. Sibley described herself and the reality.

Mr. Rousse and Ms. Sibley responded by asking the Police Chief of Golden Meadow to arrest Ms. Pierce. *Id.* at ¶¶ 6-8. Initially, the police chief was reluctant to execute the arrest, texting that she did not "know if there was anything I could charge [Ms. Pierce] with." *Id.* at ¶ 7. After Mr. Rousse involved Mayor Bouziga, however, the chief relented. The chief then provided false information to a judge to obtain a warrant for Ms. Pierce's arrest for "nonconsensual disclosure of a private image," even though (1) the images were public, not private; (2) the images would not meet the statutory criteria even if they were private, and (3) Ms. Pierce did not live in Golden Meadow. *Id.* at ¶¶ 72-101. Ms. Pierce was arrested and imprisoned shortly thereafter. The District Attorney refused all charges.

On October 22, 2025, Ms. Pierce filed suit against the Town of Golden Meadow and its officials. R. Doc. 1. On November 21, 2025, the parties held a Fed. R. Civ. Proc. 26(f) conference,

opening discovery.

**B.      Plaintiff's Written Discovery and Efforts to Meet-and-Confer**

On November 30, 2026, after conducting a Fed. R. Civ. Proc. 26 conference, Plaintiff propounded a set of written discovery on Defendants. Ex. A at ¶ 2, Ex. B. Relevant here, that written discovery included a request for:

- All call logs and call history for July 7-10, 2025, for each individual Defendants' cell phone and any other phone used by any individual Defendant. (Ex. B at RFP 11.)

- All "social media messages" containing a range of keywords including "amber" and "sibley." (Ex. B at RFP 6.)

Defendants requested multiple extensions of time to respond, which Plaintiff agreed to. Ex. A at ¶ 3; Ex. E at 7-8.

On January 16, 2026, Defendants provided responses to the discovery requests. Ex. C. The produced documents did not include any call logs or social media messages. Ex. A at ¶ 4. Defendants did not object to either RFP 6 or 11; they just initially denied that any responsive documents existed. Ex. C at RFP 6, 11.

Over the next few months, the parties held a series of meet-and-confer meetings and correspondence. Ex E.  After an initial meet and confer, defense counsel asked for two weeks to supplement the responses. Id. at 8. Plaintiff's counsel agreed. Defense counsel then asked for an extension until February 10, 2026. Plaintiff's counsel agreed. When no production occurred, Defense counsel said he'd provide the supplement by Feb. 11, 2026. Ex. A at ¶ 6; Ex. E at 8.

On February 12, 2026, Defendants provided supplemental responses. Ex. D. Again, no objection was made to either RFP 6 or 11. There were glaring inadequacies in the discovery responses: a missing verification page, missing phone logs, missing emails, missing policies, etc. Ex. A at ¶ 8; Ex. E at 8. Regarding the call logs, defendants wrote that this "information has been

requested from Mayor Bouziga's employer as he is provided with use of a cell phone by his employer. There are no additional documents responsive to this request." Ex. D at RFP 11.

Later that day, counsel for the parties met, and defense counsel committed to providing the call logs from defendants Bouziga, Lafont, and Gaspard, and witness Kreamer (who now worked for the City). Ex. E at 11. The parties explicitly discussed that they might "need to contact the phone provider if the call logs are not on their phones." *Id*. Defense counsel indicated that he expected to have these documents within approximately two weeks, or "at least we can circle back then." Ex. E at 11.

Defense counsel did not provide the call logs within two weeks, so Plaintiff's counsel followed up on February 27, 2026. Ex. E at 10. On March 2, 2026, Defense counsel said he would "have another supplemental response to you tomorrow." *Id*. at 9. When no supplemental response was provided that day, Plaintiff's counsel followed up again. *Id*. On March 8, 2026, defense counsel said "I will have another supplemental response to you tomorrow." *Id*. at 8.  No such supplement was provided that day.

