**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

_____

DAWN PIERCE,                                )
                                            )
                                            )
                    Plaintiff               )
        v.                                  )   Case No. 25-cv-02178- WJC-DPC
                                            )
TOWN OF GOLDEN MEADOW, et al.               )
                                            )
            Defendants.                     )
_____

## <u>RULE 37.1 DECLARATION OF WILLIAM MOST IN SUPPORT OF MOTION TO COMPLEL COMPLIANCE WITH SUBPOENA</u>

I have personal knowledge of the matters stated in this declaration and could competently testify to the same if called upon to do so.

1.      My name is William Most. I am an attorney based in New Orleans, LA. I represent Plaintiff in the above-captioned case.

2.      On November 30, 2026, after conducting a Fed. R. Civ. Proc. 26 conference, Plaintiff propounded a set of written discovery on Defendants. A true and correct copy is attached as Ex. B.

3.      Defendants requested multiple extensions of time to respond, which Plaintiff agreed to.  See Ex. E at 7-8.

4.      On January 16, 2026, Defendants provided responses to the discovery requests. A true and correct copy is attached as Ex. C. The produced documents did not include any call logs or social media messages.

5.      Over the next few months, the parties held a series of meet-and-confer meetings and correspondence.  A true and correct copy of the correspondence is attached as Ex. E.

1

6.      After an initial meet and confer, defense counsel asked for two weeks to supplement the responses. Ex. E at 8. Plaintiff's counsel agreed. Defense counsel then asked for an extension until February 10, 2026. Plaintiff's counsel agreed. When that didn't occur, Defense counsel then said he'd provide the supplement by Feb. 11, 2026. Ex. E at 8.

7.      On February 12, 2026, Defendants provided supplemental responses. A true and correct copy is attached as Ex. D.

8.      There were glaring inadequacies in the discovery responses: a missing verification page, missing phone logs, missing emails, missing policies, etc. Ex. E at 8.

9.      Counsel for the parties met on February 12, 2026, and defense counsel committed to providing the call logs from defendants Bouziga, Lafont, and Gaspard, and witness Kreamer. Ex. E at 11. The parties explicitly discussed that they might "need to contact the phone provider if the call logs are not on their phones." *Id.*

10.     Defense counsel indicated that he expected to have these documents within approximately two weeks, or "at least we can circle back then." Ex. E at 11.

11.     Defense counsel did not provide the call logs within two weeks, so Plaintiff's counsel followed up on February 27, 2026. Ex. E at 10. On March 2, 2026, Defense counsel said he would "have another supplemental response to you tomorrow." *Id.* at 9.

12.     When no supplemental response was provided, Plaintiff's counsel followed up. *Id.* On March 8, 2026, defense counsel said "I will have another supplemental response to you tomorrow." Id. at 8.  No such supplement was provided that day.

13.     On March 10, 2026, Defense counsel provided a supplemental response, including the call logs for Bouziga – but not Lafont, Gaspard, or Kreamer.

14.     On March 11, 2026, counsel for the parties met again. Plaintiff's counsel pointed out that regarding the call logs, defendants "have given us Bouziga's, but we are missing Lafont, Gaspard, and Kreamer's. We need them from both their work phone and their private phones." Id. at 5.

15.     On March 19, 2026, plaintiff's counsel followed up, asking where "do we stand on the call logs for Lafont, Gaspard, and Kreamer, for both their work phone and their private phones?" *Id.* at 4.

16.     On March 24, 2026, plaintiff's counsel followed up again, asking where "do we stand on the call logs for Lafont, Gaspard, and Kreamer, for both their work phone and their private phones?" *Id.* at 4.

17.     On March 25, 2026, Plaintiff's counsel spoke to Ms. Sibley, who reported that she had had Facebook messenger communication with Defendant Gaspard. Plaintiff's counsel asked defendants to produce that. *Id.*

18.     On March 26, 2026, defense counsel wrote that "I am working on getting a response regarding the corporate rep, the additional call logs and the Facebook [messages]."

19.     On April 8, 2026, having received no supplemental production, Plaintiff's counsel wrote that it "has now been almost a month since our meet-and-confer. I am still trying to get the complete production of documents responsive to our discovery requests propounded in November 2025. By Monday, please provide . . . the private and official phone call logs for Lafont, Gaspard, and Kreamer, the Facebook messages, and the *Lou v. Lopinto* affidavits." *Id.* at 2.

3

20.     On April 9, 2026, defense counsel wrote "I have asked for dates and supplementation of the discovery as requested." *Id.* at 2.

21.     On April 13, 2026, defense counsel reported that he had "not received any additional production" from his clients. *Id.* at 1.

22.     Given that these documents had been requested for five months, and given that there was no indication that any production is forthcoming, Plaintiff now files this motion to compel.

23.     I certify that I have made a good faith effort to obtain the requested documents and responses without Court intervention.

24.     I swear under penalty of perjury that the foregoing is true and correct.

April 14, 2026

*/s/ William Most*
**WILLIAM MOST (La. Bar No. 36914)**

4