UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAWN PIERCE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-2178 |
| | ) | |
| TOWN OF GOLDEN MEADOW, ET AL. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANTS

Plaintiff Dawn Pierce propounds this First Set of Discovery Requests to Defendants, who are requested pursuant to Rules 36, 33, and 34 of the Federal Rules of Civil Procedure to respond to the following requests for admission, interrogatories, and requests for productions of documents separately and fully, in writing and under penalty of perjury, within thirty (30) days after service.

### DEFINITIONS AND INSTRUCTIONS

A. "Plaintiff" means the named Plaintiff, Dawn Pierce, in this case.

B. "Defendants" means the Town of Golden Meadow, Mayor Joey Bouziga, Chief Michelle Lafont, and Officer Tristin Gaspard, and any of their affiliates, successors, partners, business associates, employees, directors, agents, representatives, or anyone acting for or on his, her, or its behalf.

C. "You," "Your," means you and any representatives.

D. "Document" means all written or graphic matter of every kind or description, no matter how produced or reproduced, whether drafted or final, original or reproduction, signed, sent, received, redrafted, or reexecuted, including, but not limited, to: letters, words, correspondence,

1

memoranda, minutes, notes, symbols, or combinations of these; contracts, agreements, purchase or sale orders, memoranda of telephone conversations or personal conversations, diaries, desk calendars, inter-office communications, reports, studies, bills, receipts, loan sheets, checks, checkbooks, invoices, requisitions, personal expense accounts, or material similar to any of the foregoing; any handwriting, typewriting, printing (including computer printouts), photostating, photographing, slides, motion pictures, pictures, tape or sound recordings, recordings of any type; computer tapes, computer disks, and other computer records; and every other means of recording on any tangible thing, however denominated and by whomever prepared and to whomever addressed that are in your possession, custody, or control, or to which Rapides you have, have had, or can obtain access. Document does not include exact duplicates when originals are available but does include all copies made different from originals by virtue of any writing or notation or by virtue of being organized, maintained, stored, or categorized in a substantially different manner or place than the originals or other duplicates.

E. "Identify a Document" means to provide the title or designation of the document; a description of it (for example, letter, memorandum, report, etc.); its subject matter; the date on which the document was made or prepared; the number of pages of the document; the identity of the maker or author of the document; the identity of the person or persons to whom the document was directed; the identity of each person who signed it; the identity of each person who received it; the identity of the custodian of the document; and a precise description of the place where it is presently kept. If the document was, but is no longer, in the possession of or subject to the control of the respondent, provide a statement to that effect and include the manner and date of the document's disposition.

F. In lieu of identifying a document, supply the document or a true and correct copy of it with the answers to these interrogatories. The documents should be segregated or otherwise identified to reflect the number of the interrogatory or interrogatories to which the document is responsive.

G. "Person" includes natural persons, partnerships, limited partnerships, associations, leagues, corporations, and governments, including all instrumentalities, officers, agents, and sub-divisions; as well as trusts, funds, and all other business, legal, and artificial entities.

H. "Identify a Person" means to state his or her full name; present or last known residence address (including street name and number, city or town, and state or county); telephone number; his or her current or last occupation; business affiliation; job description; and the name, address, and telephone number of his or her current, or last employer. If any of the above-listed information is unknown, provide a statement to that effect as well as the corresponding last known such information.

I. To the extent any Defendant claims any privilege or other basis for withholding particular documents, the nature of the privilege and/or objection and a brief identification of the documents withheld should be provided so that the matter can properly be pursued in accordance with court procedures. If any documents requested have been lost, destroyed, or otherwise affected so as to make production difficult or impossible, the full circumstances should be explained in the response to the request.

J. Footnotes are only offered to aid the responding party, and are not part of the request.

K. Emails and other electronically stored information should be produced with Optical Character Recognition ("OCR") searchable text. Production should occur as single- or multi-page

TIFFs with load files for e-discovery software (i.e., DAT and OPT files), including metadata fields identifying natural document breaks and companion OCR and/or extracted text files. To the extent necessary, the parties may work together cooperatively to identify an alternate production format.

L. The following metadata fields should be produced for emails and other electronically stored information: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; hash value; bates beg/end value.

M. Text messages should be produced with OCR searchable text and time and date of each message visible in the produced set of text messages. OCR searchable text messages with time and date of each messages visible may be produced using software such as iMazing or Text Collector. To the extent necessary, the parties may work together cooperatively to identify an alternate production format.

## INTERROGATORIES TO TOWN OF GOLDEN MEADOW

**INTERROGATORY No. 1:** Identify by circling the portion of any photo related to the arrest of Dawn Pierce in which nipples, genitals, pubic area, or anus are visible.

