**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| _____ ) | |
| DAWN PIERCE, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. 25-cv-02178-WJC-DPC |
| ) | |
| TOWN OF GOLDEN MEADOW, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ | |

**Memorandum in Support of Motion to Determine Conflict-Free Counsel**

NOW INTO COURT, through undersigned counsel, come Plaintiffs Dawn Pierce, to ask that this Court take steps to ensure that Defendants have conflict-free counsel.

In this Section 1983 false arrest case, all four defendants – the Town of Golden Meadow, the Mayor, the Police Chief, and a police officer – are represented by the same lawyer.

But the nature of this case creates a structural potential conflict of interest between the defendants. That is because a "section 1983 claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), creates a potential conflict of interest between [an employer], and the employee defendants in their individual capacities."[1] And an unaddressed conflict threatens the integrity of the proceedings, and puts a successful Plaintiff's verdict at risk on appeal.[2] That potential conflict is particularly acute where – as is the situation in this case – the municipality has explicitly chosen not to fully indemnify the individual defendants.

---

[1] *Nagle v. Gusman*, No. CIV.A. 12-1910, 2015 WL 1525827, at *1 (E.D. La. Apr. 2, 2015)

[2] *See, e.g., Dunton v County of Suffolk*, 729 F.2d 903 (2nd Cir. 1984), *amended in part on other grounds*, 748 F.2d 69 (2nd Cir. 1984) (reversing plaintiffs' verdict against police officer in a civil rights case where the same attorneys represented the officer and municipality); *Shadid v. Jackson*, 521 F. Supp. 87 (E.D. Tex 1981) (finding joint representation of police officer and city by same attorney was conflict of interest, and that in the circumstances, the "potential for abuse is far too serious to permit joint representation to continue, even in the face of an apparent waiver signed by both of these defendants").

To ensure the integrity of the case, these actual or potential conflicts should be addressed before this case proceeds to trial. According to this Court's practice, one of two things should happen. Either (1) the defendants should obtain separate counsel or (2) the conflict should be eliminated through the *Lou* process ordered by this Court in a range of cases, in which defendants provided affidavits regarding indemnification and conflict waiver if they wish to all retain the same counsel.[3]

For the reasons above and as detailed in the attached memorandum, Plaintiff asks that this motion be granted.

Respectfully submitted,

*/s/ William Most*
HOPE PHELPS (La. Bar No. 37259)
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
*Counsel for Plaintiff, Dawn Pierce*

---

[3] *Lou v. Lopinto,* Case No. 21-80, R. Doc. 58 (E.D. La. Apr. 13, 2022); *see also Rogers v. Smith,* 20-cv-00517-JTM-JVM, R. Doc. 274 (E.D. La. Nov. 21, 2023).