Case 2:25-cv-02178-WJC-DPC    Document 20-3    Filed 04/21/26    Page 1 of 6

 **Gmail**

**William Most <williammost@gmail.com>**

## Pierce v. Town of Golden Meadow; Defendants' Discovery Responses

**William Most** <williammost@gmail.com>                                    Fri, Jan 23, 2026 at 4:24 PM
To: Keith Detweiler <kdetweiler@nt-lawfirm.com>
Cc: Laurie Reyes <LReyes@nt-lawfirm.com>, "veronicasuzannebarnes@gmail.com" <veronicasuzannebarnes@gmail.com>,
"hopeaphelps@outlook.com" <hopeaphelps@outlook.com>, Sarah Groves <sgroves@nt-lawfirm.com>

Keith,

Here are my notes, in bold, from our meet-and-confer:

- The absence of verification pages. **You said you'd provide within two weeks.**

- A timeline for producing the items that "have been requested" (e.g., the insurance policy, the records retention schedule, the text messages with Kreamer) **You said you'd provide in two weeks.**

- The absence of a policy manual. **You said you'd double check whether they have anything that gives guidance to officers about what to do and how to do policing, regardless of whether it is called a "policy manual" or not.**

- The absence of any emails whatsoever, even though it appears images were transmitted by email (e.g., see attached at pg. 19). **You said that defendants have confirmed that the photos were sent to them by email, but they can't find the emails, and think that possibly they may have been deleted. You'll work with them to double check.**

- Meet and confer about RFAs 13-15, which are denied because they call "for a legal conclusion." Rule 36 explicitly allows for RFAs regarding the "the application of law to fact." **Within two weeks you'll go back through these and see if any can be admitted.**

- The responses that say: "The Defendants have no documents responsive to this request other than the documents previously produced to Plaintiff through public records requests and by providing access to various phones." I don't understand what that means. Are you going to provide us access to their phones? **We cleared this up. You thought we'd already been provided access to phones; I explained that no, we'd just done some limited public records requests. Within two weeks, you'll have your clients run the searches for responsive documents.**

- Resolving the issue of conflict-free counsel. Defendants' refusal to answer the indemnification question raises a necessary conflict. *See Nagle v. Gusman, et al.*, No. CIV.A. 12-1910, 2015 WL 1525827, at *1 (E.D. La. Apr. 2, 2015) ("First, in section 1983 cases, the interests of a municipality and the interests of its employees are adverse to one another.") I'd suggest we follow the procedure laid out in *Lou v. Lopinto* (attached). **You said you're conferring with your clients about this. You'll get back to us in two weeks.**

- **Amber & Dylan's depositions: I explained that we're going to send deposition subpoenas along with the revised document subpoenas. We picked June 25 at 10:00am for Amber & Dylan's depos.**

Please let me know if any of this doesn't match your understanding.

Thank you!

On Fri, Jan 23, 2026 at 1:31 PM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

> I got back to the office earlier than expected if you want to do this early.
>
>
> Keith
>
>
> Keith M. Detweiler, Esq.

NIELSEN & TREAS, L.L.C.

3838 N. Causeway Bd.

Suite 2850

Metairie, La. 70002

Office (504)837-2500

Cell (504) 452-5912

## NIELSEN & TREAS, LLC

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. It you are not the intended recipient, please contact the sender by telephone or reply e-mail, and destroy all copies of the original message. Thank you.

**From:** William Most <williammost@gmail.com>
**Sent:** Thursday, January 22, 2026 8:45 AM
**To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Cc:** Laurie Reyes <LReyes@nt-lawfirm.com>; veronicasuzannebarnes@gmail.com; hopeaphelps@outlook.com; Sarah Groves <sgroves@nt-lawfirm.com>
**Subject:** Re: Pierce v. Town of Golden Meadow; Defendants' Discovery Responses

Perfect!

On Thu, Jan 22, 2026 at 8:42 AM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

3:30 works

Keith M. Detweiler, Esq.

NIELSEN & TREAS, L.L.C.

3838 N. Causeway Bd.

Suite 2850

Metairie, La. 70002

Office (504)837-2500

Cell (504) 452-5912

4/21/26, 8:58 AM
Case 2:25-cv-02178-WJG-DPC    Document 20-3    Filed 04/21/26    Page 3 of 6
Gmail - Pierce v. Town of Golden Meadow; Defendants' Discovery Responses

NIELSEN & TREAS, LLC

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. It you are not the intended recipient, please contact the sender by telephone or reply e-mail, and destroy all copies of the original message. Thank you.

