4/21/26, 9:02 AM
Gmail - Pierce v. Town of Golden Meadow; Discovery Meet and Confer
Case 2:25-cv-02178-WJC-DPC   Document 20-4   Filed 04/21/26   Page 1 of 12



**William Most <williammost@gmail.com>**

## Pierce v. Town of Golden Meadow; Discovery Meet and Confer

**William Most** <williammost@gmail.com>                                      Tue, Apr 14, 2026 at 2:02 PM
To: Keith Detweiler <kdetweiler@nt-lawfirm.com>
Cc: Sarah Groves <sgroves@nt-lawfirm.com>, Laurie Reyes <LReyes@nt-lawfirm.com>, Veronica Barnes
<veronicasuzannebarnes@gmail.com>, Hope Phelps <hopeaphelps@outlook.com>

Keith,

Great, I'll look at those dates and work on a schedule of depositions. Since it seems like your clients just aren't providing
you the documents, I'll also get a motion to compel on file.

And has there been any progress on the *Lou v. Lopinto* affidavits? I've been raising this issue for three months now, and if
we don't have any affidavits in hand, it's probably time to just file the motion.

Thank you!

William

On Mon, Apr 13, 2026 at 3:57 PM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

> Good afternoon,
>
> Do you have any dates in mind for depositions? It looks like we should look to dates in May. I have availability on May
> 4, 5, 6, 7, 11 and 12. Let me know if any of these dates work and we can see what we can schedule. I have not
> received any additional production. I will formally send a response to RFP 14.
>
> Sincerely,
>
> Keith
>
> Keith M. Detweiler, Esq.
>
> NIELSEN & TREAS, L.L.C.
>
> 3838 N. Causeway Bd.
>
> Suite 2850
>
> Metairie, La. 70002
>
> Office (504)837-2500
>
> Cell (504) 452-5912

NIELSEN & TREAS, LLC

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. It you are not the intended recipient, please contact the sender by telephone or reply e-mail, and destroy all copies of the original message. Thank you.

---

**From:** Keith Detweiler
**Sent:** Thursday, April 9, 2026 8:28 AM
**To:** 'William Most' <williammost@gmail.com>
**Cc:** Sarah Groves <sgroves@nt-lawfirm.com>; Laurie Reyes <LReyes@nt-lawfirm.com>; Veronica Barnes <veronicasuzannebarnes@gmail.com>; Hope Phelps <hopeaphelps@outlook.com>; Sarah Groves <sgroves@nt-lawfirm.com>; Laurie Reyes <LReyes@nt-lawfirm.com>
**Subject:** RE: Pierce v. Town of Golden Meadow; Discovery Meet and Confer


Good morning,


I have asked for dates and supplementation of the discovery as requested. We are also preparing the affidavits as discussed.


Sincerely,


Keith


Keith M. Detweiler, Esq.

NIELSEN & TREAS, L.L.C.

3838 N. Causeway Bd.

Suite 2850

Metairie, La. 70002

Office (504)837-2500

Cell (504) 452-5912


NIELSEN & TREAS, LLC


CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. It you are not the intended recipient, please contact the sender by telephone or reply e-mail, and destroy all copies of the original message. Thank you.

**From:** William Most <williammost@gmail.com>
**Sent:** Wednesday, April 8, 2026 7:46 PM
**To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Cc:** Sarah Groves <sgroves@nt-lawfirm.com>; Laurie Reyes <LReyes@nt-lawfirm.com>; Veronica Barnes <veronicasuzannebarnes@gmail.com>; Hope Phelps <hopeaphelps@outlook.com>
**Subject:** Re: Pierce v. Town of Golden Meadow; Discovery Meet and Confer

Keith,

It has now been almost a month since our meet-and-confer. I am still trying to get the complete production of documents responsive to our discovery requests propounded in November 2025.

By Monday, please provide deposition dates for the 30b6 witnesses, Bouziga, Lafont, Gaspard, and Kreamer. Please also provide by that date the private and official phone call logs for Lafont, Gaspard, and Kreamer, the Facebook messages, and the *Lou v. Lopinto* affidavits.

RFP 14 also needs responding to, although it is not yet the deadline.

Thank you,

William

On Thu, Mar 26, 2026 at 9:36 AM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

> Good morning,
>
> I am working on getting a response regarding the corporate rep, the additional call logs and the Facebook massages.
>
> Keith
>
> Keith M. Detweiler, Esq.
>
> NIELSEN & TREAS, L.L.C.
>
> 3838 N. Causeway Bd.
>
> Suite 2850
>
> Metairie, La. 70002
>
> Office (504)837-2500
>
> Cell (504) 452-5912

NIELSEN & TREAS, LLC

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. It you are not the intended recipient, please contact the sender by telephone or reply e-mail, and destroy all copies of the original message. Thank you.

