UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

_____
                                        )
DAWN PIERCE,                            )
                                        )
                    Plaintiff           )
        v.                              )   Case No. 25-cv-02178-WJC-DPC
                                        )
TOWN OF GOLDEN MEADOW, et al.           )
                                        )
                    Defendants.         )
_____)

**Reply in Support of Motion to Compel**

In R. Doc. 16, Plaintiff moved to compel the production of certain documents that had been requested in November 2025 and were the subject of months of meeting-and-conferring. Specifically, Plaintiff moved to compel the production of the following:

- "All call logs and call history for July 7-10, 2025" for Chief Lafont.

- "All call logs and call history for July 7-10, 2025" for Officer Gaspard.

- Facebook messages between Officer Gaspard and Ms. Sibley.

Plaintiff also requested attorneys fees per Fed. R. Civ. Proc. 37(a)(5)(A).

Defendants oppose the motion. They contend that they "searched their phones" on some unspecified date and found no responsive phone logs. R. Doc. 21 at 2. They concede that Officer Gaspard and Ms. Sibley corresponded by Facebook, but say that those messages "could not be located." *Id.* They claim that they already produced the Lafont call logs. *Id.* at 1-2. And they say they have not yet – but will at some point in the future – subpoena the call logs from their phone carriers. *Id.*

These are insufficient excuses. First of all, Defendants should have these call logs, given that they received a preservation letter specifically requesting preservation of the "call logs" of "Michelle Lafont [and] Tristan Gaspard" only five weeks after the incident. Ex. A. The

1

preservation letter specifically pointed out that Golden Meadow had a recent history of criminal destruction of records by the police chief, and requested "unusually thorough" preservation steps for that reason. *Id.* It appears that Defendants did not take those steps, and so evidence may now be lost.

Second, Defendants say that "Officer Gaspard did not keep the Facebook message from Amber Sibley." R. Doc. 21-1 at 2. But Facebook messages do not automatically delete; a person must take affirmative steps to destroy them.[1] So what Defendants are actually saying is that Officer Gaspard affirmatively destroyed his communications with Ms. Sibley for some reason. Defendants offer no justification or even explanation for this destruction of evidence.

Third, Defendants are incorrect that they already produced the requested Lafont call logs in response to a public records request. The request for production relevant here is for three days of call logs for Chief Lafont. R. Doc. 16-3 at RFP 11 (requesting "call logs and call history for July 7-10, 2025"). The public records request, by contrast, was only for three hours of call logs. Ex. B. Defendants have not provided the set of call logs requested.

And finally, Defendants offer no reason or any argument why this Court should not grant attorneys fees. They say only that they "oppose the request and leave it to this Honorable Court's discretion to determine this issue." R. Doc. 21 at 2. But Fed. R. Civ. Proc. 37(a)(5)(A) specifically makes attorneys fees mandatory (with some exceptions) when "the disclosure or requested discovery is provided after the motion was filed." That rule is crafted to deal with exactly the situation here – a party that drags its feet for long periods of time and only takes action to actually obtain and produce the documents once a motion to compel is filed. "Discovery is not a game of cat and mouse, of continual pursuit and near capture by one party and endless escape by the other.

---

[1] See Facebook Help Center, *Delete messages or chats on Messenger*, available online at https://www.facebook.com/help/messenger-app/194400311449172

2

It is intended to be a self-executing, extrajudicial exercise that depends upon the parties' careful attention to and compliance with the rules." *King v. Dillon Transp., Inc.*, CV411-028 (S.D. Ga., Feb. 22, 2012).

Here, Defendants (1) did not preserve the call logs in 2025 despite receiving a preservation letter specifically requesting preservation of these particular call logs; (2) took no effective steps to obtain the call logs at any point during the five months of meeting and conferring; and (3) only now, after a motion to compel has been filed, supplemented their discovery responses to say they will obtain the call logs in the future. These facts call for the granting of the motion and an award of reasonable attorneys fees. The motion should be granted.

Respectfully submitted,

*/s/ William Most*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Dawn Pierce***