# MOST & ASSOCIATES

201 St. Charles Ave.
Ste. 2500, # 9685
New Orleans, LA 70170

(504) 509-5023
mostlawoffice.com
williammost@gmail.com

---

Town of Golden Meadow and Golden Meadow Police Department          August 18, 2025
Town Attorney, Bryce Autin
*Via email to* bryce@autinlaw.com

Dear Bryce,

This letter is to inform you that the Town of Golden Meadow, the Golden Meadow Police Department, the various employees and officers of those entities, and Michelle Lafont, Tristan Gaspard, and Joey Bouziga (together, "You") can reasonably foresee litigation regarding the July 8, 2025 arrest of Dawn Pierce (Case G-00493-25GM).

By this Anti-Spoliation Notice, your clients are hereby given formal notice not to destroy, conceal or alter any paper or electronic files and other data generated by and/or stored on computers and storage media (e.g., hard disks, floppy disks, backup tapes), or any other electronically stored information ("ESI"). Any normal process of document destruction or overwriting must cease. Your clients are required to immediately take those actions necessary to fully preserve and protect certain evidence. *See, e.g., Zubulake v. UBS Warburg LLC*, No. 02 Civ. 1243 (S.D.N.Y. July 20, 2004); *Pham v. Contico Intern., Inc.*, 759 So.2d 880 (La. App. 2000).

The following is a non-exhaustive list of the kinds of evidence that must be retained, including drafts of any document:

- All records (paper or otherwise) regarding the July 8, 2025 arrest of Dawn Pierce (Case G-00493-25GM), including all communications with Amber Sibley, Sgt. Michael Kreamer, and the LaFouche Parish Sheriff's Office.
- Text messages, call logs, and voicemails from work phones and private phones, including those of Michelle Lafont, Tristan Gaspard, and Joey Bouziga.
- All relevant emails, including those of Michelle Lafont, Tristan Gaspard, and Joey Bouziga.
- Digital communications (*e.g.*, e-mail, voice mail, instant messaging; text);
- All other evidence.

You should anticipate that your clients' employees, staff, or others may seek to hide, destroy or alter information and act to prevent or guard against such actions. This concern is not one unique to your clients or their employees and officers. It is simply an event that occurs with such regularity in electronic discovery efforts that any custodian of ESI and their counsel are obliged to anticipate and guard against its occurrence. Nothing in this demand for preservation should be understood to diminish your obligation to preserve documents, ESI, tangible things and other potentially relevant evidence.

Our concerns about preservation are heightened in this case in particular, however, because of the recent arrest of former Golden Meadow Police Chief Troy Dufrene for the destruction of public records. Given that, we ask that you take unusually thorough steps to inform all custodians of records, and Michelle Lafont, Tristan Gaspard, and Joey Bouziga in particular, of their obligations to preserve potential evidence.

Very truly yours,

/s/ William Most
William Most