**MOST & ASSOCIATES**

201 St. Charles Ave.
Ste. 2500, # 9685
New Orleans, LA 70170

(504) 509-5023
mostlawoffice.com
williammost@gmail.com

Town of Golden Meadow and Golden Meadow Police Department        Aug. 18, 2025
Town Attorney, Bryce Autin
*Via email to bryce@autinlaw.com*

*Re: Public Records Act Request*

Dear Bryce,

This letter is a Public Records request on behalf of Dawn Pierce to the Town of Golden Meadow and Golden Meadow Police Department pursuant the Louisiana Public Records Act, La.R.S.44:1, *et seq*. We are requesting the following categories of documents:

1. **The entire GMPD file for Ms. Pierce's arrest (Case G-00493-25GM), including any warrant for Ms. Pierce's arrest and any application for or affidavit in support of that warrant.**

2. **All text messages and emails regarding Ms. Pierce's arrest or alleged crime.**

3. **From June 1, 2025 to the present, all emails and text messages to or from the official or private[1] email accounts and phones of Chief Lafont, Mayor Bouziga, and Officer Gaspard that contain any of the following non-case-sensitive keywords: "dawn" or "pierce" or "amber" or "sibley" or "dylan" or "rousse" or "facebook" or "non-consensual" or "nonconsensual" or "14:283.2" or "283.2" or "onlyfans" or "private image".**

4. **All communications (email, text, social media, etc.), including on any private devices, between Mayor Bouziga and Dylan Rousse from July 1, 2025 to the present.**

5. **The call logs for all of Chief Lafont and Mayor Bouziga's phones for July 8, 2025, from noon to 3:00 pm.**

6. **All text messages to or from Chief Lafont on July 8, 2025, from noon to 3:00 pm.**

7. **All text messages to or from Mayor Bouziga on July 8, 2025, from noon to 3:00 pm.**

---

[1] This request is for emails and text messages on both official and "private" cell phones and email accounts. *See PETA v. Board of Supervisors of LSU,* 2023-C-01396 (La. 2024) ("Further, and equally well-settled, is the proposition that responsive records remain subject to the Public Records Law even if located on private devices or in private accounts.").

Under the provisions of R.S. 44:32, if you raise a question as to whether the record requested is a public record, you are required to notify in writing the person making the request as to your determination and the reasons, including the legal basis, therefor. Said notice shall be made within five days of the receipt of the request, exclusive of weekends and public holidays. Under the provisions of R.S. 44:33, if the public record is not immediately available you are required to certify this in writing promptly, and in your certificate fix a day and hour within three days, exclusive of weekends and public holidays.

If all or part of the request is denied, please provide the name, address, and telephone number of the agency official responsible for the denial, and the official responsible for the appeals of denied requests. Also, if portions of the requested records are exempt from release, I request that all reasonably segregable, nonexempt portions of those records be released. In addition, if records are withheld, I request that you specifically identify those records by providing a list of records being withheld with an accompanying explanation of the exemptions being used to withhold the requested records. This list should include the title and brief description of each of the withheld records, any date or dates associated with each of the withheld records, and a list of attachments, appendices, amendments or other materials included with each of the withheld records.

If your search fails to identify the requested records, I ask that you (1) describe in detail the search procedure, including the information about the files that were searched, (2) identify the person or persons who conducted the search, and (3) explain why a more comprehensive search of your offices would be unreasonable.

Also, if any privilege or exemption is claimed, please provide a privilege log. As you know, any assertion of privilege "must be made individually as to particular documents, and not *in globo* against the entirety of a mass of records." *Roper v. EBR Parish*, 634,960 (19th JDC, Feb. 4, 2016) at 11, *quoting Skamangas*, 876 So.2d 1017. Thus, "Courts have held that in order to meet this burden, the custodian must state what documents are being withheld, on a document by document basis, and give an explanation, on a document by document basis, as to why each document is not subject to production under the Public Records Law." *Roper*, at 11.

I am requesting electronic copies of any of the above-referenced documents. Upon identifying the records, please contact me at williammost@gmail.com or at (504)509-5023 to make plans to transmit the records. Thank you for your help and cooperation with this request.

Sincerely,

William Most