**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

_____
                                   )

DAWN PIERCE,                            )
                                     )
                  Plaintiff         )
       v.                             )    Case No. 25-cv-02178-WJC-DPC
                                       )
TOWN OF GOLDEN MEADOW, et al.    )
                                       )
                  Defendants.     )
_____ )

**Memorandum in Support of Motion for Order to Show Cause Regarding**
**Contempt of Subpoena and Court Order**

In this false arrest case, Plaintiff served a records subpoena on third-party witness Amber Sibley. Ms. Sibley is central to Plaintiff's claims, as she contacted the Golden Meadow Police Department to precipitate Plaintiff's arrest.

In meeting and conferring, Ms. Sibley agreed to provide all but one category of documents requested. But Ms. Sibley did not provide any responsive documents at all.

After correcting an issue with the first subpoena, issuing a second one, and then still not receiving any responsive documents, Plaintiff filed a Motion to Compel. ECF No. 12. On March 25, 2026, the Court granted the motion as to Ms. Sibley, ruling that:

> IT IS FURTHER ORDERED that Amber Sibley access the necessary sites and/or vendors to download and/or obtain the requested documents and produce same within 30 days. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS, INCLUDING BEING HELD IN CONTEMPT OF COURT.

ECF No. 15 at 6 (emphasis in original).

Despite that order, Ms. Sibley still has not produced <u>any</u> responsive documents. Accordingly, Plaintiff moves this Court to order Ms. Sibley to appear, submit to cross-examination, and show cause why she should not be held in contempt of subpoena.

1

### A.      Factual and Procedural Background

This case is about the false arrest and imprisonment Plaintiff Dawn Pierce. Ms. Pierce has a rocky relationship with her nephew Dylan Rousse and his fiancée Amber Sibley. ECF No. 1 at ¶ 2. One of Ms. Sibley's sources of income was selling erotic material on the website OnlyFans. *Id.* at ¶ 4. To advertise that business and draw in customers, Ms. Sibley posted publicly-available (*i.e.*, not behind a paywall) lingerie photos of herself on Twitter and OnlyFans. These photos did not show intimate parts or sexual conduct. After an argument, Ms. Pierce reshared on Facebook some of the photos that Ms. Sibley had publicly posted. *Id.* at ¶ 4. Ms. Pierce shared the publicly-available photos to show the discrepancy between the way Ms. Sibley described herself and the reality.

Mr. Rousse and Ms. Sibley responded by asking the Police Chief of Golden Meadow to arrest Ms. Pierce. *Id.* at ¶¶ 6-8.  Initially, the police chief was reluctant to execute the arrest, texting that she did not "know if there was anything I could charge [Ms. Pierce] with." *Id.* at ¶ 7. After Mr. Rousse involved Mayor Bouziga, however, the chief relented. The chief then provided false information to a judge to obtain a warrant for Ms. Pierce's arrest for "nonconsensual disclosure of a private image," even though (1) the images were public, not private; (2) the images would not meet the statutory criteria even if they were private, and (3) Ms. Pierce did not live in Golden Meadow. *Id.* at ¶¶ 72-101. Ms. Pierce was arrested and imprisoned shortly thereafter. The District Attorney refused all charges.

On October 22, 2025, Ms. Pierce filed suit against the Town of Golden Meadow and its officials. ECF No. 1. On November 21, 2025, the parties held a Fed. R. Civ. Proc. 26(f) conference, opening discovery.

**B.**     **Plaintiff's Subpoenas, Efforts to Meet-and-Confer, and this Court's Order to Produce the Requested Documents Under Penalty of Potential Contempt.**

On November 24, 2025, Plaintiff propounded subpoenas on Mr. Rousse and Ms. Sibley. ECF No. 7-2, 7-3. A process server personally served the subpoenas on November 30, 2025. ECF No. 7-4. December 23, 2025 was the return date for the subpoenas. ECF No. 7-2, 7-3. The subpoenas requested:

- All emails, text messages, Facebook messages, Twitter DMs, or other forms of social media communication or other forms of written communication with Michelle Lafont, Joey Bouziga, Michael Kreamer, and/or Tristin Gaspard from December 1, 2024 to the present.

- All documents reflecting income or payments from OnlyFans.

- All emails, text messages, Facebook messages, Twitter DMs, or other forms of social media communication or other written communication containing any of the following non-case sensitive search terms: "got something cooking", "onlyfans", "dawn", "pierce", "friel", "arrest", "images", "bond", "joey", "bouziga", "mayor", "lafont", "private image". For any responsive text messages, provide the entire text thread that day: *i.e.*, all text messages in that chain from that day.

