**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

_____

| | |
|---|---|
| DAWN PIERCE, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Case No. 25-cv-02178-WJC-DPC |
| | ) |
| TOWN OF GOLDEN MEADOW, et al. | ) |
| | ) |
| Defendants. | ) |

_____

**Reply in Support of Motion to Determine Conflict-Free Counsel**

In this Section 1983 case with a *Monell* claim, all defendants are represented by the same lawyer. Because a Section 1983 claim with a *Monell* claim necessarily creates a potential conflict of between defendants,[1] Plaintiff filed a motion to determine conflict free counsel.[2]

Defendants oppose.[3] They raise three arguments:

1.  They disagree with the merits of the case.

2.  They don't think there is a conflict.

3.  In *Breaud v. Cantrell,* the judge did not order a conflict-free counsel process.

None of these three arguments help Defendants. First, their extensive discussion of the merits of the case, their take on what their "verified answers to discovery" show, and whether Plaintiff was "physically harmed," are complete *non sequiturs*. They offer no caselaw or even any explanation why any of that is relevant to the motion at hand.

Second, Defendants' personal opinion (expressed through the very lawyer who may have the conflict) that there is no conflict is not responsive to the motion. As dicussed in Plaintiff's

---

[1] *Nagle v. Gusman*, No. CIV.A. 12-1910, 2015 WL 1525827, at *1 (E.D. La. Apr. 2, 2015)

[2] R. Doc. 20.

[3] R. Doc. 24.

1

memorandum, the conflict problem here is <u>structural</u>, given the varying interests of a municipality and its employees.[4]

And third, *Breaud v. Cantrell* very much helps Plaintiff's position, not Defendants'. In *Breaud v. Cantrell,* the court emphasized that the "potential conflicts of interest caused by the same attorney representing both a municipality and its employees in a Section 1983 claim are "<u>open and obvious</u>."[5] The court also observed that the Fifth Circuit expressed in dicta its concern that "a serious problem of conflict of interest could exist in . . . 1983 actions in which one attorney represents both a county and a county official individually."[6] The *Breaud* court explained that:

> A potential conflict arises from the municipality's interest in arguing the officials were acting outside the scope of their employment thereby avoiding liability, while government officials have an interest in arguing they were acting in their official capacity as employees of the municipality to prevent personal liability for their actions.[7]

Ultimately, the *Breaud* court declined to order the conflict-free counsel process. But the reason <u>why</u> is important: the court decided it was premature, given an impending stay of litigation. The court explained that by "separate order, the Court is staying this matter pending resolution of the criminal proceedings pending against Cantrell in this District. A disqualification motion may be raised again, if necessary, after the stay of this litigation is lifted."[8]

---

[4] *See Van Ooteghem v. Gray*, 628 F.2d 488, 495 n.7 (5th Cir. 1980), *aff'd in part, vacated in part on other grounds*, 654 F.2d 304 (5th Cir. 1981) *(en banc) (per curiam)* (a "serious problem of conflict of interest could exist" can exist in cases where "one attorney represents both a county and a county official individually," due to the parties' adverse interest).

[5] 24-cv-01865-NJB-JVM, R. Doc. 79 at *9 (E.D. La. 9/15/2025), citing *Nagle.* (Emphasis added.)

[6] *Id.*, *citing Van Ooteghem.*

[7] *Id.* at 10, *citing Dunton v. Suffolk Cnty., State of N.Y.*, 729 F.2d 903, 908 (2d Cir.), as amended on other grounds, 748 F.2d 69 (2d Cir. 1984).

[8] *Id.*

And notably, in *Breaud,* the court noted that there was no documentation of "the City's plans on indemnifying the individual defendants."[9] By contrast here, the Town of Golden Meadow specifically refused in discovery to admit that it would indemnify the individual defendants.[10]

So on one hand Plaintiffs provide many decisions of sections of this court that required a process for determining conflict-free counsel in Section 1983 *Monell* cases, such as *Nagle, Lou, Rogers,* and *Brown.* And on the other hand, Defendants offer a single case where a section of this court declined to do so because of a stay of litigation.

The answer is clear. This Court should grant the motion. In no way does granting this motion disqualify defense counsel; it only requires the Defendants to go through a structured process to ensure that no conflicts exist.

Respectfully submitted,

*/s/ William Most*
HOPE PHELPS (La. Bar No. 37259)
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
*Counsel for Plaintiff, Dawn Pierce*

---

[9] *Id*. at 10.
[10] Ex. A to Plaintiff's Motion.