UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAWN PIERCE | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2178 |
| TOWN OF GOLDEN MEADOW, ET AL. | * | SECTION "C" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Dawn Pierce's Motion to Compel Documents from Defendants Mayor Joey Bouziga, Police Chief Michelle Lafont, and Officer Tristan Gaspard. ECF No. 16. Defendants and Plaintiff timely filed Opposition and Reply Memoranda. ECF Nos. 21, 22. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff Dawn Pierce filed suit alleging false arrest and imprisonment after she was arrested for sharing publicly available lingerie photographs of her nephew's fiancée. ECF No. 1. Plaintiff argues that the Chief Lafont recognized there was no legal basis for the arrest and only did so after being pressured by Mayor Bouziga. ECF No. 16-1 at 1-3; *see also* ECF No. 1 ¶¶ 7-8. On that basis, Plaintiff contends that who spoke with whom, when and about what is discoverable information relevant to her claims. ECF No. 16-1 at 1.

Plaintiff issued Requests for Production to Defendants on November 30, 2025, with Request Nos. 6 and 11 seeking call logs for July 7-10, 2025 and social media messages containing

1

the niece's name.  ECF No. 16-3 at 7-8.  After being granted extensions, Defendants responded to both requests as follows:  "The Defendants have no documents responsive to this request other than the documents previously produced to Plaintiff through public records requests and by providing access to various phones."  ECF No. 16-4 at 8-9.  Defendants later supplemented the response to Request for Production No. 6 by stating:  "See attached texts produced by Mayor Bouziga labeled Text Rousse 1, 2, and 3. There are no additional documents responsive to this request."  ECF No. 16-5 at 2.   Similarly, they responded to Request for Production No. 11 by stating: "This information has been requested from Mayor Bouziga's employer as he is provided with use of a cell phone by his employer. There are no additional documents responsive to this request."  *Id.* at 3.  After discussion, Mayor Bouziga provided a supplement with call logs, but Chief Lafont, Officer Gaspard and Officer Kreamer, a witness, did not.  ECF No. 16-2 ¶ 13. Plaintiff now asserts that Defendants' responses, as supplemented, fail to include a verification page, omitted phone logs, emails, and policies.  ECF No. 16-1 at 3-4.

In Opposition, Defendants assert that Plaintiff obtained discovery through a series of public records requests prior to filing suit, which included phone logs and text messages of Chief Lafont and Officer Gaspard as well as other documents.  ECF No. 21 at 1-2.  Defendants assert that they have produced documents within their possession and control, including phone logs of their employer which took longer than expected.  *Id.* at 2.  Defendants attach a Third Supplemental Response.  ECF No. 21-1.  In response to No. 6, Defendants state:

> Tristan Gaspard received a Facebook message from Amber Sibley several months prior to the incident at issue in this case. The messages involved something to do with Dylan Rousse that Officer Gaspard cannot remember and were not related in any way to Dawn Pierce. Officer Gaspard did not keep the Facebook message from Amber Sibley.

*Id.* at 2.  Similarly, in response to No. 11, Defendants state:

2

> Officer Kreamer attempted to retrieve call logs from his cell phone carrier but was unable to recover any phone logs requested. Officer Gaspard attempted to retrieve his call logs but was unsuccessful. Call logs for Chief Lafont were produced in prior public records request responses. In an effort to provide further responses to this request, the undersigned is preparing and will issue a Subpoena Duces Tecum to the cell phone carrier for the cell phone number utilized by Chief Lafont, Officer Gaspard and Officer Kraemer at the time requested, the return to which will be provided upon receipt.

*Id.* Defendants argue that they have searched their phones and tried to satisfy Plaintiff's request but have no additional phone logs or Facebook messages in their possession. ECF No. 21 at 2.

In Reply, Plaintiff argues that Defendants have asserted insufficient excuses because they received a spoilation letter on August 18, 2025, and should have preserved their call logs and Facebook messages. ECF No. 22 at 1-2; *see al*so ECF No. 22-1. Plaintiff also asserts that the response to No. 11 is insufficient because the public records request regarding call logs sought only call logs for three hours while the current No. 11 seeks call logs for three days. *Id.* at 2.

