UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAWN PIERCE | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2178 |
| TOWN OF GOLDEN MEADOW, ET AL. | * | SECTION "C" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Dawn Pierce's Motion for Order to Show Cause Regarding Contempt of Subpoena and Court Order.  ECF No. 23.  No one timely filed an Opposition Memorandum, nor did anyone request oral argument in accordance with Local Rule 78.1.  The Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion is DENIED without prejudice for the reasons stated herein.

I.    **BACKGROUND**

Plaintiff Dawn Pierce filed suit alleging false arrest and imprisonment after she was arrested for sharing publicly available lingerie photographs of her nephew's fiancée.  ECF No. 1. At issue are certain images that were transmitted to Defendant Golden Meadow's Police Department electronically, but Plaintiff has been unable to obtain copies of those communications from either the sender or recipient.  ECF No. 23-1 at 8.

Plaintiff issued (and re-issued) subpoenas duces tecum to non-parties Dylan Rousse and Amber Sibley.  ECF Nos. 7-2, 7-3, 12-4, 12-5.  After Ms. Sibley and Mr. Rousse failed to respond, Plaintiff filed a Motion to Compel.  ECF No. 12.  The Court granted in part and denied in part the motion, granting it with regard to Ms. Sibley but denying it with regard to Mr. Rousse due to defective service.  ECF No. 15.  The subpoena duces tecum issued to Ms. Sibley sought:

1

- All emails, text messages, Facebook messages, Twitter DMs, or other forms of social media communication or other forms of written communication with Michelle Lafont, Joey Bouziga, Michael Kreamer, and/or Tristin Gaspard from December 1, 2024 to the present.

- All documents reflecting income or payments from OnlyFans.

- All emails, text messages, Facebook messages, Twitter DMs, or other forms of social media communication or other written communication containing any of the following non-case sensitive search terms: "got something cooking", "onlyfans", "dawn", "pierce", "friel", "arrest", "images", "bond", "joey", "bouziga", "mayor", "lafont", "private image". For any responsive text messages, provide the entire text thread that day: i.e., all text messages in that chain from that day.

- All cellphone or other call history from January 7 to 10, 2025.

ECF No. 12-4 at 4.

Although Ms. Sibley responded by indicating that she had no responsive documents, she gave no indication that she had exercised reasonable diligence to obtain any documents within her actual or constructive possession, custody or control (i.e., by contacting her phone provider or other vendor to obtain copies of the requested documents from them).  ECF No. 15 at 4-5.  The Court thus ordered Ms. Sibley to access the necessary sites and/or vendors to download and/or obtain the requested documents and produce same within 30 days and warned her that failure to do so could result in sanctions, including contempt.  *Id.* at 6.

Ms. Sibley and counsel engaged in numerous communications regarding Ms. Sibley's production of responsive documents after issuance of the March 25, 2026, Order.  ECF No. 23-2. Throughout the discussions, Ms. Sibley represents that she has "no information you want" and that she had searched her current phone's emails and text messages for the specified search terms but was locked out of her prior Facebook, OnlyFans, and Twitter accounts so could not search same. *Id.* at 2, 4.  Plaintiff's counsel explained that she would need to search her Instagram messages for the specified search terms, provide banking records showing income from OnlyFans, and contact

her phone provider to obtain call history logs and/or text messages.  *Id.* at 2-3.  Ms. Sibley responded that she had "double-checked," and her old phone carrier will not give her old messages.  *Id.* at 2.  In response to the inquiry regarding bank records, Ms. Sibley stated: "It's been to[o] long since I've had it.  So no, no bank records" but refused to provide the name of her bank.  *Id.* at 2.

Plaintiff's counsel expressed his disbelief that Plaintiff did not have any emails, text messages or social media messages containing the search terms or that her bank would not have records from only last year.  *Id.* at 1.  Consequently, after Ms. Sibley failed to produce any documents, Plaintiff filed this motion seeking an order compelling her to appear, submit to cross-examination, and show cause why she should not be held in contempt.  ECF No. 23 at 1; No. 23-1 at 1.  Plaintiff asserts that Ms. Sibley's assertion that she has found nothing after her search is "highly improbable."  ECF No. 23-1 at 6.  Plaintiff asserts that her failure to produce responsive documents constitutes both disobedience to the subpoena and this Court's Order.  *Id.* at 7-8.

## II.    <u>APPLICABLE LAW AND ANALYSIS</u>

Rule 26 of the Federal Rules of Civil Procedure authorizes parties to

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1).  Information need not be admissible into evidence to be discoverable.  *Id.*  Rather, the information merely needs to be ***proportional*** and ***relevant*** to any claim or defense.  *Id.*

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[1]  At the discovery stage, relevance includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

is or may be in the case."[2]    The discovery sought is relevant to Plaintiff's claims and thus falls within the scope of Rule 26.

As previously explained, a party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[3]    Thus, documents owned or possessed by agents, attorneys, hired consultants, and other third parties hired by a party that the party can reasonably obtain the requested information from upon request fall within that party's custody or control.[4]    The key is whether the responding party could come into possession of the requested document upon reasonable inquiry.[5]    In granting the motion to compel, the Court applied this standard and found that Ms. Sibley has constructive possession of documents available through the specified sites or vendors such that she could come into possession of same by downloading them or requesting copies.    ECF No. 15 at 6. Thus, the Court ordered her to access the sites and/or vendors to download and/or obtain the requested documents for production within 30 days.    *Id.*

Also as previously explained, however, the Court cannot compel a party to produce documents that do not exist.[6]    Likewise, the court cannot hold a person in civil contempt for failure

---

[2] *Id*. (brackets and citations omitted).

[3] *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[4] *Becnel*, 2018 WL 691649, at *3 (noting that control extends to materials over which the subject party has the legal right to obtain even though she has no copy (citing cases)); *Dillard Univ. v. Lexington Ins. Co*., No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (finding materials provided to consultants within that party's possession, custody, or control (citing cases)).

[5] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *3–4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).

[6] *Henderson v. Compdent of Tenn., Inc*., No. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue); *Goosehead Ins. Agency, LLC v. Guillory,* No. 24-2146, 2025 WL 1397166, at *5 (E.D. La. May 14, 2025) (court cannot compel party to produce documents that do not exist);  *Solorzano v. Shell Chem. Co*., No. 99-2831, 2000 WL 1145766, at *7 (E.D. La. Aug. 14, 2000) ("[A party or non-party] cannot produce what it does not have."); *Rhyce v. Martin*, No. 00-2623, 2002 WL 31496375, at *2 (E.D. La. Nov. 6, 2002) (denying motion to compel where party did not have control of documents); *Fernandez v. McDaniel Controls, Inc*., No. 98-1040, 1998 WL 840014, at *1 (E.D. La. Dec. 3, 1998) ("Plaintiff cannot be compelled to produce what he certifies in a response

4

to perform an act that he or she is currently unable to perform because the justification for coercive civil contempt depends on the ability of the contemptor to comply with the court's order.[7] Thus, the district court must ensure that it is possible to comply with the court's order before issuing a contempt order.[8] And while Plaintiff argues that Ms. Sibley's assertion that she cannot obtain copies of the documents is "highly improbable" (ECF No. 23-1 at 6), a party's mere disbelief or disagreement with a response is not a recognized ground for compelling discovery.[9] The requesting party's belief or suspicion that the response is incomplete or incorrect must be supported by evidence that the responding party's production is not complete.[10] Of course, Plaintiff is free to depose Ms. Sibley to obtain relevant information and/or seek the desired information directly from third parties. If Plaintiff acquires the evidence at issue and establishes that Ms. Sibley's

---

signed pursuant to Rule 26(g) he does not possess."); *Frught v. State Farm Fire & Cas. Ins. Co.*, No. 07-5069, 2009 WL 10679979, at *1 (E.D. La. May 27, 2009) (defendant could not be compelled to produce materials which it certifies are not in its possession, custody, or control); *see also Butler v. La. Dep't of Pub. Safety & Corr.*, No. 12-420, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014) ("[The court] cannot compel Defendants to produce documents that do not exist."); *Payne v. Forest River, Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) ("The Court cannot order the production of something the producing party suggests does not exist."); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) ("The court cannot order respondents to produce discovery that does not exist."); *Beth v. Wal-Mart Stores, Inc.*, No. 12-1024, 2014 WL 2918674, at *2 (W.D. La. June 26, 2014) (agreeing with proposition that a party cannot be compelled to produce documents that do not exist); *Alvarado v. Air Sys. Components LP*, No. 19-2057, 2021 WL 2682870, at *3 (N.D. Tex. June 29, 2021) (noting that a party is not required to produce any discovery it does not possess); *Cardenas v. Dorel Juv. Grp., Inc.*, 230 F.R.D. 611, 620 (D. Kan. 2005) ("The Court cannot compel the production of documents that do not exist or that are not in the possession, custody or control of a party.").

[7] *Topletz v. Skinner*, 7 F.4th 284, 296 (5th Cir. 2021); *see also Maggio v. Zeitz*, 333 U.S. 56, 72–74, & n.6 (1948); *United States v. Rylander*, 460 U.S. 752, 757 (1983) (civil contempt not appropriate when person establishes lack of the present ability to comply with the order).

[8] *See Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 744 (5th Cir. 2020) (citations omitted).

[9] *Tingle v. Hebert*, No. 15-626, 2018 WL 1726667, at *5 (M.D. La. Apr. 10, 2018) (noting that mere speculation that documents must exist is insufficient); *see also Gordon v. Greenville Indep. Sch. Dist.*, No. 13-178, 2014 WL 6603420, at *2 (N.D. Tex. Nov. 20, 2014) ("Although Plaintiff is not satisfied with this response, he fails to point to anything that suggests such reports actually exist. The Court cannot compel a [responding party] to produce documents that do not exist."); *McElwee v. Wallantas*, No. 03-172, 2005 WL 2346945, at *3 (S.D. Tex. Sept. 26, 2005) ("[T]he Court cannot order the Defendants to produce documentation that does not exist. Therefore, unless the Plaintiff can provide proof that the documents exist, rather than mere speculation, the Court will not entertain motions to compel the Defendants to produce documentation whose existence is nothing more than theoretical.").

[10] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (cleaned up).

representations were false, other remedies may be sought against her,[11] including imposition of costs or other appropriate sanctions for the misconduct and to protect the judicial process.[12]

## III.    CONCLUSION

Ms. Sibley has stated that she does not have the documents, has double-checked with her phone carrier and bank and is locked out of her website accounts; she thus represents that she does not have actual or constructive possession, custody or control over the documents. While the Court understands Plaintiff's frustration, it cannot compel Ms. Sibley to produce, or hold her in contempt for failure to produce, documents that she represents do not exist. At this point, Plaintiff has not demonstrated that the documents do exist contrary to Ms. Sibley's representation. Plaintiff is free to conduct discovery via other available methods of both Ms. Sibley and third parties in an effort to locate the relevant documents. If Plaintiff thereafter establishes that Ms. Sibley has actual or constructive possession, custody or control over the requested documents and failed to undertake reasonable efforts to obtain and produce same, the Court may then utilize its sanction powers.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Dawn Pierce's Motion for Order to Show Cause Regarding Contempt of Subpoena and Court Order is DENIED WITHOUT PREJUDICE for the reasons stated herein.

New Orleans, Louisiana, this ___13th___ day of May, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[11] *Henderson*, No. 97-617, 1997 WL 756600, at *1 (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue).

[12] *Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 678-79 (5th Cir. 2019), *abrogated on other grounds by Ben Keith Co. v. Dining All., Inc.*, 80 F.4th 695 (5th Cir. 2023); *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104-05, 107 (2017) (noting court may sanction dishonest discovery responses).