UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAWN PIERCE | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2178 |
| TOWN OF GOLDEN MEADOW, ET AL. | * | SECTION "C"(2) |

**Re-Urged Motion to Determine Conflict-Free Counsel**

In this Section 1983 case with a *Monell* claim, all defendants are represented by the same lawyer. Because a Section 1983 claim with a *Monell* claim can create a potential conflict of between defendants,[1] Plaintiff filed a motion to determine conflict free counsel.[2]  Defendants opposed the motion.[3]  Plaintiff filed a reply brief.[4]

On May 11, 2026, the Court issued an order.[5]  The Court observed that "there is an 'open and obvious' potential conflict of interest when the same attorney represents both a municipality and its employees in a § 1983 action," and that this requires the Court to address the merits of conflict issue.[6] The Court noted the Fifth Circuit's warning that "a serious problem of conflict of interest could exist in . . . 1983 actions in which one attorney represents both a county and a county official individually."[7]

The Court pointed out that there is no rule that "requires a finding of a material limitation conflict in every §1983 action involving simultaneous representation of a municipality and its

---

[1] *Nagle v. Gusman*, No. CIV.A. 12-1910, 2015 WL 1525827, at *1 (E.D. La. Apr. 2, 2015).
[2] ECF No. 20.
[3] ECF No. 24.
[4] ECF No. 25.
[5] ECF No. 27.
[6] *Id*. at *8.
[7] *Id*. at *11, *quoting Van Ooteghem v. Gray*, 628 F.2d 488, 495 n.7 (5th Cir. 1980), *reh'g en banc granted, opinion vacated on other grounds,* 640 F.2d 12 (5th Cir. 1981), *and on reh'g en banc,* 654 F.2d 304 (5th Cir. 1981).

1

employees sued in their personal capacity."[8] The Court noted, however, that "a municipality has agreed to indemnify its officer for claims for which liability can be transferred between them has repeatedly been found to be an indicator that the interests of the municipality and the officer are aligned and not in conflict."[9]

The Court ultimately concluded that it was not yet clear whether the Town had or had not "decided not to fully indemnify the individual defendants."[10] The Court therefore ordered Defendants to "notify Plaintiff in writing of the Town of Golden Meadow's decision regarding fully indemnifying the individual defendants for claims for which liability can be transferred between them within 14 days," and denied the motion without prejudice.[11] The Court held that:

> Should the Town decide not to fully indemnify, that decision could well establish the existence of a material limitation conflict for the same attorney representing both the Town and individual defendants in this §1983 case because representation of one client will be materially limited by his representation of the other. Plaintiff then may reurge her motion to disqualify.[12]

Now we have the answer. On May 22, 2026, defense counsel wrote that:

> In compliance with the Court's Order issued May 11, 2026 (Doc. 27), please be advised that the Town of Golden Meadow cannot agree at this point to fully indemnify the individual Defendants for claims for which liability can be transferred between them. This notification is provided in compliance with the Court's Order and is in no way meant or intended to be used or interpreted in any way as evidence or commentary on the Town's alignment with the individual Defendants in this case.[13]

As a result, the Court is now confronted directly with the situation that it held "could well establish the existence of a material limitation conflict." It is unknown, however, whether the individual defendants are aware that the Town has decided not to fully indemnify them, or what

---

[8] *Id.* at *12.
[9] *Id.* at *14. *See also id.* at fn. 73, collecting cases.
[10] *Id.* at *14.
[11] *Id.* at *15.
[12] *Id.* at *14-15 (emphasis added).
[13] Exhibit A.

will or will not be indemnified. Given that, this Court should disqualify defense counsel unless the

*Lou v. Lopinto* procedure is followed, modified per the Town's declination to fully indemnify:

> IT IS ORDERED that, within 14 days, counsel for Defendants file a separate Affidavit by each Defendant to establish informed consent has been provided, which Affidavit should confirm that counsel (a) met with the defendant; (b) explained the litigation, the claims against the defendant, and the ways in which the defendant's interest is potentially adverse to the interests of other defendants represented by the same counsel; (c) explained the ramifications of the potential conflicts and the ways in which counsel's representation of the defendant may be limited by its obligations to other defendants; (d) explained the effect of the Town's decision not to fully indemnify the defendant, the scope of what will and will not be indemnified, indemnification agreement and the waiver of potential conflicts; (e) confirmed that the defendant was notified that the Sheriff's Office would pay for separate counsel, if necessary; and (f) confirmed that the defendant was offered an opportunity to consult with separate counsel regarding the waiver of potential conflicts before waiving same. If anything contained in these Affidavits contain confidential client information or information subject to the attorney-client privilege or work product doctrine, the Affidavit(s) may be filed UNDER SEAL;

> IT IS FURTHER ORDERED that, within 14 days, defense counsel provide his own affidavit averring (a) that he reasonably believes that he will be able to provide competent and diligent representation to each defendant; (b) the scope of what the Town will and will not indemnify; that the Sheriff's Office has agreed to indemnify the individual defendants for compensatory and punitive damages, costs, and attorneys' fees; and (c) that counsel has met with each defendant and (1) explained the litigation, the claims against the defendant, and the ways in which the defendant's interest is potentially adverse to the interests of other defendants represented by the same counsel; (2) explained the ramifications of the potential conflicts and the ways in which counsel's representation of the defendant may be limited by its obligations to other defendants; (3) explained the effect of the Town's decision not to fully indemnify the defendant, the scope of what will and will not be indemnified, indemnification agreement and the waiver of potential conflicts; (4) confirmed that the defendant was notified that the Sheriff's Office would pay for separate counsel, if necessary; and (5) confirmed that the defendant was offered an opportunity to consult with separate counsel regarding the waiver of potential conflicts before waiving same. If anything contained in the Affidavit contains confidential client information or information subject to the attorney-client privilege or work product doctrine, the Affidavit may be filed UNDER SEAL.[14]

---

[14] *Cf. Lou v. Lopinto,* Case No. 21-80, R. Doc. 58 (E.D. La. Apr. 13, 2022).

In sum, this Motion does not aim to disqualify Mr. Detweiler as counsel. Rather, it aims to protect the integrity of a verdict in this case. If the Town will not fully indemnify the individual defendants, the process described above is the best way to do so, other than the individual defendants obtaining independent counsel.

Respectfully submitted,

/s/ William Most
HOPE PHELPS (La. Bar No. 37259)
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
Counsel for Plaintiff, Dawn Pierce

4