**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

---

| | |
|---|---|
| DAWN PIERCE, | ) |
| | ) |
| Plaintiff | ) |
| v. | )   Case No. 25-cv-02178-WJC-DPC |
| | ) |
| TOWN OF GOLDEN MEADOW, et al. | ) |
| | ) |
| Defendants. | ) |

**Order on Plaintiff's Motion to Determine Conflict-Free Counsel**

Having duly considered the *Re-Urged Motion to Determine Conflict-Free Counsel,*

IT IS HEREBY ORDERED that the Motion is GRANTED. It is ordered that each Defendant choose either Option A or Option B, and follow the instructions therein.

**Option A**: within fourteen days of this order, file an affidavit with the Court that the Defendant intends to obtain separate counsel.

**Option B**: If a Defendant wishes instead to be represented jointly by Keith Detweiler, within fourteen days of this order the Defendant shall file an Affidavit executed by them to establish informed consent has been provided, which Affidavit should confirm that counsel (a) met with the defendant; (b) explained the litigation, the claims against the defendant, and the ways in which the defendant's interest is potentially adverse to the interests of other defendants represented by the same counsel; (c) explained the ramifications of the potential conflicts and the ways in which counsel's representation of the defendant may be limited by its obligations to other defendants; (d) explained the effect of the Town's decision not to fully indemnify the defendant, the scope of what will and will not be indemnified, and the waiver of potential conflicts; (e) confirmed that the defendant was notified that the Town would pay for separate counsel, if necessary; and (f)

confirmed that the defendant was offered an opportunity to consult with separate counsel regarding the waiver of potential conflicts before waiving same. If anything contained in these Affidavits contain confidential client information or information subject to the attorney-client privilege or work product doctrine, the Affidavit(s) may be filed UNDER SEAL;

And also, within 14 days, defense counsel shall provide his own affidavit averring (a) that he reasonably believes that he will be able to provide competent and diligent representation to each defendant; (b) the scope of what the Town will and will not indemnify; and (c) that counsel has met with each defendant and (1) explained the litigation, the claims against the defendant, and the ways in which the defendant's interest is potentially adverse to the interests of other defendants represented by the same counsel; (2) explained the ramifications of the potential conflicts and the ways in which counsel's representation of the defendant may be limited by its obligations to other defendants; (3) explained the effect of the Town's decision not to fully indemnify the defendant, the scope of what will and will not be indemnified, and the waiver of potential conflicts; (4) confirmed that the defendant was notified that the Town would pay for separate counsel, if necessary; and (5) confirmed that the defendant was offered an opportunity to consult with separate counsel regarding the waiver of potential conflicts before waiving same. If anything contained in the Affidavit contains confidential client information or information subject to the attorney-client privilege or work product doctrine, the Affidavit may be filed UNDER SEAL.

SO ORDERED.

New Orleans, this _____ day of _____, 2026.


_____
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF LOUISIANA