**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DAWN PIERCE, Plaintiff | ) | |
| v. | ) | Case No. 25-cv-02178-WJC-DPC |
| TOWN OF GOLDEN MEADOW, et al. Defendants. | ) | |

**Plaintiff's Motion for Partial Summary Judgment**

Amber Sibley, a woman in Golden Meadow, Louisiana, publicly posted lingerie pictures of herself on Twitter. The pictures were advertisments for her nude photo business.

Later, Amber got into an argument on Facbeook with her fiance's aunt, Plaintiff Dawn Pierce. To show people what Amber does, Dawn re-posted Amber's public photos on Facebook.

Amber and her fiance did not like that. They called the police. Defendant Michelle Lafont, police chief of Golden Meadow, investigated the matter. She concluded that she "didn't know if there was anything" she could charge Dawn with. But Amber and her fiance kept calling the Chief. So the Chief had Dawn arrested under R.S. 14:283.2, a revenge pornography statute that criminalizes the sharing of certain kinds of private, explicit images.

That was wrong. The photos were not private. Nor did they show the body parts necessary to trigger the statute. The Chief even produced them in response to a public records request.

Dawn sued Chief Lafont for false arrest, among other claims. Plaintiff now moves for partial summary judgment against Chief Lafont. The premise of this motion is simple:

1. A false arrest is an arrest without probable cause.

2. There is no probable cause if the arrestee's conduct did not violate the statute. Here, Chief Lafont had Dawn arrested under a law that only applies to images that are both (a) private and (b) show specific body parts or sexual conduct.

3. The images were not private and did not show the body parts or sexual conduct.

Of these three points, Defendant Chief Lafont will likely only dispute number three. But there is no dispute of material fact about whether the images were private. Chief Lafont conceded that "if Amber Sibley herself had put these photos up on the Internet, then it wouldn't be legal to arrest Dawn Pierce for sharing them somewhere else." And in her police report, Chief Lafont notes that Amber herself posted the photos on the Internet. She also admitted at deposition that these images were public advertisements, not private photos. And she admitted that the photos were produced in response to a public records request. Thus, there is no genuine dispute that the photos were not private.

Nor is there any genuine dispute of material fact about whether the images show the requisite body parts or sexual conduct. The images were produced in response to a public records request and discovery, and so we can look and see whether the images show the statutory body parts or sexual conduct. They do not. Chief Lafont *says* she sees varying numbers of nipples (sometimes one, sometimes two, sometimes zero) in two of the images. But every other law enforcement officer deposed in this case testified that no such body parts are visible.

And the Court can look at the images directly and see that there are no nipples visible. Per the Supreme Court's directive in *Scott v. Harris,* 550 U.S. 372 (2007), this Court need not credit Chief Lafont's self-serving testimony about the images; the Court can simply look at the images.

Accordingly, this Court should either (1) recognize that these images were in no way private; or (2) review the two images and see that no nipples or genitals are visible; or (3) both. This Court should conclude that the images do not meet the statutory criteria, provided no basis for arrest, and grant summary judgment to Plaintiff on her § 1983 false arrest claim.

Respectfully submitted,

*/s/ William Most*

HOPE PHELPS (La. Bar No. 37259)
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
*Counsel for Plaintiff, Dawn Pierce*