**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DAWN PIERCE,<br><br>Plaintiff<br>v.<br><br>TOWN OF GOLDEN MEADOW, et al.<br><br>Defendants. | Case No. 25-cv-02178-WJC-DPC |

**Statement of Material Undisputed Facts**

1. Chief Lafont knew that Ms. Sibley had made an OnlyFans webpage and that Ms. Sibley had posted photos of herself in lingerie.[1]
2. Chief Lafont understood that Ms. Sibley "was posting these lingerie photos in public to sort of advertise and invite people to subscribe to her nude content."[2]
3. Dawn Pierce re-shared the lingerie photos on Facebook.[3]
4. Chief Lafont texted Sgt. Gaspard that she "didn't know if there was anything I could charge [Pierce] with."[4]
5. Chief Lafont obtained a warrant for Ms. Pierce's arrest and caused her to be arrested.[5]
6. The photos that Chief Lafont contends violate R.S. 14:283.2 are Exhibits G and H.[6]

[1] Ex. P (Police Report) at 1 (Sibley "and her fiancée made an OnlyFans webpage and posted pictures of her in negligees").
[2] Ex. A at 57:11-19 ("Q Okay. And so, you understood that she was posting these lingerie photos in public to sort of advertise and invite people to subscribe to her nude content. Correct? MR. DETWEILER: Objection. You can answer. THE WITNESS: Yes, sir.").
[3] Ex. A at 108:16-20 ("It was sharing them on Facebook and leaving them up.").
[4] Ex. E at 34:7-17.
[5] Ex. A (Dep. of Chief Lafont) at 16:1-3 ("Q And you obtained a warrant and then caused her to be arrested. Correct? A Yes, sir.").
[6] Ex. ZN (Defendants' Discovery Responses) at 2.

7. Chief Lafont gave the photos to the City Attorney to produce in response to a public records request.[7]

Respectfully submitted,

*/s/ William Most*

HOPE PHELPS (La. Bar No. 37259)
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
*Counsel for Plaintiff, Dawn Pierce*

[7] Ex. F at 23:7-14 ("Q. But then you gave them to the City Attorney to produce in a Public Records Request? A. Yes, sir.").