**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DAWN PIERCE,** | * | **CIVIL ACTION NO. 2:25-cv-02178** |
| **VERSUS** | * | **SECTION: L** |
| **TOWN OF GOLDEN MEADOW, MAYOR JOEY BOUZIGA, POLICE CHIEF MICHELLE LAFONT, and OFFICER TRISTIN GASPARD,** | * | **MAGISTRATE: 2** |

*************************************

## ANSWER TO DISCOVERY

NOW INTO COURT come Defendants, The Town of Golden Meadow ("Golden Meadow"), Mayor Joey Bouziga ("Mayor Bouziga"), Police Chief Michelle Lafont ("Chief Lafont") and Officer Tristin Gaspard (Officer Gaspard"), for the purpose of answering the Plaintiff's Interrogatories, Requests for Production and Requests for Admissions, to-wit:

**ANSWERS TO INTERROGATORIES TO TOWN OF GOLDEN MEADOW**

INTERROGATORY No. 1: Identify by circling the portion of any photo related to the arrest of Dawn Pierce in which nipples, genitals, pubic area, or anus are visible.

ANSWER:

See Photo 1 and Photo 2 circled by Chief Lafont.

INTERROGATORY No. 2: Identify any photo related to the arrest of Dawn Pierce depicting sexual conduct as defined in R.S. 14:283.2, and explain what the sexual conduct depicted is.

ANSWER:

See Photo 1 and Photo 2 circled by Chief Lafont.

INTERROGATORY No. 3: Identify the number of times Golden Meadow police officers have executed arrests outside of the boundaries of Golden Meadow in 2024 and 2025.

ANSWER:

None

**INTERROGATORIES TO CHIEF LAFONT**

INTERROGATORY No. 1: Identify by circling the portion of any photo related to the arrest of Dawn Pierce in which nipples, genitals, pubic area, or anus are visible.

ANSWER:

See Photo 1 and Photo 2 circled by Chief Lafont.

INTERROGATORY No. 2: Identify any photo related to the arrest of Dawn Pierce depicting sexual conduct as defined in R.S. 14:283.2, and explain what the sexual conduct depicted is.

ANSWER:

See Photo 1 and Photo 2 circled by Chief Lafont.

INTERROGATORY No. 3: Identify all law enforcement agencies at which you have been employed, including the dates of employment for each.

ANSWER:

Lafourche Parish Sheriff's Office- 1994-1996

Golden Meadow Police Department: January 1, 2025-present

INTERROGATORY No. 4: For each law enforcement agency identified in response to the prior interrogatory, identify your reason for leaving employment, including whether you were terminated or asked to resign.

ANSWER:

I resigned from the Lafourche Sheriff's Office to attend college at Nicholls State University. I was not asked to resign. I resigned at my own will.

INTERROGATORY No. 5: Identify all instances in which you have been disciplined, reprimanded, written-up, suspended, or otherwise punished by any law enforcement employer.

ANSWER:

I was suspended by the Lafourche Parish Sheriff's Office related to an incident involving driving while under influence of alcohol. I was not charged or convicted of any crime.

INTERROGATORY No. 6: Identify any authority for sending a Golden Meadow police officer to execute an arrest outside of the boundaries of Golden Meadow.

ANSWER:

I have never given authority for Golden Meadow Police Officers to execute an arrest outside of Golden Meadow. The Lafourche Parish Sheriff's Office executed the arrest warrant issued for Dawn Pierce. Officer Gaspard went along to assist.

INTERROGATORY No. 7: Identify any steps you took to determine if the photos attached to the arrest report for Dawn Pierce were publicly available or not.

ANSWER:

I spoke with Amber Sibley and Dylan Rouse who stated that the photos were private, not available to the public, and that Dawn Pierce was not given permission to post the photos on social media. I also reviewed the photos provided to me by Amber Sibley.

INTERROGATORY No. 8: Identify all persons involved in obtaining a warrant for Dawn Pierce's arrest.

ANSWER:

Chief Michelle Lafont and Judge Rebecca Robichaux

INTERROGATORY No. 9: Identify all facts supporting probable cause to arrest Dawn Pierce.

ANSWER:

Dawn Pierce obtained the photos from a friend, who had an Only Fans account and posted them on Facebook without permission from Amber Sibley. After studying the photos, I believed the photos showed nipples through the lace on the bra and showed her vaginal area through the lace on the panties sufficient to establish probable cause for the arrest of Dawn Pierce for violation of La.R.S. 14:283.2.

INTERROGATORY No. 10: Identify the precise time you first received a complaint from Amber Sibley on July 8, 2025.

ANSWER:

Sheriff's Department received call at 12:43, 12:48 dispatch to Chief from Sheriff's Office, 13:10 finished; 15:35 call to sheriff's office; 15:36 Chief contacted again, 15:37 dispatch at Sheriff told Dylan to contact Facebook and Only Fans

**INTERROGATORIES TO MAYOR BOUZIGA**

INTERROGATORY No. 1: Identify by circling the portion of any photo related to the arrest of Dawn Pierce in which nipples, genitals, pubic area, or anus are visible.

ANSWER:

I was not involved in the investigation and arrest of Dawn Pierce and did not view any photos related to this case.

INTERROGATORY No. 2: Identify any photo related to the arrest of Dawn Pierce depicting sexual conduct as defined in R.S. 14:283.2, and explain what the sexual conduct depicted is.

ANSWER:

I was not involved in the investigation and arrest of Dawn Pierce and did not view any photos related to this case.

**INTERROGATORIES TO OFFICER GASPARD**

INTERROGATORY No. 1: Identify by circling the portion of any photo related to the arrest of Dawn Pierce in which nipples, genitals, pubic area, or anus are visible.

ANSWER:

Please see the photos provided in the responses given by Chief Lafont as I was not consulted or involved in reviewing photos related to the arrest of Dawn Pierce.

INTERROGATORY No. 2: Identify any photo related to the arrest of Dawn Pierce depicting sexual conduct as defined in R.S. 14:283.2, and explain what the sexual conduct depicted is.

ANSWER:

Please see the photos provided in the responses given by Chief Lafont as I was not consulted or involved in reviewing photos related to the arrest of Dawn Pierce.

INTERROGATORY No. 3: Identify all law enforcement agencies at which you have been employed, including the dates of employment for each.

ANSWER:

Lafourche Parish Sheriff's Office- 2018-2020, 2021-2022

Grand Isle Police Department: 2020-2021, 2022-2023

Golden Meadow Police Department: 2023-2024, 2025-present

INTERROGATORY No. 4: For each law enforcement agency identified in response to the prior interrogatory, identify your reason for leaving employment, including whether you were terminated or asked to resign.

ANSWER:

Each decision to move to another agency was due to seeking better pay and I was never terminated from any position. I was asked to resign from the Golden Meadow Police Department in 2024 after a DWI arrest and told that I had to wait a year to re-apply.

INTERROGATORY No. 5: Identify all instances in which you have been disciplined, reprimanded, written-up, suspended, or otherwise punished by any law enforcement employer.

ANSWER:

I have not been disciplined, reprimanded, written up or suspended by any law enforcement employer. I was asked to resign from the Golden Meadow Police Department in 2024 after a DWI arrest and told that I had to wait a year to re-apply.

INTERROGATORY No. 6: Identify all positions you have held as a member of the Golden Meadow Police Department, including any special assignments or task forces to which you were assigned.

ANSWER:

I have been employed by the Golden Meadow Police Department as a police officer and am presently a Sergeant.

INTERROGATORY No. 7: Identify all facts supporting probable cause to arrest Dawn Pierce.

ANSWER:

See the Arrest Warrant issued by Judge Rebecca Robicheaux.

**REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

REQUEST FOR PRODUCTION No. 1: All documents which you intend to use to support any defense in this matter.

RESPONSE:

Objection. This request is premature as discovery has not been completed. Subject to the objection, at this point the followings exhibits may be used to support any defense in this matter:

1. Golden Meadow Police Department Case Narrative Report No. G-00493-25GM and any and all photographs, video, reports, etc. regarding the investigation, warrant application, issued warrant and arrest of Dawn Pierce. (previously produced)

2. Photos provided by Amber Sibley and/or Dylan Rousse to Chief Michelle Lafont.

3. Any and all Body Camera footage of the arrest and/or detention at issue in this lawsuit filed under Report No. G-00493-25GM. (previously produced)

4. State of Louisiana, Parish of Lafourche, Warrant No. G-00493-25GM. (previously produced)

5. Any documents, videos, text messages, photos, etc., produced by the Town of Golden Meadow, the Police Department and employees relative to any public records requests submitted by Plaintiff's Counsel. (previously produced)

6. Any additional documents obtained through discovery from any source.

REQUEST FOR PRODUCTION No. 2: All personnel files, including employment applications, write ups, complaints, and discipline, for each individual defendant and also for Michael Kreamer.

RESPONSE:

See attached

REQUEST FOR PRODUCTION No. 3: All employee or officer indemnification policies of the Town of Golden Meadow or the Golden Meadow Police Department.

RESPONSE:

Risk Management, Inc. indemnity policy has been requested.

REQUEST FOR PRODUCTION No. 4: All records retention schedules for the Town of Golden Meadow and the Golden Meadow Police Department.

RESPONSE:

The information has been requested.

REQUEST FOR PRODUCTION No. 5: All reports, investigations, memoranda, or other documents related to any alleged or suspected document destruction by Troy Dufrene.

RESPONSE:

Objection. The request seeks information that pre-dates the incident at issue, information that is not relevant and not proportional to the claims at issue. The request also seeks information that may be in possession of third parties and confidential information that may be part of an ongoing criminal investigation which is therefore, confidential.

REQUEST FOR PRODUCTION No. 6: All text messages, emails, social media messages, or other correspondence, from January 1, 2025 to the present, containing any of the following noncase-sensitive keywords: “dawn pierce” OR “ms. pierce” OR “pierce, dawn” OR “dylan” OR “rousse” OR “amber” OR “sibley” OR “silbey” OR “onlyfans” OR “283.2” OR “14:283.2” OR “nonconsensual disclosure” OR “private image” OR “see through” OR “see-through” OR “lawsuit” OR “sued” OR “cranney”

RESPONSE:

The Defendants have no documents responsive to this request other than the documents previously produced to Plaintiff through public records requests and by providing access to various phones.

REQUEST FOR PRODUCTION No. 7: All text messages between Joey Bouziga and Dylan Rousse, from January 1, 2025 to the present.

RESPONSE:

The Defendants have no documents responsive to this request other than the documents previously produced to Plaintiff through public records requests and by providing access to various phones.

REQUEST FOR PRODUCTION No. 8: All text messages between any individual Defendant and Michael Kreamer, from July 7, 2025 to the present.

RESPONSE:

Objection. The request appears to seek information that may not be relevant to or proportional to this case, information that may be confidential and information that may exceed the scope of discovery allowed in his case. Subject to the objection, the requested information has been requested.

REQUEST FOR PRODUCTION No. 9: All text messages and emails and other correspondence between any individual Defendant and any other individual Defendant from July 7 to July 21, 2025.

RESPONSE:

The Defendants have no documents responsive to this request other than the documents previously produced to Plaintiff through public records requests and by providing access to various phones.

REQUEST FOR PRODUCTION No. 10: The entire Golden Meadow Police Department policy manual.

RESPONSE: The Golden Meadow Police Department does not have a policy manual.

REQUEST FOR PRODUCTION No. 11: All call logs and call history for July 7-10, 2025, for each individual Defendants' cell phone and any other phone used by any individual Defendant.

RESPONSE:

The Defendants have no documents responsive to this request other than the documents previously produced to Plaintiff through public records requests and by providing access to various phones.

REQUEST FOR PRODUCTION No. 12: All police reports reflecting arrests by Golden Meadow police officers outside of the boundaries of Golden Meadow.

RESPONSE:

None

REQUEST FOR PRODUCTION No. 13: All insurance policies covering the allegations of this lawsuit.

RESPONSE:

Risk Management, Inc. indemnity Agreement will be produced.

**REQUESTS FOR ADMISSION TO ALL DEFENDANTS**

REQUEST FOR ADMISSION No. 1: The photos attached to the arrest documentation of Dawn Pierce were the basis for the arrest of Dawn Pierce.

RESPONSE:

Admit

REQUEST FOR ADMISSION No. 2: Some of the photos attached to the arrest documentation of Dawn Pierce said "SUBSCRIBE TO SEE USER'S POSTS."

RESPONSE:

Denied

REQUEST FOR ADMISSION No. 3: The notation "SUBSCRIBE TO SEE USER'S POSTS" indicates that a photo is not behind a paywall.

RESPONSE:

Denied

REQUEST FOR ADMISSION No. 4: The photos attached to the arrest documentation of Dawn Pierce were publicly available on the internet.

RESPONSE:

Denied

REQUEST FOR ADMISSION No. 5: In the photos attached to the arrest documentation of Dawn Pierce, Amber Sibley's nipples, public hair, and genitalia are not visible.

RESPONSE:

Denied

REQUEST FOR ADMISSION No. 6: In the photos attached to the arrest documentation of Dawn Pierce, Amber Sibley is not wearing "see-through" clothing.

RESPONSE:

Denied

REQUEST FOR ADMISSION No. 7: If the photos attached to the arrest documentation of Dawn Pierce were obtained from someone who had an OnlyFans account, then they were not obtained through unauthorized access.

RESPONSE:

Denied

REQUEST FOR ADMISSION No. 8: The photos attached to the arrest documentation of Dawn Pierce were advertisements for Ms. Sibley's commercial enterprise of selling photos and videos.

RESPONSE:

Denied

REQUEST FOR ADMISSION No. 9: The photos attached to the arrest documentation of Dawn Pierce do not show genitals, pubic area, or anus, or nipples.

RESPONSE:

Denied

REQUEST FOR ADMISSION No. 10: The photos attached to the arrest documentation of Dawn Pierce do not show a person who is engaged in sexual conduct as defined as actual or simulated

vaginal, anal, or oral sexual intercourse; deviant sexual intercourse; sexual bestiality; masturbation; sadomasochistic abuse; or exhibition of the genitals.

RESPONSE:

Denied

REQUEST FOR ADMISSION No. 11: Michelle Lafont is a chief policymaker for the Golden Meadow Police Department.

RESPONSE:

Denied. Calls for a legal conclusion.

REQUEST FOR ADMISSION No. 12: Joey Bouziga is a chief policymaker for the Town of Golden Meadow.

RESPONSE:

Denied. Calls for a legal conclusion.

REQUEST FOR ADMISSION No. 13: Joey Bouziga works with Dylan Rousse.

RESPONSE:

Denied

REQUEST FOR ADMISSION No. 14: For the sharing of an image to violate R.S. 14:283.2, the image must show a person "either whose intimate parts are exposed in whole or in part or who is engaged in sexual conduct."

RESPONSE:

Denied. Calls for a legal conclusion, statute speaks for itself.

REQUEST FOR ADMISSION No. 15: For the sharing of an image to violate R.S. 14:283.2, the image must have been obtained through unauthorized access or under circumstances in which a reasonable person would know or understand that the image was to remain private.

RESPONSE:

Denied. Calls for a legal conclusion, statute speaks for itself.

REQUEST FOR ADMISSION No. 16: July 8, 2025 at 1243 hours is the time Amber Sibley spoke to dispatcher Ben Constant.

RESPONSE:

Cannot admit or deny, see CAD notes.

REQUEST FOR ADMISSION No. 17: July 8, 2025 at 1243 hours is not the time Chief Michelle Lafont received a complaint from Amber Sibley.

RESPONSE:

It is admitted that the complaint from Amber Sibley was received at 12:43 hours and was assigned to Chief Michelle Lafont.

REQUEST FOR ADMISSION No. 18: The Town of Golden Meadow will fully indemnify each individual Defendant for all relief obtained through this litigation.

RESPONSE:

Objection. The request is vague and ambiguous and cannot be admitted or denied as written.

Dated: January 16, 2026

Respectfully submitted,

**NIELSEN & TREAS, LLC**

*/s/ Keith M. Detweiler*
Keith M. Detweiler, LA S.B. #20784
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500
F: (504) 603-0730
Email: kdetweiler@nt-lawfirm.com
*Counsel for Defendants, Town of Golden Meadow, Mayor Joey Bouziga, Chief Michelle Lafont and Officer Tristin Gaspard*