**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DAWN PIERCE,** | * | **CIVIL ACTION NO. 2:25-cv-02178** |
| | * | |
| | * | |
| **VERSUS** | * | **SECTION: C** |
| | * | |
| | * | |
| **TOWN OF GOLDEN MEADOW, MAYOR JOEY BOUZIGA, POLICE CHIEF MICHELLE LAFONT, and OFFICER TRISTIN GASPARD,** | * * * * * | **MAGISTRATE: 2** |

**************************************

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW INTO COURT, through undersigned counsel, come Defendants, Town of Golden Meadow and Police Chief Michelle Lafont ("Chief Lafont"), who respectfully oppose Plaintiff's motion for partial summary judgment and contend that Plaintiff's motion must be denied because legal probable cause for the arrest of Dawn Pierce was established at the time of her arrest through an arrest warrant issued on July 8, 2025, by Judge Rebecca Robicheaux of the 17th Judicial District Court for the Parish of Lafourche. Therefore, Plaintiff's argument that probable cause for the arrest of Dawn Pierce did not exist on July 8, 2025 is factually and legally wrong, and therefore, for these reasons and the additional reasons set forth herein, Plaintiff's partial motion for summary judgment must be denied.

## I. Plaintiff's Argument

Plaintiff alleges that there was no probable cause to arrest her on July 8, 2025 for violation of La. R.S. 14:283.2, because the photographs of Amber Sibley shared by Dawn Pierce without Amber Sibley's permission were public photos and not private, and the photos do not depict body parts or sexual conduct sufficient to trigger an arrest under La. R.S. 14:283.2. Plaintiff argues that

deposition testimony from Chief Lafont, Amber Sibley, and other law enforcement personnel more than a year later who were not involved in Chief Lafont's investigation; information not known to Chief Lafont at the time of her investigation; and the use by Counsel of various versions of images of Amber Sibley to reenact and second guess the investigation completed solely by Chief Lafont on July 8, 2025, disprove Chief Lafont's belief that there was sufficient probable cause to apply for and obtain a warrant for the arrest of Dawn Pierce. Plaintiff further self-servingly concludes that the photos of Amber Sibley posted by Dawn Pierce were not private, the photos do not depict any body parts or sexual activity sufficient to trigger the statute, and thus, there was no probable cause to arrest Dawn Pierce for posting public photos that do not depict body parts or sexual content sufficient to trigger the statute.

The Defendants disagree and respectfully urge this Honorable Court to deny Plaintiff's motion because probable cause for the arrest of Dawn Pierce for violation of La. 14:293.2 was legally established on July 8, 2025 based on the information known to and perceived by Chief Lafont as a result of her investigation and Chief Lafont's perception of the images; Chief Lafont's good faith reliance on the word of Amber Sibley who she had no reason to disbelieve; Chief Lafont's application for the arrest warrant, and as a result of the finding of probable cause and issuance of the arrest warrant by Judge Rebecca Robicheaux, an independent intermediary. In addition, there has never been a legal determination by any court that probable cause for the arrest of Dawn Pierce as established by the information known to Chief Lafont on July 8, 2025 and legally confirmed by the issuance of the arrest warrant did not exist. Therefore, Plaintiff's motion for partial summary judgment claiming probable cause for the arrest of Dawn Pierce did not exist must be denied.

## II. Statement of Contested Facts

Plaintiff claims that the facts in support of her partial motion for summary judgment are simple and establish that 1) the photos at issue were public photos, 2) the photos do not show naked body parts or sexual content sufficient to trigger La. R.S. 14:283.2, and 3) therefore, there was no probable cause to arrest Dawn Pierce for violation of La. R.S. 14:283.2. Plaintiff is wrong and her motion must be denied.

The Defendants have filed a response to Plaintiff's Statement of Material Undisputed Facts which disputes the factual basis for Plaintiff's motion and also includes an additional statement of indisputable facts that further establish that Chief Lafont had sufficient probable cause to apply for the arrest warrant for the arrest of Dawn Pierce and that legal probable cause was established by an independent intermediary, Judge Rebecca Robicheaux, on July 5, 2025, and therefore Plaintiff's motion must be denied. See attached Response/Opposition to Statement of Material Undisputed Facts filed by the Defendants.

## III. Additional Statement of Indisputable Material Facts

In addition to the response/opposition to the Material Undisputed Facts asserted by Plaintiff, the Defendants also provide a statement of indisputable facts in further opposition to the motion for summary judgment to further establish that legal probable cause was judicially determined by the independent intermediary for the arrest of Dawn Pierce for violation of La. R. S. 14:283.2 on July 8, 2025 and therefore Plaintiff's motion for partial summary judgment must be rejected and denied. See attached Additional Material Indisputable Facts filed in support of this response.

## IV. Probable Cause For Arrest of Dawn Pierce

### a. False Arrest

To prevail on a false arrest claim, plaintiff must show that the officer did not have probable cause to make an arrest. *Anokwuru v. City of Houston*, 990 F.3d 956, 963 (5th Cir. 2021); *Haggerty v. Texas Southern University*, 391 F.3d 653, 655 (5th Cir. 2004).

Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest. *Porter v. Lear*, 751 Fed.Appx. 422, 430 (5th Cir. 2018); *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir.1995).

Moreover, evidence that the arrestee was innocent of the crime is not necessarily dispositive of whether the officer had probable cause to conduct the arrest - probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. *Curtis v. Anthony*, 710 F.3d 587, 595 (5th Cir. 2013). In fact, an officer's own testimony regarding the occurrence of an arrestable violation can by itself support a finding of probable cause, even in the face of the plaintiff's denial of that violation. *Deville v. Marcantel*, 567 F.3d 156, 165 (5th Cir. 2009).

**b. Probable Cause**

Probable cause is a relatively low threshold - "something more than a bare suspicion, but need not reach the fifty percent mark." *U.S. v. Williams*, 836, Fed.Appx. 310, 312 (5th Cir. 2021); *U.S. v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999).

It is well understood that probable cause is established where the facts and circumstances within an officer's knowledge and of which she has reasonable trustworthy information sufficient to warrant a woman of reasonable caution to believe that an offense has been or is being committed. *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019); *Piazza v. Mayne*, 217 F.3d 239, 245 (5th

Cir. 2000). Importantly, whether probable cause exists is judged based on the facts and circumstances within an officer's knowledge at the moment of arrest. *Haggerty*, 391 F.3d at 655.

It doesn't matter whether the offense is a felony or a misdemeanor, or whether the offense was committed in the officer's presence. *Sam v. Richard*, 887 F.3d 710, 715 n.6 (5th Cir. 2018). Likewise, it doesn't matter if the arrestee was ever charged or convicted of the crime for which the officer arrests her. Rather, for plaintiff to prevail on a claim of either false arrest or illegal detention, the relevant actors must not be aware of facts constituting probable cause to arrest or detain the person for any crime. *Cole v. Carson*, 802 F.3d 752, 764 (5th Cir. 2015); *O'Dwyer v. Nelson*, 310 Fed.Appx. 741, 745 (5th Cir.2009).

"The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). "The Fourth Amendment requires that an arrest be supported by a properly issued arrest warrant or probable cause." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001). "Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest [even if] the innocence of the suspect is later proved." *Pierson v. Ray*, 386 U.S. 547, 555 (1967).

**c. Independent Intermediary**

In *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) the Fifth Circuit stated the following with respect to the independent intermediary doctrine: "It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (*citing Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 949

(5th Cir. 2003) (en banc)). "[T]he initiating party may be liable for false arrest," however, "if the plaintiff shows that the 'deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *Id.* (*quoting Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)). But, "because the intermediary's deliberations protect even officers with malicious intent," a plaintiff must show that the official's malicious motive led the official to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission. *Buehler v. City of Austin/Austin Police Dep't*., 824 F.3d 548, 555 (5th Cir. 2016) (*citing Hand*, 838 F.2d at 1427).

"Generally, if an independent intermediary, such as a justice of the peace, authorizes an arrest, then the initiating party cannot be liable for false arrest. *Shaw v Villanueva*, 918 F.3d 414 (5th Cir. 2019) "[E]ven an officer who acted with malice in procuring the warrant . . . will not be liable if the facts supporting the warrant . . .are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's independent decision breaks the causal chain and insulates the initiating party." *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988)

**d. Plaintiff's Reliance on *Rogers v Smith* Must Be Rejected**

Plaintiff erroneously relies upon the matter of *Rogers v. Smith*, 20-517, R. Doc. 195 (E.D.La., May 13, 2022), wherein Plaintiff's motion for summary judgment seeking a ruling declaring no probable cause existed for the arrest of the Plaintiff was granted. At page 17 of the memorandum, Plaintiff self-servingly claims that this case is very similar to *Rogers* in that unwelcome communication was reported to police; law enforcement investigated; looked at the law; obtained a warrant and caused the arrest of Rogers for criminal defamation. Plaintiff sued for false arrest and false imprisonment claiming there was no probable cause for the arrest despite the warrant and the Court agreed and granted Plaintiff's summary judgment because the arrest for

criminal defamation could not apply to the fact pattern and therefore, probable cause for the arrest could not exist. However, Plaintiff's version of what occurred is not accurate and must be rejected.

The Defendants dispute Plaintiff's reliance upon *Rogers* because the facts in *Rogers* are far from similar to the facts at issue herein. In *Rogers*, the officers were advised that the criminal defamation statute had been determined unconstitutional and could not be used to arrest the Plaintiff. Despite the admonition, the officers claimed there was probable cause in an arrest warrant application for violation of the unconstitutional criminal defamation statute, obtained the warrant and arrested Rogers for violation of the unconstitutional criminal defamation statue. As a result, it is not surprising that the District Court in the *Rogers* case determined there could be no probable cause for the arrest of Rogers for violating an unconstitutional statute and granted summary judgment. Plaintiff's argument is misleading and must be rejected.

**e. Legal Probable Cause for Arrest of Plaintiff Was Established on July 8, 2025**

In this matter, the facts and circumstances known to Chief Lafont on July 8, 2025 at the time she chose to apply for an arrest warrant for the arrest of the Plaintiff for violation of La. R.S. 14:283.2 establish legal probable cause for the arrest as confirmed by Judge Robicheaux, an independent intermediary, when she issued the arrest warrant. (Ex. 1, ¶¶2-18; Ex. 2; Ex. 3; Ex. 4; Ex. 5; Ex. 6; Ex. 7; Ex. 8; and Ex. 9)

Plaintiff's motion ignores the fact that Chief Lafont conducted an investigation that included interviewing Amber Sibley, reviewing the photos that Amber Sibley provided to her that Amber Sibley claimed were taken from a private subscriber only account and posted publicly to Facebook by Dawn Pierce without Amber Sibley's permission; that Chief Lafont believed that Amber Sibley's nipple was visible in two of the private photos posted publicly without Amber Sibley's permission which has been confirmed by Amber Sibley; that Chief Lafont consulted with

Lt. Ray Traigle of the Lafourche Parish Sheriff's Office who referred her to La. R.S. 14:283.2; that Chief Lafont reviewed La. R.S. 14:283.2 and determined that based on her collective investigation and perception that she could see Amber Sibley's nipple in two of the photos, that Chief Lafont believed she had sufficient probable cause to arrest Dawn Pierce for violation of La. R.S. 14:283.2 but rather than arrest Dawn Pierce without a warrant, Chief Lafont took the additional step to apply for an arrest warrant which was submitted to Judge Rebecca Robicheaux of the 17th Judicial District Court for the Parish of Lafourche and Judge Robichaux, an independent intermediary, agreed and judicially determined that there was legal probable cause for the arrest of Dawn Pierce for violation of La. R.S. 14:283.2 on July 8, 2025.

Plaintiff's version of the facts is contested because Plaintiff fails to acknowledge that legal probable cause for the arrest of Dawn Pierce for violation of 14:283.2 was established on July 8, 2025 when Judge Robicheaux, an independent intermediary, reviewed, signed and issued the warrant for Dawn Pierce's arrest. Plaintiff's argument that information developed after the lawsuit establishes that there was no probable cause to arrest Dawn Pierce on July 8, 2025 must be rejected, because the focus of the analysis must be on what was known to and perceived by Chief Lafont at the time she applied for the arrest warrant, and not based on information only learned after the lawsuit was filed and based on the testimony of third persons who were not involved in the investigation or decision to apply for the warrant on July 8, 2025 and whose personal opinions after the fact are irrelevant.

As a result, it is indisputable that legal probable cause existed at all times pertinent herein for the arrest of Dawn Pierce on July 8, 2025 for violation of La. R.S. 14:283.2 as confirmed by the independent intermediary, which shields Chief Lafont from any liability regarding the

subsequent arrest of Dawn Pierce pursuant to the legally obtained arrest warrant. Therefore, Plaintiff's motion for partial summary judgment must be denied.

**V. Qualified Immunity**

In addition, Chief Lafont has asserted the affirmative defense of qualified immunity. (Dkt. 6) Government officials are entitled to assert claims of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Vaughn v. U.S. Small Business Administration*, 65 F.3d 1322, 1325 (6th Cir. 1995); *Sveeggen v. U.S.*, 988 F.2d 829, 831 (8th Cir. 1993). Dismissal is appropriate where the complaint itself establishes the circumstances necessary as a predicate to a finding of qualified immunity. *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995); *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993); *Green v. Maraio*, 722 F.2d 1013, 1019 (2d Cir. 1983). The same is also true where the complaint fails to allege any facts that would cast doubt on or invite inquiry as to the scope of an immunity based on the defendant's alleged malice or bad faith. *Franklin v. Zuber*, 56 F.R.D. 601, 604 (S.D.N.Y. 1972.)

Probable cause to arrest "is not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). And in the qualified immunity context, "[e]ven law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

The Defendants assert that the indisputable facts regarding the investigation conducted by Chief Lafont and the executed warrant for the arrest of Dawn Pierce issued by an independent intermediary, District Judge Rebecca Robicheaux of the 17th Judicial District Court for the Parish

of Lafourche establish as a matter of law that there was legal probable cause for the arrest of Plaintiff, Dawn Pierce, for violation of La. R.S. 14:283.2. Defendant, Chief Lafont further submits that her actions at all times were objectively reasonable under the circumstances known to her at the time, her actions were at all times supported by legal probable cause, and therefore, she is entitled to the protections of Qualified Immunity.

**VI. Conclusion**

As set forth above, it is clear from the record that there was legal probable cause on July 8, 2025 to arrest Dawn Pierce for violation of La. 14:283.2 as established by the arrest warrant issued by Judge Rebecca Robicheaux, an independent intermediary, and Defendants therefore dispute Plaintiff's assertion that there was no probable cause for the arrest. As a result, the Defendants respectfully urge this Honorable Court to deny Plaintiff's Partial Motion for Summary Judgment and determine that there was legal probable cause for the arrest of Dawn Pierce on July 8, 2025 for violation of La. R.S. 14:283.2.

Dated: October 27, 2026

Respectfully submitted,

NIELSEN & TREAS, L.L.C.

*<u>/s/ Keith M. Detweiler</u>*
Keith M. Detweiler, La. S.B. #20784
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500
F: (504) 603-0730
Email: kdetweiler@nt-lawfirm.com
*Counsel for Defendants, Town of Golden Meadow and Chief Michelle Lafont*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of October, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Keith M. Detweiler*
Keith M. Detweiler