EXHIBIT
1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DAWN PIERCE,** | * * * | **CIVIL ACTION NO. 2:25-cv-02178** |
| **VERSUS** | * * * | **SECTION: L** |
| **TOWN OF GOLDEN MEADOW, MAYOR JOEY BOUZIGA, POLICE CHIEF MICHELLE LAFONT, and OFFICER TRISTIN GASPARD,** | * * * * * | **MAGISTRATE: 2** |

**************************************

**AFFIDAVIT**

**BEFORE ME,** the undersigned authority, personally came and appeared:

**MICHELLE LAFONT**

who, after first being duly sworn, did depose and say that:

1. At all times pertinent herein, I was and am still the duly elected Chief of Police for the Town of Golden Meadow, Louisiana. I have personal knowledge of all the testimony attested to in this Affidavit and am making this attestation, sworn under the penalty of perjury.

2. On July 8, 2025, I was on duty and received a call to handle a complaint called in by Amber Sibley claiming that photos from her online Only Fans account had been screenshotted and posted on Facebook.

3. I called Amber Sibley who stated that she and her fiancé, Dylan Rouse, had made an Only Fans webpage which was a subscriber only private account and posted pictures of her in negligees. Amber Sibley further explained that someone who has an Only Fans account screen shotted pictures of her and sent them to Dawn Pierce without Amber Sibley's permission, then Dawn

7. I reviewed the statute and determined that based upon my discussions with Amber Sibley and my review of the photographs from Amber Sibley's subscriber account posted by Dawn Pierce without Amber Sibley's permission, that there was sufficient probable cause to believe that Dawn Pierce had violated La. R.S. 14:283.2 because Dawn Pierce, without permission from Amber Sibley, posted photos of Amber Sibley that Amber Sibley told me were available only on a private subscriber account, to Facebook that depicted Amber Sibley in lingerie that appeared to me to be see through to the point that I could see Amber Sibley's exposed nipple in two of the photos.

8. As a result, I drafted an Affidavit For Arrest Warrant in the Lafourche Parish online warrant system. The application was reviewed and approved by Judge Rebecca Robichaux of the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, who determined that there was probable cause for the arrest of Dawn Pierce for violation of La. R.S. 14:283.2 and thereby issued a warrant for Dawn Pierce's arrest dated July 8, 2025.

9. I advised Golden Meadow Police Officer Tristin Gaspard, who was working the evening patrol shift in Golden Meadow on July 8, 2025, that an arrest warrant had been issued for Dawn Pierce, who resided in Lafourche Parish, and asked that he notify the Lafourche Parish Sheriff's Office of the warrant and ask if they would go to Dawn Pierce's residence to arrest her.

10. I was notified later that evening that Officer Gaspard and Sgt. Michael Kraemer of the Lafourche Parish Sheriff's Office went to Dawn Pierce's residence where Dawn Pierce was arrested by Sgt. Kreamer pursuant the arrest warrant issued by Judge Robichaux.

11. On July 8, 2025, I applied for the arrest warrant for Dawn Pierce to be arrested for violation of La. R.S. 14:283.2, because I believed at that time, based upon my investigation, the information obtained from Amber Sibley and known to me at the time, and based upon my perception of the

images of Amber Sibley depicted in the photos, that there was probable cause to arrest Dawn Pierce for violation of La. R.S. 14:283.2.

12. My belief that there was sufficient probable cause was based on the information known to me from my investigation which revealed that Amber Sibley told me that Dawn Pierce obtained photos of Amber Sibley without Amber Sibley's permission; that Amber Sibley told me that the photos were private photos only available from her Only Fans subscriber account; that Amber Sibley told me that Dawn Pierce posted these photos on Facebook without Amber Sibley's permission; that Amber Sibley asked Dawn Pierce to take the photos off of Facebook and Dawn Pierce refused; that the photos posted on Facebook of Amber Sibley by Dawn Pierce without Amber Sibley's permission depicted her in lingerie and in two of the photos, it appeared to me that the lingerie was see through and Amber Sibley's nipple could be seen in two of the photos posted by Dawn Pierce on Facebook without Amber Sibley's permission. Therefore, I believed at the time based on the information known to me and my perception of the two photos depicting Amber Sibley's nipple that there was sufficient probable cause to apply for an arrest warrant for the arrest of Dawn Pierce for violation of La. R.S. 14:283.2.

13. Amber Sibley never told me that any of these photos, especially the two photos that I perceived to show Amber Sibley's nipple were available anywhere else to the public on the internet or any website where the photos might be viewed without a subscriber account to persons over the age of 18. Amber Sibley never told me that these photos including the two photos that I perceived to show Amber Sibley's nipple were available to persons over the age of 18 on "X" or Twitter as suggested by Plaintiff's Counsel.

14. When I drafted the application and affidavit submitted for the Arrest Warrant, I did not intentionally choose to exclude information or intentionally include any information that was meant to deceive the Judge or falsely create probable cause where there was no probable cause.

15. When I drafted the application and affidavit submitted for the Arrest Warrant, I acted at all times in good faith and included the information that I believed was relevant to the issue of probable cause developed through my investigation and included information that I perceived to be accurate and correct to the best of my personal knowledge and based on my investigation of the complaint and information received from Amber Sibley. I believed that Amber Sibley was telling me the truth and found no reason at that time to disbelieve the information that she provided.

16. At the time that I received the complaint from Amber Sibley on July 8, 2025, I did not know Dawn Pierce; I had no prior knowledge of or contact with Dawn Pierce; and I did not apply for the arrest warrant or seek to have Dawn Pierce arrested for any malicious reason or to intentionally cause her any harm as alleged.

17. During my deposition that was held via Zoom teleconference and not in person, Plaintiff's Counsel showed me a number of images of Amber Sibley, including several different copies of the two photographs of Amber Sibley that I had identified as the photos of Amber Sibley that I believed revealed her nipple that served as the basis of my decision to apply for and obtain the arrest warrant for Dawn Pierce. During the deposition, some of the various photos shown to me were not clearly visible at times and Plaintiff's Counsel wanted to know if at that time I could see Amber Sibley's nipples. There were times during the deposition where the image shown to me on the laptop screen was not clearly visible or did not appear as it did to me on July 8, 2025, and at times during the deposition I could not see the exposed nipple in the photos as I had seen and perceived them on July 8, 2025 when I viewed actual printed out copies of the photos that I

believed depicted Amber Sibley's exposed nipple and served the basis of my belief that there was probable cause and my decision to apply for the warrant.

18. I conducted the entire investigation of Amber Sibley's complaint on July 8, 2025 by myself and my decision to apply for and obtain the arrest warrant for Dawn Pierce was based upon my investigation; my review of the statute; my good faith belief that the information provided to me by Amber Sibley was true, correct and complete; my perception of the photos depicted in Exhibits A & B on July 8, 2025 and my belief that Amber Sibley's nipple could be seen in the two photos; and my good faith perception and belief that there was probable cause for the arrest of Dawn Pierce for violation of La. R.S. 14:283.2.

Further, Affiant sayeth not.

**SWORN AFFIDAVIT**

Pursuant to 28 U.S. Code § 1746(1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on the 20 day of October, 2026.

Michelle Lafont
MICHELLE LAFONT

SWORN TO AND SUBSCRIBED BEFORE ME,
THIS 20th DAY OF OCTOBER 2026.

NOTARY PUBLIC

MY COMMISSION EXPIRES UPON my death.

STATE OF LOUISIANA • UNION • JUSTICE • CONFIDENCE
OFFICIAL SEAL
KEITH M. DETWEILER
NOTARY ID # 33713
STATE OF LOUISIANA
PARISH OF JEFFERSON
My Commission Is for Life