**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DAWN PIERCE,<br><br>Plaintiff<br>v.<br><br>TOWN OF GOLDEN MEADOW, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 25-cv-02178-WJC-DPC |

**Plaintiff's Reply in Support of Motion for Partial Summary Judgment**

Chief Lafont arrested Plaintiff Dawn Pierce under a statute that only criminalizes the sharing of photos if the photos both (1) were private and (2) show nipples or genitals. R.S. 14:283.2. Plaintiff moved for partial summary judgment (R. Doc. 38-1) on her false arrest claim because the undisputed evidence shows that the photos were *neither* private *nor* showed nipples or genitals.

Chief Lafont filed an opposition. R. Doc. 44. That brief is notable for what it does <u>not</u> say.

- It does not say that the photos actually show nipples or genitals.
- It does not say that the photos actually were private.

The brief presumably does not say these things for Rule 11 reasons. Defense counsel cannot ethically tell this Court that the photos show body parts they plainly do not.

The core of Chief Lafont's defense is that she "perceived" nipples, whether or not they were actually there. No other law enforcement officer or district attorney[1] has ever been able to see these nipples, and the photos themselves do not show them. But Chief Lafont argues that so long

---

[1] Subsequent to the filing of Plaintiff's motion for summary judgment, Plaintiff obtained the district attorney's screening memorandum for the case. It notes that "these pictures do not show 'fully unclothed, partially unclothed, or transparently clothed genitals, pubic area, or anus.' Also the nipples are not partially or fully exposed and cannot be seen thru transparent clothing." Ex. A.

as she *says* she saw nipples – whether or not they were real – she should not be liable for false arrest. But that is entirely non-responsive to the legal standard: false arrest is judged on an objective, not a subjective basis. For that reason, what Chief Lafont says she thinks she saw is irrelevant. The question is whether there objectively was probable cause to arrest Ms. Pierce under the statute. The answer to that question is no. Partial summary judgment should issue.

**A. This Court should grant partial summary judgment because the core premise of Chief Lafont's brief – that her idiosyncratic "beliefs" defeat false arrest – is incorrect.**

Chief Lafont's brief does not argue that the photos were actually private, or actually showed nipples or genitals. Instead, she contends that what matters is what was going on in her head: that she had "a perception that she could see" a nipple in two of the photos. R. Doc. 44 at 8. And as a result, Lafont argues that plaintiff must "disprove Chief Lafont's belief" to prevail. *Id.* at 2.

Chief Lafont does not, however, provide any authority for her proposed "the plaintiff must disprove my beliefs" legal standard. And it is compeletly wrong. A false arrest claim arises from the Fourth Amendment, which prohibits "unreasonable" seizures. U.S. Const., Amend. IV. As a result, the United States Supreme Court and the Fifth Circuit have repeatedly held that such a claim is judged based on an objective, not a subjective standard. *Mesa v. Prejean*, 543 F. 3d 264, 273 (5th Cir. 2008) ("Probable cause is an objective standard."); *Williams v. Divitoria*, 777 F. Supp. 1332, 1339 n.9 (E.D. La. 1991) ("When testing the legitimacy of an arrest for purposes of a false arrest claim, courts use an objective standard.") An officer's personal beliefs are therefore completely irrelevant to the analysis. *Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.")

As Justice Scalia explained in *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004), the "Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain

circumstances, *whatever* the subjective intent." *Emphasis in original, quoting Whren* at 814. He noted that evenhanded "law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer." *Id.*

Thus, the primary premise of Chief Lafont's brief – that her personal beliefs about nipples are what controls, not the objective facts – is false. Summary judgment should issue.

**B. This Court should grant partial summary judgment because Chief Lafont does not dispute any material fact.**

Plaintiff offered seven material facts that form the basis of her motion for partial summary judgment. R. Doc. 38-2. Chief Lafont does not dispute any of them. R. Doc. 44-1. Notably, Chief Lafont does not dispute that:

- She testified she knew Amber Sibley posted the photos online herself.
- She testified she knew Sibley posted the photos as advertisements.[2]
- She said she "didn't know if there was anything" she could charge Pierce with.
- She caused Pierce to be arrested.
- She gave the photos to the City Attorney to produce for a public records request.

The closest Chief Lafont comes to trying to dispute a fact is Material Fact # 3, which is a verbatim quote from Chief Lafont's deposition: "Chief Lafont understood that Ms. Sibley 'was posting these lingerie photos in public to sort of advertise and invite people to subscribe to her nude content.'" R. Doc. 38-2, citing R. Doc. 38-5 at at 57:11-19.

[2] R.S. 14:283.2(B)(3) prohibits criminal liability when "the person depicted in the image voluntarily or knowingly exposed his or her intimate parts or engaged in sexual conduct in a public setting." So this fact alone would defeat probable cause.

Chief Lafont does not deny that she testified to that, or that she understood that Ms. Sibley posted the photos as advertisements. Instead, she responds with a confusing paragraph that begins: "Defendants dispute that Chief Lafont understood at the time she applied for the arrest warrant that all of the photos of Amber Sibley, including the photos of Amber Sibley that depicted her nipple were posted in public, as Amber Sibley never did tell Chief Lafont that the photos that depicted Amber Sibley's nipple that were relied upon as the basis of the arrest warrant were available to the public on any website." R. Doc. 44-1. But the material fact does not ask about *all* photos, or what Ms. Sibley told Chief Lafont. Given that there is no real dispute of any fact material to Plaintiff's motion, this Court should grant the motion.

### C. This Court should grant partial summary judgment because Chief Lafont does not address the exceptions to the independent intermediary doctrine.

In her brief, Chief Lafont raises a defense under the independent intermediary doctrine. She correctly states that under that doctrine, a warrant signed by a neutral magistrate will sometimes immunize an officer from liability for false arrest. R. Doc. 44 at 5. Chief Lafont's analysis stops there: she contends that because there was a warrant, she cannot be liable. R. Doc. 44 at 8.

But as Plaintiff's motion pointed out, there are exceptions to the independent intermediary doctrine. For example, under *Franks v. Delaware*, 438 U.S. 154 (1978), a warrant will not immunize an officer if the officer provides false information or omits important information from the judge. And under *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012), a warrant will not immunize an officer if "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." Plaintiff invoked both these exceptions in her motion (R. Doc. 38-1 at 9), explaining how Chief Lafont had falsely told the judge that Dawn had shared "private images of Amber in see

through underwear" and how no reasonable officer would seek a warrant for conduct that was not illegal. Chief Lafont, however, does not rebut – or even acknowledge – these exceptions in her brief. Accordingly, the independent intermediary defense should be rejected, and partial summary judgment granted.

**D. This Court should grant partial summary judgment because Chief Lafont does not engage in any meaningful qualified immunity analysis.**

Chief Lafont's brief invokes qualified immunity, and offers two paragraphs of general statements about qualified immunity and probable cause. R. Doc. 44 at 9. But then she offers only two sentences of analysis. The first sentence is a restatement of her incomplete argument that the existence of a warrant should immunize her from liability, which does not even seek to engage with the exceptions to the independent intermediary doctrine. *Id.* at 9-10. The second is a bare conclusory statement, without analysis: "Chief Lafont further submits that her actions at all times were objectively reasonable under the circumstances known to her at the time, her actions were at all times supported by legal probable cause, and therefore, she is entitled to the protections of Qualified Immunity." *Id.* at 10. But just asserting that she acted reasonably is not a qualified immunity analysis.

Qualified immunity should be denied here. The Fifth Circuit has held that when a person is arrested for conduct that does not meet the criteria of a criminal statute, qualified immunity should be denied. In *Bailey v. Iles,* 87 F. 4th 275 (5th Cir. 2023), the Fifth Circuit addressed a case in which a plaintiff was arrested for terrorizing, despite his conduct not matching the statute. The Fifth Circuit rejected the defendant's argument that "the law was not clearly established, and that he is therefore entitled to qualified immunity, because there is no Fifth Circuit precedent addressing warrantless arrests pursuant to the Louisiana terrorizing statute." *Id.* at 287. The court

explained that the plaintiff did not "have to identify such a case to defeat qualified immunity" because it is beyond debate that an "arrest without probable cause violates clearly established law defining an individual's rights under the Fourth Amendment.'" *Id., citing Davidson v. City of Stafford*, 848 F.3d 384, 391 (5th Cir. 2017). The Fifth Circuit concluded that because the plaintiff's conduct did not violate the text of the statute, there was no probable cause – and therefore no qualified immunity. *Id.*

So too in *Rogers v. Smith*, 2023 U.S. App. LEXIS 20871 (5th Cir. Aug. 9, 2023) (*per curiam, unpub.*). In that case, the trial court denied qualified immunity because what Rogers was arrested for could not have possibly violated the state's criminal defamation statute. The Fifth Circuit affirmed within hours of oral argument (*id.*), and the Supreme Court denied certiorari (*Smith v. Rogers*, 144 S. Ct. 501 (2023)).

So too here. Ms. Pierce's conduct failed to match the criteria of the criminal statute. There was therefore no probable cause to arrest her. And under *Bailey* and *Rogers*, that should lead to the denial of qualified immunity. This Court should grant partial summary judgment.

**E. Under Chief Lafont's theory, the Golden Meadow Police Department should be arresting Chief Lafont's own lawyer on felony charges very soon.**

At the 30(b)(6) deposition, Chief Lafont testified on behalf of the Town of Golden Meadow that (1) it is still illegal to share the photos of Amber; (2) that anyone who shares the photos should be arrested; and (3) that Chief Lafont personally will seek an arrest warrant for anyone who shares the photos:

Q. Okay. So you still contend it is illegal to share the photos of Ms. Sibley that Dawn Pierce shared, correct?

A. Yes, sir.

Q. Is it illegal today as it was a year ago, correct?

A. Yes, sir.

Q. So anyone who shares those photos should be arrested, correct?

MR. DETWEILER:

Objection.

You may answer.

THE WITNESS:

Sure.

BY MR. MOST:

Q. That's a yes?

A. Yes.

Q. Okay, and so if it turns out anyone has shared those photos, will you seek an arrest warrant for their arrest?

MR. DETWEILER:

Objection.

THE WITNESS:

Yes, sir. [3]

But Chief Lafont's <u>own lawyer</u> has now publicly shared the photos – by filing them into the open record of this Court. See R. Doc. 45-4 and 45-5. If Chief Lafont's testimony is taken as serious and sincere, then she should be seeking a warrant for her own lawyer to be arrested on felony charges. But of course she will not do that. That would be absurd. But that absurdity is central to

[3] R. Doc. 38-10 at 16:19 to 17:17.

Chief Lafont's position: she contends that she was justified in arresting Dawn Pierce for sharing the very photos that Chief Lafont produced in response to a public records request, that she produced in discovery without a protective order, and now that Chief Lafont's lawyer has now shared in a public filing. Indeed, if Chief Lafont's testimony is to be believed, she should be arresting the Town's attorney, plaintiff's counsel, and her own lawyer.

This Court should reject that absurdity, and recognize the truth: the photos in no way meet the criteria of the criminal statute. Arresting Ms. Pierce for sharing them was a false arrest. Summary judgment should issue.

**F. Conclusion**

Given that Ms. Pierce shared photos that both were not private and did not show nipples or genitals, her arrest was without probable cause. Given the objective nature of the Fourth Amendment analysis, it does not matter what Chief Lafont claims to have subjectively perceived. This Court should grant partial summary judgment to Ms. Pierce on her Fourth Amendment claim.

Respectfully submitted,

*/s/ William Most*
HOPE PHELPS (La. Bar No. 37259)
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9865
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
*Counsel for Plaintiff, Dawn Pierce*