**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DAWN PIERCE,

Plaintiff

v.

TOWN OF GOLDEN MEADOW, et al.

Defendants.

Case No. 25-cv-02178-WJC-DPC

**Plaintiff's Response to Defendants' Proffered Facts**

| No. | Defendant's Proffered Facts | Plaintiff's Response |
|---|---|---|
| 1 | At all times pertinent herein, Chief Michelle Lafont ("Chief Lafont") was and is still the duly elected Chief of Police for the Town of Golden Meadow, Louisiana | Admitted. |
| 2 | On July 8, 2025, Chief Lafont was on duty and received a call to handle a complaint called in by Amber Sibley claiming that photos from her online Only Fans account had been screenshotted and posted on Facebook. | Admitted. |
| 3 | Chief Lafont called Amber Sibley who stated that she and her fiancé, Dylan Rouse, had made an Only Fans webpage which was a subscriber only private account and posted pictures of her in negligees. Amber Sibley further explained that someone who has an Only Fans account screen shotted pictures of her and sent them to Dawn Pierce without Amber Sibley's permission, then Dawn Pierce posted the photos to her Facebook page in retaliation against Amber Sibley and Dylan Rouse because she was mad at them. | Admitted, but immaterial: Chief Lafont testified that she understood the photos were public. R. Doc. 38-5 at 57:10-19. ("you understood that she was posting these lingerie photos in public to sort of advertise and invite people to subscribe to her nude content. Correct? . . . Yes, sir."); 56:9-15 ("Q Okay. So these are public posts by Amber Sibley. Correct? . . . As far as I can tell, yes.") |
| 4 | Amber Sibley explained that the Only Fans Account was a private subscriber account, the pictures of Amber Sibley posted by Dawn Pierce were obtained by Dawn Pierce from someone who had an account, the photos depicted Amber Sibley in revealing lingerie, Amber Sibley did not want the photos posted | Admitted but immaterial. The statute forbids the sharing of private photos that show genitals, which they did not. The statute does not criminalize re-posting against the subject's preferences generally. |

| | | |
|---|---|---|
| | on Facebook, and Amber Sibley had not given Dawn Pierce permission to post any of the photos of Amber Sibley that Dawn Pierce posted on Facebook. | |
| 5 | Chief Lafont reviewed the photos that Amber Sibley provided to Chief Lafont that Amber Sibley said had been taken from Amber Sibley's private Only Fans subscriber account and were posted on Facebook by Dawn Pierce without Amber Sibley's permission. Two of the photos of Amber Sibley dressed in a revealing bra and panties appeared to Chief Lafont to be "see through" to the point that portions of Amber Sibley's nipple could be seen in the two photos. The two photos of Amber Sibley wherein Chief Lafont perceived Amber Sibley to be dressed in a revealing bra and panties that appeared to Chief Lafont to be "see through" to the point that portions of Amber Sibley's nipple could be seen in the two photos are attached to Chief Lafont's affidavit as Exhibit "A" and "B." The same two photos were identified as Exhibit G, Exhibit M, Exhibit N and Exhibit ZP in the deposition of Chief Lafont. | Immaterial – the Fourth Amendment claim is based on an objective standard. *Whren v. United States*, 517 U.S. 806 (1996). So even if Chief Lafont somehow "perceived" nipples that do not exist, that does not impact the legal analysis. |
| 6 | During the investigation, Chief Lafont was unsure of whether posting these photos, which depicted Amber Sibley dressed in a revealing bra and panties that appeared to Chief Lafont to be see through and that portions of Amber Sibley's nipple could be seen, that were reported by Amber Sibley to be obtained from Amber Sibley's subscriber account and given to Dawn Pierce without Amber Sibley's permission and posted to Facebook by Dawn Pierce without Amber Sibley's permission had violated any Louisiana laws. Therefore, Chief Lafont contacted Lt. Ray Traigle of the Lafourche Parish Sheriff's Office and explained the situation. Lt. Traigle advised Chief Lafont of and sent Chief Lafont a copy of Louisiana R.S. 14:283.2 via email. | Chief Lafont's interactions with Lt. Traigle are admitted. |
| 7 | Chief Lafont reviewed the statute and determined that based upon Chief Lafont's | Immaterial – the Fourth Amendent claim is based on an objective standard. So even if |

| | | |
|---|---|---|
| | discussions with Amber Sibley and Chief Lafont's review of the photographs from Amber Sibley's subscriber account posted by Dawn Pierce without Amber Sibley's permission, that there was sufficient probable cause to believe that Dawn Pierce had violated La. R.S. 14:283.2 because Dawn Pierce, without permission from Amber Sibley, posted photos of Amber Sibley that Amber Sibley told Chief Lafont were available only on a private subscriber account, to Facebook that depicted Amber Sibley in lingerie that appeared to Chief Lafont to be see through to the point that Chief Lafont could see Amber Sibley's exposed nipple in two of the photos. | nipples "appeared to" Chief Lafont, that does not impact the legal analysis. |
| 8 | As a result, Chief Lafont drafted an Affidavit For Arrest Warrant in the Lafourche Parish online warrant system. The application was reviewed and approved by Judge Rebecca Robichaux of the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, who determined that there was probable cause for the arrest of Dawn Pierce for violation of La. R.S. 14:283.2 and thereby issued a warrant for Dawn Pierce's arrest dated July 8, 2025. | It is admitted that Judge Robichaux issued an arrest warrant based on Chief Lafont's false statements. |
| | Chief Lafont advised Golden Meadow Police Officer Tristin Gaspard, who was working the evening patrol shift in Golden Meadow on July 8, 2025, that an arrest warrant had been issued for Dawn Pierce, who resided in Lafourche Parish, and asked that he notify the Lafourche Parish Sheriff's Office of the warrant and ask if they would go to Dawn Pierce's residence to arrest her. | Admitted. |
| 10. | Chief Lafont was notified later that evening that Officer Gaspard and Sgt. Michael Kraemer of the Lafourche Parish Sheriff's Office went to Dawn Pierce's residence where Dawn Pierce was arrested by Sgt. Kreamer pursuant the arrest warrant issued by Judge Robichaux. | Admitted. |
| 11 | On July 8, 2025, Chief Lafont applied for the arrest warrant for Dawn Pierce to be arrested for violation of La. R.S. 14:283.2, because | Admitted but immaterial – because of the objective standard for Fourth Amendment |

| | | |
|---|---|---|
| | Chief Lafont believed at that time, based upon Chief Lafont's investigation, the information obtained from Amber Sibley and known to Chief Lafont at the time, and based upon Chief Lafont's perception of the images of Amber Sibley depicted in the photos showing Amber Sibley's nipple, that there was probable cause to arrest Dawn Pierce for violation of La. R.S. 14:283.2. | claims, Chief Lafont's idiosyncratic "beliefs" about nipples are irrelevant. |
| 12. | Chief Lafont's belief that there was sufficient probable cause was based on the information known to Chief Lafont from her investigation which revealed that Amber Sibley told Chief Lafont that Dawn Pierce obtained photos of Amber Sibley without Amber Sibley's permission; that Amber Sibley told Chief Lafont that the photos were private photos only available from her OnlyFans subscriber account; that Amber Sibley told Chief Lafont that Dawn Pierce posted these photos on Facebook without Amber Sibley's permission; that Amber Sibley asked Dawn Pierce to take the photos off of Facebook and Dawn Pierce refused; that the photos posted on Facebook of Amber Sibley by Dawn Pierce without Amber Sibley's permission depicted her in lingerie and in two of the photos, it appeared to Chief Lafont that the lingerie was see through and Amber Sibley's nipple could be seen in two of the photos posted by Dawn Pierce on Facebook without Amber Sibley's permission. Therefore, Chief Lafont believed at the time based on the information known to Chief Lafont and her perception of the two photos depicting Amber Sibley's nipple that there was sufficient probable cause to apply for an arrest warrant for the arrest of Dawn Pierce for violation of La. R.S. 14:283.2. | Immaterial – because of the objective standard for Fourth Amendment claims, Chief Lafont's idiosyncratic "beliefs" about nipples are irrelevant. |
| 13. | Amber Sibley never told Chief Lafont that any of these photos, especially the two photos that Chief Lafont perceived to show Amber Sibley's nipple were available anywhere else to the public on the internet or on any website where the photos might be viewed without a | Immaterial: Chief Lafont testified that she understood the photos were public. R. Doc. 38-5 at 57:10-19. ("you understood that she was posting these lingerie photos in public to sort of advertise and invite people to subscribe to her nude content. Correct? . . . Yes, sir."); |

| | | |
|---|---|---|
| | subscriber account to persons over the age of 18. Amber Sibley never told Chief Lafont that these photos including the two photos that Chief Lafont perceived to show Amber Sibley's nipple were available to persons over the age of 18 on "X" or Twitter as suggested by Plaintiff's Counsel. | 56:9-15 ("Q Okay. So these are public posts by Amber Sibley. Correct? . . . As far as I can tell, yes.")<br><br>The reference to "over the age of 18" has no relevance to any legal issue. |
| 14. | When Chief Lafont drafted the application and affidavit submitted for the Arrest Warrant, Chief Lafont did not intentionally choose to exclude information or intentionally include any information that was meant to deceive Judge Robicheaux or to falsely create probable cause where there was no probable cause. | Immaterial: the *Franks* standard addresses falsehoods and material omissions, and can cover reckless mistatements. It does not turn on subjective, intentional deceit. *Franks v. Delaware*, 438 U.S. 154 (1978).<br><br>A warrant will also not shield an officer from a suit where "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *See Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012). |
| 15. | When Chief Lafont drafted the application and affidavit submitted for the Arrest Warrant, Chief Lafont acted at all times in good faith and included the information that Chief Lafont believed was relevant to the issue of probable cause developed through Chief Lafont's investigation and included information that Chief Lafont perceived to be accurate and correct to the best of her personal knowledge and based on her investigation of the complaint and information received from Amber Sibley. Chief Lafont believed that Amber Sibley was telling me the truth and found no reason at that time to disbelieve the information that she provided. | Immaterial – because of the objective standard for Fourth Amendment claims, Chief Lafont's idiosyncratic "beliefs" and "perceptions" are irrelevant. |
| 16. | At the time that Chief Lafont received the complaint from Amber Sibley on July 8, 2025, Chief Lafont did not know Dawn Pierce; Chief Lafont had no prior knowledge of or contact with Dawn Pierce; and Chief Lafont did not apply for the arrest warrant or seek to have Dawn Pierce arrested for any malicious reason or to intentionally cause her any harm as alleged. | Immaterial – because of the objective standard for Fourth Amendment claims, Chief Lafont's malice or lack of malice is not relevant. |

| | | |
|---|---|---|
| 17. | During Chief Lafont's deposition that was held via Zoom teleconference and not in person, Plaintiff's Counsel showed Chief Lafont a number of images of Amber Sibley, including several different copies of the two photographs of Amber Sibley that Chief Lafont had identified as the photos of Amber Sibley that Chief Lafont believed revealed her nipple that served as the basis of Chief Lafont's decision to apply for and obtain the arrest warrant for Dawn Pierce. During the deposition, some of the various photos shown to Chief Lafont were not clearly visible at times and Plaintiff's Counsel wanted to know if at that time during the deposition whether Chief Lafont could see Amber Sibley's nipples. There were times during the deposition where the image shown to Chief Lafont on the laptop screen was not clearly visible or did not appear as it did to Chief Lafont on July 8, 2025, and at times during the deposition Chief Lafont could not see the exposed nipple in the photos as Chief Lafont had seen and perceived them on July 8, 2025 when Chief Lafont viewed actual printed out copies of the photos that Chief Lafont believed depicted Amber Sibley's exposed nipple and served the basis of Chief Lafont's belief that there was probable cause and Chief Lafont's decision to apply for the warrant. | Admitted that Chief Lafont has testified to seeing varying numbers of nipples – from zero to two – that no other law enforcement officer can see. |
| 18 | Chief Lafont conducted the entire investigation of Amber Sibley's complaint on July 8, 2025 by herself and Chief Lafont's decision to apply for and obtain the arrest warrant for Dawn Pierce was based upon Chief Lafont's investigation; Chief Lafont's review of the statute; Chief Lafont's good faith belief that the information provided to her by Amber Sibley was true, correct and complete; Chief Lafont's perception of the photos depicted in Exhibits A & B to her affidavit on July 8, 2025 and Chief Lafont's belief that Amber Sibley's nipple could be seen in the two photos; and Chief Lafont's good faith perception and belief | Immaterial – because of the objective standard for Fourth Amendment claims, Chief Lafont's idiosyncratic "beliefs" and "perceptions" are irrelevant. |

| | | |
|---|---|---|
| | that there was probable cause for the arrest of Dawn Pierce for violation of La. R.S. 14:283.2. | |
| 19. | Amber Sibley agrees that one of the photos posted to Facebook by Dawn Pierce without Amber Sibley's permission, the photo of her with her hands over her head, Exhibit N to her deposition, shows her nipples and she circled them when asked to do so by Plaintiff's Counsel. | Immaterial. Chief Lafont has never claimed Amber Sibley pointed out specific items of genitalia prior to Ms. Pierce's arrest. |
| 20. | Amber Sibley testified that she remembers Ex. N to her deposition being part of the OnlyFans subscription content and does not recall posting this photo on Twitter because her nipples were showing. She further testified that she would not have made this photo public since she felt her nipples were showing but she is not 100% sure. She does not recall if this one was on Twitter. | Immaterial. Regardless of Amber's recollection, Chief Lafont testified that she understood the photos were public. R. Doc. 38-5 at 57:10-19. ("you understood that she was posting these lingerie photos in public to sort of advertise and invite people to subscribe to her nude content. Correct? . . . Yes, sir."); 56:9-15 ("Q Okay. So these are public posts by Amber Sibley. Correct? . . . As far as I can tell, yes.") |
| 21 | Amber Sibley thinks she told Chief Lafont the pictures were on and came from OnlyFans, that people had to pay to see them; OnlyFans was a subscription website; she never gave permission to Dawn Pierce to post any of her photos; Amber Sibley was not even thinking of Twitter when she spoke to Chief Lafont. | Immaterial. Some photos were behind a paywall, but Chief Lafont conceded that the ones that were the basis for the arrest were public. R. Doc. 38-5 at 57:10-19. ("you understood that she was posting these lingerie photos in public to sort of advertise and invite people to subscribe to her nude content. Correct? . . . Yes, sir."); 56:9-15 ("Q Okay. So these are public posts by Amber Sibley. Correct? . . . As far as I can tell, yes.") |
| 22. | Amber Sibley does not believe she mentioned to Chief Lafont that the photos were available on Twitter 18 and over and only mentioned OnlyFans. | Immaterial. Chief Lafont testified that she understood the photos were public. R. Doc. 38-5 at 57:10-19. ("you understood that she was posting these lingerie photos in public to sort of advertise and invite people to subscribe to her nude content. Correct? . . . Yes, sir."); 56:9-15 ("Q Okay. So these are public posts by Amber Sibley. Correct? . . . As far as I can tell, yes.") |
| 23. | Dawn Pierce doesn't know Chief Lafont personally and never has; has never had any contact with Chief Lafont, never had any problems with Chief Lafont and has not seen or spoken to Chief Lafont prior to July 8, 2025. | Admitted. |

| | | |
|---|---|---|
| 24. | Amber Sibley did not give Dawn Pierce permission to post any of the photos. | Admitted, but not material: this is not an intellectual property case. |
| 25, | When Dawn Pierce went to Court on August 7, 2025 after her arrest, the District Attorney dismissed the charges but did not tell her why. | Admitted. |

Respectfully submitted,

*/s/ William Most*

HOPE PHELPS (La. Bar No. 37259)
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
*Counsel for Plaintiff, Dawn Pierce*