On March 10, 2026, defense counsel provided a supplemental response, including the call logs for Bouziga – but not Lafont, Gaspard, or Kreamer. Ex. A at ¶ 13. On March 11, 2026, counsel for the parties met again. Plaintiff's counsel pointed out that regarding the call logs, defendants "have given us Bouziga's, but we are missing Lafont, Gaspard, and Kreamer's. We need them from both their work phone and their private phones." Ex. E at 5.

On March 19, 2026, plaintiff's counsel followed up, asking where "do we stand on the call logs for Lafont, Gaspard, and Kreamer, for both their work phone and their private phones?" *Id*. at4. On March 24, 2026, plaintiff's counsel followed up again, asking again where the parties "stand on the call logs for Lafont, Gaspard, and Kreamer, for both their work phone and their private phones?" *Id*. at4.

4

On March 25, 2026, Plaintiff's counsel spoke to Ms. Sibley, who reported that she had had Facebook messenger communications with Defendant Gaspard. Plaintiff's counsel asked defendants to produce that, given that they would be responsive to RFP 6. Ex. A at ¶ 17, Ex. E at 4. On March 26, 2026, defense counsel wrote that "I am working on getting a response regarding the corporate rep, the additional call logs and the Facebook [messages]." Ex. A at ¶ 18.

On April 8, 2026, having received no supplemental production, Plaintiff's counsel wrote that it "has now been almost a month since our meet-and-confer. I am still trying to get the complete production of documents responsive to our discovery requests propounded in November 2025. By Monday, please provide . . . the private and official phone call logs for Lafont, Gaspard, and Kreamer, the Facebook messages, and the *Lou v. Lopinto* affidavits." *Id.* at 2. On April 9, 2026, defense counsel wrote "I have asked for dates and supplementation of the discovery as requested." *Id.* at 2.

On April 13, 2026, defense counsel reported that he had "not received any additional production" from his clients. *Id.* at 1. Given that these documents had been requested for five months, and given that there is no indication that any production is forthcoming, Plaintiff now files this motion to compel.

**C.    This Court should order Defendants to produce the requested call logs and Facebook messages, and award reasonable attorneys fees.**

Federal Rule of Civil Procedure 37(a) provides that a party seeking discovery may move for an order compelling production if a party fails to produce documents requested under Rule 34. The Federal Rules grant the district court broad discretion in ruling on discovery matters such as a motion to compel. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011). Federal courts have an established policy of liberal discovery. Fed. R. Civ. P. 26(b); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Dollar v. Long Mfg. N.C.*, Inc. 561 F.2d 613, 616 (5th Cir. 1977);

5

*Intralox, L.L.C. v. Habasit Belting, Inc.,* 2004 WL 2999097, at \*3 (E.D. La. Dec. 23, 2004).

Here, plaintiff propounded Requests for Production for Defendants' call logs and relevant social media messages. Defendants did not object in either their initial or supplemental responses. Indeed, Defendants' counsel committed to providing these documents. But aside from Mayor Bouziga's call logs, the Defendants have simply not produced the requested documents. They offer no justification for this, and they give no indication that these documents are forthcoming.

Furthermore, Fed. R. Civ. Proc. 37(a)(5)(A) states that if a motion to compel is granted the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court should only not grant such fees if (i) there was no good faith effort to obtain the information without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. The same is true if the "requested discovery is provided after the motion was filed." Id.

Here, Plaintiffs acted in good faith to obtain the information without court intervention by granting multiple extensions, holding multiple telephonic meet-and-confer conferences, and following up in writing multiple times. Undersigned counsel has certified under oath that "movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Ex. A at ¶ 23. There is no substantial justification – or even any explanation – for Defendants' failure to produce the documents. And no other circumstances make an award of expense unjust. Accordingly, this Court should grant Plaintiffs their reasonable attorneys fees, and direct them to file a fee petition.

**D.      Conclusion**

Plaintiff respectfully asks the Court to issue an order directing Defendants to provide the requested call logs of Chief Lafont and Officer Gaspard, to provide the Facebook messages between Officer Gaspard and Ms. Sibley, and to pay the reasonable attorneys fees incurred in bringing this motion.

Respectfully submitted,

*/s/ William Most*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Dawn Pierce***