**INTERROGATORY No. 2:** Identify any photo related to the arrest of Dawn Pierce depicting sexual conduct as defined in R.S. 14:283.2, and explain what the sexual conduct depicted is.

**INTERROGATORY No. 3:** Identify the number of times Golden Meadow police officers have executed arrests outside of the boundaries of Golden Meadow in 2024 and 2025.

## INTERROGATORIES TO CHIEF LAFONT

**INTERROGATORY No. 1:** Identify by circling the portion of any photo related to the arrest of Dawn Pierce in which nipples, genitals, pubic area, or anus are visible.

**INTERROGATORY No. 2:**Identify any photo related to the arrest of Dawn Pierce depicting sexual conduct as defined in R.S. 14:283.2, and explain what the sexual conduct depicted is.

**INTERROGATORY No. 3:**

Identify all law enforcement agencies at which you have been employed, including the dates of employment for each.

**INTERROGATORY No. 4:**

For each law enforcement agency identified in response to the prior interrogatory, identify your reason for leaving employment, including whether you were terminated or asked to resign.

**INTERROGATORY No. 5:**

Identify all instances in which you have been disciplined, reprimanded, written-up, suspended, or otherwise punished by any law enforcement employer.

**INTERROGATORY No. 6:** Identify any authority for sending a Golden Meadow police officer to execute an arrest outside of the boundaries of Golden Meadow.

**INTERROGATORY No. 7:** Identify any steps you took to determine if the photos attached to the arrest report for Dawn Pierce were publicly available or not.

**INTERROGATORY No. 8:**Identify all persons involved in obtaining a warrant for Dawn Pierce's arrest.

**INTERROGATORY No. 9:**Identify all facts supporting probable cause to arrest Dawn Pierce.

**INTERROGATORY No. 10:**      Identify the precise time you first received a complaint from Amber Sibley on July 8, 2025.

**INTERROGATORIES TO MAYOR BOUZIGA**

**INTERROGATORY No. 1:**Identify by circling the portion of any photo related to the arrest of Dawn Pierce in which nipples, genitals, pubic area, or anus are visible.

**INTERROGATORY No. 2:**Identify any photo related to the arrest of Dawn Pierce depicting sexual conduct as defined in R.S. 14:283.2, and explain what the sexual conduct depicted is.

<strong><u>INTERROGATORIES TO OFFICER GASPARD</u></strong>

**INTERROGATORY No. 1:**Identify by circling the portion of any photo related to the arrest of Dawn Pierce in which nipples, genitals, pubic area, or anus are visible.

**INTERROGATORY No. 2:**Identify any photo related to the arrest of Dawn Pierce depicting sexual conduct as defined in R.S. 14:283.2, and explain what the sexual conduct depicted is.

**INTERROGATORY No. 3:**

Identify all law enforcement agencies at which you have been employed, including the dates of employment for each.

**INTERROGATORY No. 4:**

For each law enforcement agency identified in response to the prior interrogatory, identify your reason for leaving employment, including whether you were terminated or asked to resign.

**INTERROGATORY No. 5:**

Identify all instances in which you have been disciplined, reprimanded, written-up, suspended, or otherwise punished by any law enforcement employer.

**INTERROGATORY No. 6:**

Identify all positions you have held as a member of the Golden Meadow Police Department, including any special assignments or task forces to which you were assigned.

**INTERROGATORY No. 7:**Identify all facts supporting probable cause to arrest Dawn Pierce.

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

**REQUEST FOR PRODUCTION No. 1:**

All documents which you intend to use to support any defense in this matter.

**REQUEST FOR PRODUCTION No. 2:**

All personnel files, including employment applications, write ups, complaints, and discipline, for each individual defendant and also for Michael Kreamer.

**REQUEST FOR PRODUCTION No. 3:** All employee or officer indemnification policies of the Town of Golden Meadow or the Golden Meadow Police Department.

**REQUEST FOR PRODUCTION No. 4:** All records retention schedules for the Town of Golden Meadow and the Golden Meadow Police Department.

**REQUEST FOR PRODUCTION No. 5:** All reports, investigations, memoranda, or other documents related to any alleged or suspected document destruction by Troy Dufrene.

**REQUEST FOR PRODUCTION No. 6:** All text messages, emails, social media messages, or other correspondence, from January 1, 2025 to the present, containing any of the following non-case-sensitive keywords: "dawn pierce" OR "ms. pierce" OR "pierce, dawn" OR "dylan" OR "rousse" OR "amber" OR "sibley" OR "silbey" OR "onlyfans" OR "283.2" OR "14:283.2" OR "nonconsensual disclosure" OR "private image" OR "see through" OR "see-through" OR "lawsuit" OR "sued" OR "cranney"

**REQUEST FOR PRODUCTION No. 7:** All text messages between Joey Bouziga and Dylan Rousse, from January 1, 2025 to the present.

**REQUEST FOR PRODUCTION No. 8:** All text messages between any individual Defendant and Michael Kreamer, from July 7, 2025 to the present.

**REQUEST FOR PRODUCTION No. 9:** All text messages and emails and other correspondence between any individual Defendant and any other individual Defendant from July 7 to July 21, 2025.

**REQUEST FOR PRODUCTION No. 10:** The entire Golden Meadow Police Department policy manual.

**REQUEST FOR PRODUCTION No. 11:** All call logs and call history for July 7-10, 2025, for each individual Defendants' cell phone and any other phone used by any individual Defendant.

**REQUEST FOR PRODUCTION No. 12:** All police reports reflecting arrests by Golden Meadow police officers outside of the boundaries of Golden Meadow.

**REQUEST FOR PRODUCTION No. 13:** All insurance policies covering the allegations of this lawsuit.

## REQUESTS FOR ADMISSION TO ALL DEFENDANTS

**REQUEST FOR ADMISSION No. 1:** The photos attached to the arrest documentation of Dawn Pierce were the basis for the arrest of Dawn Pierce.

**REQUEST FOR ADMISSION No. 2:** Some of the photos attached to the arrest documentation of Dawn Pierce said "SUBSCRIBE TO SEE USER'S POSTS."

**REQUEST FOR ADMISSION No. 3:** The notation "SUBSCRIBE TO SEE USER'S POSTS" indicates that a photo is not behind a paywall.

**REQUEST FOR ADMISSION No. 4:** The photos attached to the arrest documentation of Dawn Pierce were publicly available on the internet.

**REQUEST FOR ADMISSION No. 5:** In the photos attached to the arrest documentation of Dawn Pierce, Amber Sibley's nipples, public hair, and genitalia are not visible.

8

**REQUEST FOR ADMISSION No. 6:**    In the photos attached to the arrest documentation of Dawn Pierce, Amber Sibley is not wearing "see-through" clothing.

**REQUEST FOR ADMISSION No. 7:**    If the photos attached to the arrest documentation of Dawn Pierce were obtained from someone who had an OnlyFans account, then they were not obtained through unauthorized access.

**REQUEST FOR ADMISSION No. 8:**    The photos attached to the arrest documentation of Dawn Pierce were advertisements for Ms. Sibley's commercial enterprise of selling photos and videos.

**REQUEST FOR ADMISSION No. 9:**    The photos attached to the arrest documentation of Dawn Pierce do not show genitals, pubic area, or anus, or nipples.

**REQUEST FOR ADMISSION No. 10:**    The photos attached to the arrest documentation of Dawn Pierce do not show a person who is engaged in sexual conduct as defined as actual or simulated vaginal, anal, or oral sexual intercourse; deviant sexual intercourse; sexual bestiality; masturbation; sadomasochistic abuse; or exhibition of the genitals.

**REQUEST FOR ADMISSION No. 11:**    Michelle Lafont is a chief policymaker for the Golden Meadow Police Department.

**REQUEST FOR ADMISSION No. 12:**    Joey Bouziga is a chief policymaker for the Town of Golden Meadow.

**REQUEST FOR ADMISSION No. 13:**    Joey Bouziga works with Dylan Rousse.

**REQUEST FOR ADMISSION No. 14:**    For the sharing of an image to violate R.S. 14:283.2, the image must show a person "either whose intimate parts are exposed in whole or in part or who is engaged in sexual conduct."

9

**REQUEST FOR ADMISSION No. 15:**    For the sharing of an image to violate R.S. 14:283.2, the image must mage must have been obtained through unauthorized access or under circumstances in which a reasonable person would know or understand that the image was to remain private.

**REQUEST FOR ADMISSION No. 16:**    July 8, 2025 at 1243 hours is the time Amber Sibley spoke to dispatcher Ben Constant.

**REQUEST FOR ADMISSION No. 17:**    July 8, 2025 at 1243 hours is not the time Chief Michelle Lafont received a complaint from Amber Sibley.

**REQUEST FOR ADMISSION No. 18:**    The Town of Golden Meadow will fully indemnify each individual Defendant for all relief obtained through this litigation.

Respectfully submitted,

/s/ *William Most*
William Most (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
T: (504) 509-5023
F: (504) 414-6400
Email: williammost@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been transmitted by electronic mail to all parties, through their counsel of record, on November 30, 2025.

/s/ *William Most*
William Most

10