**From:** William Most <williammost@gmail.com>
**Sent:** Thursday, January 22, 2026 8:41 AM
**To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Cc:** Laurie Reyes <LReyes@nt-lawfirm.com>; veronicasuzannebarnes@gmail.com; hopeaphelps@outlook.com; Sarah Groves <sgroves@nt-lawfirm.com>
**Subject:** Re: Pierce v. Town of Golden Meadow; Defendants' Discovery Responses

How about 3:30pm? If not, I'll call at 9:30am.

On Thu, Jan 22, 2026 at 8:40 AM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

> I have a meeting at 10:00 and another at 11:30 on the road. I can probably do 2:30pm if that works.
>
> Keith M. Detweiler, Esq.
>
> NIELSEN & TREAS, L.L.C.
>
> 3838 N. Causeway Bd.
>
> Suite 2850
>
> Metairie, La. 70002
>
> Office (504)837-2500
>
> Cell (504) 452-5912

NIELSEN & TREAS, LLC

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. It you are not the intended recipient, please contact the sender by telephone or reply e-mail, and destroy all copies of the original message. Thank you.

**From:** William Most <williammost@gmail.com>
**Sent:** Thursday, January 22, 2026 8:39 AM
**To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Cc:** Laurie Reyes <LReyes@nt-lawfirm.com>; veronicasuzannebarnes@gmail.com; hopeaphelps@outlook.com; Sarah Groves <sgroves@nt-lawfirm.com>
**Subject:** Re: Pierce v. Town of Golden Meadow; Defendants' Discovery Responses

Actually, make that 10:00am if that's no trouble.

On Tue, Jan 20, 2026 at 7:31 PM William Most <williammost@gmail.com> wrote:

> Great! I'll call you at 9:00am Friday.
>
> On Tue, Jan 20, 2026 at 12:53 PM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:
>
>> Good afternoon,
>>
>> I am available on Friday. I am also working on supplementing the responses and providing the verifications.
>>
>> Sincerely,
>>
>> Keith
>>
>> Keith M. Detweiler, Esq.
>>
>> NIELSEN & TREAS, L.L.C.
>>
>> 3838 N. Causeway Bd.
>>
>> Suite 2850
>>
>> Metairie, La. 70002
>>
>> Office (504)837-2500
>>
>> Cell (504) 452-5912

NIELSEN & TREAS, LLC

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. It you are not the intended recipient, please contact the sender by telephone or reply e-mail, and destroy all copies of the original message. Thank you.

**From:** William Most <williammost@gmail.com>
**Sent:** Friday, January 16, 2026 5:57 PM
**To:** Laurie Reyes <LReyes@nt-lawfirm.com>; Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Cc:** veronicasuzannebarnes@gmail.com; hopeaphelps@outlook.com; Sarah Groves <sgroves@nt-lawfirm.com>
**Subject:** Re: Pierce v. Town of Golden Meadow; Defendants' Discovery Responses

Keith,

When are you available next week to meet and confer about these responses? Issues to discuss:

- The absence of verification pages.

- A timeline for producing the items that "have been requested" (e.g., the insurance policy, the records retention schedule, the text messages with Kreamer)

- The absence of a policy manual

- The absence of any emails whatsoever, even though it appears images were transmitted by email (e.g., see attached at pg. 19).

- Meet and confer about RFAs 13-15, which are denied because they call "for a legal conclusion." Rule 36 explicitly allows for RFAs regarding the "the application of law to fact."

- The responses that say: "The Defendants have no documents responsive to this request other than the documents previously produced to Plaintiff through public records requests and by providing access to various phones." I don't understand what that means. Are you going to provide us access to their phones?

- Resolving the issue of conflict-free counsel. Defendants' refusal to answer the indemnification question raises a necessary conflict. *See Nagle v. Gusman, et al.*, No. CIV.A. 12-1910, 2015 WL 1525827, at *1 (E.D. La. Apr. 2, 2015) ("First, in section 1983 cases, the interests of a municipality and the interests of its employees are adverse to one another.") I'd suggest we follow the procedure laid out in *Lou v. Lopinto* (attached).

Thank you!

William

On Fri, Jan 16, 2026 at 3:32 PM Laurie Reyes <LReyes@nt-lawfirm.com> wrote:

> Good afternoon,
>
> Attached please find Answers to Interrogatories and Responses to Requests for Production of Documents on behalf of Defendants, Town of Golden Meadow, Mayor Joey Bouziga, Police Chief Michelle Lafont and Officer Tristin Gaspard.
>
> Thank you,
>
> Laurie Reyes

Paralegal

Nielsen & Treas, LLC

3838 N. Causeway Blvd., Suite 2850

Metairie, LA 70002

P: 504-837-2500

F: 504-603-0730

E-Mail: lreyes@nt-lawfirm.com

NIELSEN & TREAS, LLC

Attention: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Thank you.