---

**From:** William Most <williammost@gmail.com>
**Sent:** Wednesday, March 25, 2026 11:21 AM
**To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Cc:** Sarah Groves <sgroves@nt-lawfirm.com>; Laurie Reyes <LReyes@nt-lawfirm.com>; Veronica Barnes <veronicasuzannebarnes@gmail.com>; Hope Phelps <hopeaphelps@outlook.com>
**Subject:** Re: Pierce v. Town of Golden Meadow; Discovery Meet and Confer

Keith,

I spoke to Amber today. She said that she had Facebook messenger communications with Tristin Gaspard, so please produce those.

Thank you,

William

On Tue, Mar 24, 2026 at 4:26 PM William Most <williammost@gmail.com> wrote:

> Keith,
>
> Where do we stand on the call logs for Lafont, Gaspard, and Kreamer, for both their work phone and their private phones?
>
> And have 30b6 witnesses been identified so we can start picking dates?
>
> William
>
> On Thu, Mar 19, 2026 at 1:00 PM William Most <williammost@gmail.com> wrote:
>
>> Keith,

Case 2:25-cv-02178-WJC-DPC    Document 20-4    Filed 04/21/26    Page 5 of 12

Where do we stand on the call logs for Lafont, Gaspard, and Kreamer, for both their work phone and their private phones?

And have 30b6 witnesses been identified?

William

On Wed, Mar 11, 2026 at 3:18 PM William Most <williammost@gmail.com> wrote:

Keith,

Thanks for meeting & conferring with me just now. My notes are in bold:

- You are going to send me the attachment to "Email from Ray Triagle to Chief Lafont_Redacted.pdf" **You said Chief Lafont says she can't find this attachment, but she recalls it was the statute. I pointed out that it seems that it was attached to Chief Lafont's email to you. You said you'd check to see, and produce it if you can find it. You subsequently provided it.**

- Bouziga is working on getting the call logs from his phone. You will follow up with the others (Lafont, Gaspard, Kreamer) about getting the call logs from their phones. They may need to contact the phone provider if the call logs are not on their phones. **You asked which ones were missing. You have given us Bouziga's, but we are missing Lafont, Gaspard, and Kreamer's. We need them from both their work phone and their private phones.**

- You'll provide a verification page for the Town. **Provided.**

- You'll ask if the Town has a policy about indemnifying employees. **Provided.**

- You have confirmed that GMPD has no policy manual; nothing that gives guidance to officers about what to do and how to do policing, regardless of whether it is called a "policy manual" or not.

- In our prior call, we discussed the absence of nearly any emails from the discovery production, even though it appears that the Amber images were transmitted by email. You said that defendants have confirmed that the photos were sent to them by email, but they can't find the emails, and think that possibly they may have been deleted. You have now double checked, and your clients confirm that the photos were transmitted electronically, but they cannot find the electronic communication. I mentioned that this raises spoliation concerns for me, particularly given the prior chief's indictment for desctruction of records. You said you'd have them keep looking. **You said that the Chief had asked an IT person to find the email, and they couldn't find it on the server. But I pointed out that the Chief refers to the email being in her gmail account - which isn't on the town server. You said you didn't know if the Chief had searched her gmail account, but you'll ask her. Subsequently you said "Chief Lafont had IT search her gmail account and work email account for correspondence and attachments from Amber but found nothing."**

- You are going to send me updated RFA responses regarding the ones that previously denied because they called "for a legal conclusion." (Rule 36 explicitly allows for RFAs regarding the "the application of law to fact.") **We discussed the issue of identifying the chief policymaker. I said we could add it to the list of 30b6 topics, do some questioning about it, and then confer to see if we can agree on who the chief policymaker is for the relevant acts.**

- We discussed resolving the issue of conflict-free counsel. Defendants' refusal to answer the indemnification question raises a necessary conflict. *See Nagle v. Gusman, et al.*, No. CIV.A. 12-1910, 2015 WL 1525827, at *1 (E.D. La. Apr. 2, 2015) ("First, in section 1983 cases, the interests of a municipality and the interests of its employees are adverse to one another.") Previously, I suggested we follow the procedure laid out in *Lou v. Lopinto*. You said you're conferring with your clients about this. **You said your clients had not agreed to full indemnification. Attached are**

Case 2:25-cv-02178-WJC-DPC Document 20-4 Filed 04/21/26 Page 6 of 12

the *Lou v. Lopinto* **order and affidavits. You said you should be able to get those in the next three weeks.**

**We met and conferred about the following 30b6 topics; the town is working on identifying witnesses:**

1. The Town/GMPD's actions to preserve or destroy documents and ESI, and its efforts to  search for documents and ESI responsive to discovery requests in this case (including but not limited to the emails transmitting the photos of Amber Sibley);

2. The Town/GMPD's indemnification policies and practices;

3. How the Town/GMPD provides guidance to police officers in the absence of a policy manual, and what guidance it provides;

4. Defendants' RFA responses;

5. Any examples of GMPD ever arresting anyone other than Dawn Pierce for a violation of R.S. 14:283.2;

6. The reasons for the presence or absence of probable cause to arrest Dawn Pierce for sharing photos of Amber Sibley, including whether the photos do or do not match the criteria of R.S. 14:283.2.

7. Who is the chief policymaker for various acts related to this case.

On Wed, Mar 11, 2026 at 7:47 AM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

Good morning,

See attached verification for the Town.

Keith

Keith M. Detweiler, Esq.

NIELSEN & TREAS, L.L.C.

3838 N. Causeway Bd.

Suite 2850

Metairie, La. 70002

Office (504)837-2500

Cell (504) 452-5912

NIELSEN & TREAS, LLC

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. It you are not the intended recipient, please contact the sender by telephone or reply e-mail, and destroy all copies of the original message. Thank you.

Case 2:25-cv-02178-WJC-DPC   Document 20-4   Filed 04/21/26   Page 7 of 12

**From:** William Most <williammost@gmail.com>
**Sent:** Tuesday, March 10, 2026 7:52 PM
**To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Cc:** Sarah Groves <sgroves@nt-lawfirm.com>; Laurie Reyes <LReyes@nt-lawfirm.com>; Veronica Barnes <veronicasuzannebarnes@gmail.com>; Hope Phelps <hopeaphelps@outlook.com>
**Subject:** Re: Pierce v. Town of Golden Meadow; Discovery Meet and Confer

Thanks, Keith. If you can, see if she can send the Gmail emails tonight.

On Tue, Mar 10, 2026 at 3:32 PM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

Good afternoon,

Please see the Second Supplemental Response to Discovery. We can discuss in the morning.

Keith

Keith M. Detweiler, Esq.

NIELSEN & TREAS, L.L.C.

3838 N. Causeway Bd.

Suite 2850

Metairie, La. 70002

Office (504)837-2500

Cell (504) 452-5912

NIELSEN & TREAS, LLC

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. It you are not the intended recipient, please contact the sender by telephone or reply e-mail, and destroy all copies of the original message. Thank you.

**From:** William Most <williammost@gmail.com>
**Sent:** Tuesday, March 10, 2026 9:09 AM
**To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Cc:** Sarah Groves <sgroves@nt-lawfirm.com>; Laurie Reyes <LReyes@nt-lawfirm.com>; Veronica Barnes <veronicasuzannebarnes@gmail.com>; Hope Phelps

<hopeaphelps@outlook.com>
**Subject:** Re: Pierce v. Town of Golden Meadow; Discovery Meet and Confer

Keith,

This is to ask you to meet at 3:00pm today or 9:00am tomorrow to meet and confer about discovery.

We propounded these discovery requests in November 2025. After multiple extensions, you provided discovery responses that were plainly inadequate. There were no verification pages; phones had not been searched; responses indicated a clear conflict per *Nagle v. Gusman*, etc.

You asked for two weeks to supplement. Then you asked for an extension until Feb 10. You didn't supplement by then. Then you said you'd provide them by the end of Feb 11. You didn't supplement by then. You provided a supplement on Feb 12.

We met and conferred on Feb. 12, because there were still glaring inadequacies: a missing verification page, missing phone logs; missing emails, missing policies, and you still had not resolved the issue of conflict-free representation.

You asked for two more weeks, but after two weeks you didn't provide anything additional. Then, on March 8, you said "I will have another supplemental response to you tomorrow."

It is March 10, and you have not sent anything more. We have been extraordinarily patient, and agreed to every extension you requested. But I am at the end of my patience.

Let's have a final meet and confer at 3:00pm today or 9:00am tomorrow morning, and if the issues haven't been resolved, we'll move to compel and file a motion for conflict-free counsel. Let's also meet and confer about the following 30b6 topics:

1. The Town/GMPD's actions to preserve or destroy documents and ESI, and its efforts to  search for documents and ESI responsive to discovery requests in this case (including but not limited to the emails transmitting the photos of Amber Sibley);

2. The Town/GMPD's indemnification policies and practices;

3. How the Town/GMPD provides guidance to police officers in the absence of a policy manual, and what guidance it provides;

4. Defendants' RFA responses;

5. Any examples of GMPD ever arresting anyone other than Dawn Pierce for a violation of R.S. 14:283.2;

6. The reasons for the presence or absence of probable cause to arrest Dawn Pierce for sharing photos of Amber Sibley, including whether the photos do or do not match the criteria of R.S. 14:283.2.

Thank you,

Case 2:25-cv-02178-WJC-DPC   Document 20-4   Filed 04/21/26   Page 9 of 12

William

On Fri, Mar 6, 2026 at 2:21 PM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

Good afternoon,

I will have an updated supplement to you on Monday. Have a great weekend!

Sincerely,

Keith

Keith M. Detweiler, Esq.

NIELSEN & TREAS, L.L.C.

3838 N. Causeway Bd.

Suite 2850

Metairie, La. 70002

Office (504)837-2500

Cell (504) 452-5912

NIELSEN & TREAS, LLC

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. It you are not the intended recipient, please contact the sender by telephone or reply e-mail, and destroy all copies of the original message. Thank you.

**From:** William Most <williammost@gmail.com>
**Sent:** Friday, March 6, 2026 5:16 AM
**To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Cc:** Sarah Groves <sgroves@nt-lawfirm.com>; Laurie Reyes <LReyes@nt-lawfirm.com>; Veronica Barnes <veronicasuzannebarnes@gmail.com>; Hope Phelps <hopeaphelps@outlook.com>
**Subject:** Re: Pierce v. Town of Golden Meadow; Discovery Meet and Confer

Keith,

We didn't receive anything. What's the status?

William

On Mon, Mar 2, 2026 at 12:22 PM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

Good afternoon,

I will have another supplemental response to you tomorrow.

Sincerely,

Keith

Keith M. Detweiler, Esq.

NIELSEN & TREAS, L.L.C.

3838 N. Causeway Bd.

Suite 2850

Metairie, La. 70002

Office (504)837-2500

Cell (504) 452-5912

NIELSEN & TREAS, LLC

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. sec. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. It you are not the intended recipient, please contact the sender by telephone or reply e-mail, and destroy all copies of the original message. Thank you.

**From:** William Most <williammost@gmail.com>
**Sent:** Friday, February 27, 2026 10:09 AM
**To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Cc:** Sarah Groves <sgroves@nt-lawfirm.com>; Laurie Reyes <LReyes@nt-lawfirm.com>; Veronica Barnes <veronicasuzannebarnes@gmail.com>; Hope Phelps <hopeaphelps@outlook.com>
**Subject:** Re: Pierce v. Town of Golden Meadow; Discovery Meet and Confer

Keith,

What's the status of these items? We propounded these discovery requests three months ago.

William

On Thu, Feb 12, 2026 at 11:33 AM William Most <williammost@gmail.com> wrote:

Keith,

Thanks for conferring with me about discovery this morning. Here's a summary of what we discussed; please let me know if any of it does not capture our conversation.

- You are going to send me the attachment to "Email from Ray Triagle to Chief Lafont_Redacted.pdf"

- Bouziga is working on getting the call logs from his phone. You will follow up with the others (Lafont, Gaspard, Kreamer) about getting the call logs from their phones. They may need to contact the phone provider if the call logs are not on their phones.

- You'll provide a verification page for the Town.

- You'll ask if the Town has a policy about indemnifying employees.

- You have confirmed that GMPD has no policy manual; nothing that gives guidance to officers about what to do and how to do policing, regardless of whether it is called a "policy manual" or not.

- In our prior call, we discussed the absence of nearly any emails from the discovery production, even though it appears that the Amber images were transmitted by email. You said that defendants have confirmed that the photos were sent to them by email, but they can't find the emails, and think that possibly they may have been deleted. You have now double checked, and your clients confirm that the photos were transmitted electronically, but they cannot find the electronic communication. I mentioned that this raises spoliation concerns for me, particularly given the prior chief's indictment for desctruction of records. You said you'd have them keep looking.

- You are going to send me updated RFA responses regarding the ones that previously denied because they called "for a legal conclusion." (Rule 36 explicitly allows for RFAs regarding the "the application of law to fact.")

- We discussed resolving the issue of conflict-free counsel. Defendants' refusal to answer the indemnification question raises a necessary conflict. *See Nagle v. Gusman, et al.*, No. CIV.A. 12-1910, 2015 WL 1525827, at *1 (E.D. La. Apr. 2, 2015) ("First, in section 1983 cases, the interests of a municipality and the interests of its employees are adverse to one another.") Previously, I suggeste we follow the procedure laid out in *Lou v. Lopinto*. You said you're conferring with your clients about this.

You indicated that you should have the above within two weeks, or at least we can circle back then.

Thank you!

4/21/26, 9:02 AM
Case 2:25-cv-02178-WJC-DPC   Document 20-4   Filed 04/21/26   Page 12 of 12
Gmail - Pierce v. United Golden Meadow, Discovery Meet and Confer

--

William Most

Most & Associates

mostandassociates.com

(504) 509-5023