- All cellphone or other call history from January 7 to 10, 2025.

ECF No. 7-2, 7-3.

On December 8, 2025, Mr. Rousse responded by email. He provided only a single screenshot of text messages that were not responsive to the subpoena, claimed to not possess other documents that "relate to the case" because they had changed their phone numbers, and refused to provide the requested OnlyFans documents. ECF No. 7-5 at 5-6. Ms. Sibley did not respond at all.

Subsequently, Plaintiff's counsel met and conferred with both Mr. Rousse and Ms. Sibley by telephone. ECF No. 7-7 at ¶ 4. They agreed to provide all the subpoenaed documents, other than the OnlyFans documents, and agreed to obtain the documents from their phone provider if

necessary. ECF No. 7-7 at ¶ 4, Ex. E at 1. Plaintiff's counsel agreed to a one-week extension of the deadline. *Id.*

On December 31, 2025, Plaintiff's counsel wrote: "You told me that you would provide any requested documents you have access to, other than the OnlyFans documents, by yesterday. You did not send me any of them. We consider all objections to be waived. Please provide all the documents by Monday to avoid court intervention." ECF No. 7-5 at 1. Neither Mr. Rousse nor Ms. Sibley responded.

On January 6, 2026, Plaintiff filed a motion to compel. ECF No. 7. On January 21, 2026, the Court denied the motion to compel because the subpoenas called for production to an email address, rather than a physical address. ECF No. 11 at pg. 3. The Court noted that "Plaintiff may, of course, re-issue valid subpoenas to obtain relevant information and seek enforcement of the valid subpoenas should the recipients fail to comply." *Id.*

On February 4, 2026, Plaintiff's counsel re-issued the subpoenas, this time with a physical address for production. ECF No. 12-4, 12-5. Ms. Sibley was personally served on February 10, 2026, and Mr. Rousse was served via domiciliary service that same day. ECF No. 12-10.

On February 10, 2026, Ms. Sibley wrote to Plaintiff's counsel in an email with a skull emoji (💀) as the subject line. ECF No. 12-6. She wrote "How many more of these are you going to send us before you get it through your head that we have NOTHING. There is nothing to be produced. I mean good lord." *Id.* She told Plaintiff's counsel that "you don't seem very bright" and that she wanted "nothing to do with you, that pathetic client of yours, or this law suite [*sic*]. LEAVE US ALONE!" *Id.*

Despite saying she had "NOTHING," she gave no indication that she had run the keyword searches or looked through her records for responsive documents. *Id.* So Plaintiff's counsel

responded by pointing out that "you will need to contact your phone provider for some of the items. For the others, you will have to download items from OnlyFans or your bank, and run keyword searches through your emails, text messages, Facebook messages, Twitter DMs, or other forms of social media communication." *Id.* at 3.

Ms. Sibley responded by calling the Plaintiff "a freaking joke" and asking about the relevance of certain items. *Id.* at 5. Her question may have been rhetorical, because she closed with a request that Plaintiff's counsel not "respond to this email as I do not care to entertain this matter any further. We will see you in June. Other than that, you will not hear from us. 🫶 💁 ." *Id.*[1]

On March 27, 2026, the deadline for production of responsive documents passed. ECF No. 12-4, 12-5. No documents were produced, so Plaintiff's counsel wrote one more time to request that Ms. Sibley and Mr. Rousse "[p]lease contact me immediately if you wish to comply with the subpoena. If not, we will request a court order. If you engage a lawyer to assist you with this, please let me know and I will speak with them." ECF No. 12-7.

When there was no response, Plaintiff filed a motion to compel compliance with the subpoenas. ECF No. 12. On March 25, 2026, the Court ruled on the motion. ECF No. 15. The Court granted the motion as to Ms. Sibley, explaining that although she had been "validly served, Sibley has not taken advantage of any of Rule 45's available options for responding to a subpoena duces tecum." *Id.* at 6. The Court noted that "Plaintiff has made a prima facie showing of noncompliance" and concluded that because "Sibley can access the sites or vendors to come into possession of the documents by downloading or requesting same, she is obligated to do so." *Id.* Given that, the Court ordered "that Amber Sibley access the necessary sites and/or vendors to download and/or obtain the requested documents and produce same within 30 days." *Id.* The

---

[1] The "Woman Tipping Hand Emoji" is "commonly used to express sassiness or sarcasm." See https://emojipedia.org/woman-tipping-hand

Court specifically cautioned that "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS, INCLUDING BEING HELD IN CONTEMPT OF COURT." *Id.* (emphasis in original).

On March 25, 2026, Plaintiff's counsel sent the order to Ms. Sibley. Ex. A at 3. That day, they also discussed the matter by phone. Ms. Sibley claimed that she had searched her emails and text messages for all the keywords and found nothing (a claim that undersigned counsel finds highly improbable based on context). *Id.* at 2-3. She also claimed to be "locked out" of her Facebook, OnlyFans, and Twitter accounts. *Id.* at 2. They discussed how even if all of that were true, Ms. Sibley would still need to search her Instagram messages, contact her phone provider for call logs and text messages, and provide banking records showing OnlyFans payments (which Ms. Sibley estimated to be approximately $600). *Id.*

Only April 8, 2026, Ms. Sibley wrote "No documents. Double checked. Old phone carrier won't give us old messages." *Id.* Counsel asked "What about your banking records showing the payments from OnlyFans?" *Id.* Ms. Sibley indicated that she "never claimed to have asked [her] bank" for records but that "nothing on my banking app that shows anything with Onlyfans banking statements." *Id.* at 1. Counsel responded that regardless of "whether it says 'OnlyFans,' please send all banking records reflecting income or payments from OnlyFans." *Id.* Ms. Sibley declined to identify her bank so that Plaintiff's counsel could subpoena the bank directly. *Id* at 1-2.

On April 24, 2026, the Court's deadline to produce the documents expired. On April 25, 2026, Plaintiff's counsel contacted Ms. Sibley to inquire as to any intended compliance. Ms. Sibley did not respond. As of today, despite two subpoenas, a court order, and five months of meeting-and-conferring, <u>Ms. Sibley has still not produced a single page of responsive material</u>.

**C.** **This Court should order Ms. Sibley to appear and show cause why she should not be held in contempt of court and subpoena.**

Regarding a non-party witness, Federal Rule of Civil Procedure 45(g) provides that a noticing party "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." And although "the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions." Notes of Advisory Committee on Rule 45, *citing Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc.*, 893 F.2d 605 (3d Cir. 1990); *Fisher v. Marubent Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975); *Young v. United States ex rel Vuitton et Fils S.A.*, 481 U.S. 787, 821 (1987) (Scalia, J., concurring). So powerful is the subpoena, that a "non-party might be guilty of contempt for refusing to obey a subpoena even though the subpoena manifestly overreaches the appropriate limits of the subpoena power." *Id.*, *citing Walker v. City of Birmingham*, 388 U.S. 307 (1967).

Furthermore, failure to comply with a subpoena can result in attorneys fees being levied against the non-complying party. *See Singh v. Wackenhut Corporation,* 07-cv-00173, Rec. Doc.49 at *8 (M.D. La., Apr. 8, 2008) (non-appearing party "should be required to pay the reasonable costs and attorney's fees" regarding non-compliance with deposition subpoena); *Francois v. Blandford*, 10-cv-01330, Rec. Doc.140 (E.D. La. March 7, 2012) (witness failing to comply with deposition subpoena ordered to pay issuing party's "expenses and attorney's fees.")

Thus, while FRCP 45(g) allows for a person to be held in contempt if they disobey either a "subpoena **or** an order related to it" (emphasis added), Ms. Sibley has done **both**. She failed to produce a single page of responsive documents to the subpoena, despite admitting that some such documents exist, like banking records of her OnlyFans payments. And she also disobeyed a Court order related to the subpoena, which specifically warned her of possible contempt consequences

7

should she fail to "access the necessary sites and/or vendors to download and/or obtain the requested documents and produce same within 30 days."

These documents are also crucial to this case. Defendants have confirmed that the images of Ms. Sibley were transmitted to the Golden Meadow Police Department electronically, but Defendants cannot locate those communications. ECF No. 12-9. And the requests for documents reflecting income or payments from OnlyFans are important to show the jury the true nature of Ms. Sibley's lingerie photos: that they were not intimate, private photographs to be shared between spouses, but rather public advertisements for Ms. Sibley's online erotic content business. *See* ECF No. 1 at ¶ 4. For these reasons, the motion should be granted.

**D.   Conclusion**

Plaintiff respectfully asks the Court to issue an order directing Ms. Sibley to appear before the Court, submit to cross-examination about her efforts to comply with the subpoena or lack thereof, and show cause why she should not be held in contempt of court. If she is held in contempt of court, Plaintiff asks that she be ordered to pay a daily monetary fine until she complies with the subpoena, and to pay Plaintiffs' attorneys fees incurred in bringing this motion and the prior motion to compel.

Respectfully submitted,

*/s/ William Most*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Dawn Pierce***

<u>Certificate of Service</u>

I certify that on the date marked by EM/ECF above, I caused the above to be served on all parties by EM/ECF, and on Amber Sibley by U.S. Mail and email.

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)