## II.    APPLICABLE LAW AND ANALYSIS

### A.  The Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes parties to:

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Information need not be admissible into evidence to be discoverable. *Id.* Rather, the information merely needs to be ***proportional*** and ***relevant*** to any claim or defense. *Id.*

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[1] At the discovery stage, relevance includes "any

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[2]  Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[3]  If relevance is in doubt, a court should allow discovery.[4]

### B. <u>Duties in Responding to Rule 34 Requests</u>

Rule 34 requires a party to serve written responses within 30 days of service, absent court order or stipulation.  FED. R. CIV. P. 34(b)(2)(A).  The responding party must either state that the inspection or production will be permitted or state with specificity the grounds for objecting to the request, including the reason.  *Id.* at 34(b)(2)(B).[5]  In addition to the written response, the responding party must also either produce the responsive documents within that party's actual or constructive possession, custody or control "no later than the time for inspection specified in the request or another reasonable time specified in the response."  *Id.* at 34(a)(1), (b)(2)(B).

A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[6]  Thus, documents owned or possessed by agents, attorneys, hired consultants, and other third parties hired by a party that the party can reasonably obtain the requested information from upon request fall

---

[2] *Id*. (brackets and citations omitted).

[3] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).

[4] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

[5] Any objections "must state whether any responsive materials are being withheld on the basis of that objection," and if the responding party objects, it must specify the objectionable part and permit inspection of the rest.  FED. R. CIV. P. 34(b)(2)(C).  Objections interposed without also clearly indicating whether any document or information is being withheld are improper.  *Chevron Midstream Pipelines v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051, at *4 (E.D. La. Jan. 20, 2015).

[6] *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

within that party's custody or control.[7]  The burden is on the party seeking discovery to show that the other party has control over the material sought.[8]  To establish control over documents in the possession of a non-party, the movant must typically show that there is "a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession."[9]  The key is whether the responding party could come into possession of the requested document upon reasonable inquiry.[10]

The Court cannot, however, compel a party to produce documents that do not exist.[11] When an officer of the court represents that documents do not exist, courts may require a certification or "confirm[ation]" that the discovery at issue does not exist.[12]  If the other party has

[7] *Becnel*, 2018 WL 691649, at *3 (noting that control extends to materials over which the subject party has the legal right to obtain even though she has no copy (citing cases)); *Dillard Univ. v. Lexington Ins. Co*., No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (finding materials provided to consultants within that party's possession, custody, or control (citing cases)).

[8] *Washington-St. Tammany Elec. Coop., Inc. v. La. Generating, L.L.C*., No. 17-405, 2019 WL 1804849, at *7 (M.D. La. Apr. 24, 2019) (citation omitted).

[9] *S. Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014) (citations omitted).

[10] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *3–4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).

[11] *Butler v. La. Dep't of Pub. Safety & Corr.*, No. 12-420, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *accord. Payne v. Forest River, Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc*., No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (same); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) (same).

[12] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs*., No. 13-772, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First Am. Real Est. Info. Servs., Inc*., No. 04-1059, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").

or acquires evidence that the response is incomplete or affidavit is false, other remedies may be sought.[13]

### C. **Analysis**

Defendants' reference to its prior production in response to the public records request is insufficient as same involved a shorter time period than that set forth in the Requests for Production. Defendants must supplement their response to Request for Production No. 11 to reflect the three-day period specified therein.

Further, Defendants are obliged to undertake necessary efforts to obtain copies of responsive documents not only in their own possession but also their records owned or possessed by agents, attorneys, consultants, or other third parties from whom the party can reasonably obtain the requested information as same fall within that party's constructive possession, custody or control. However, because the Court cannot compel a party to produce documents that do not exist, the Court will require counsel to confirm the efforts undertaken to obtain the requested documents and certify that, after such efforts, the documents do not exist.

Should Plaintiff believe that electronic information cannot be restored and should have been preserved but was not due to Defendants' failure to take reasonable steps to preserve same, she may file an appropriate motion under Rule 37(e) or the spoliation doctrine.

### III.    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Dawn Pierce's Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated herein.

---

[13] *Henderson v. Compdent of Tenn., Inc.*, No. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue).

New Orleans, Louisiana, this __30th__ day of April, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE